UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RONNIE E. DICKENS, on behalf of himself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **COMPLAINT - - CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | |

**NATURE OF ACTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices

than about any other issue."[1] In fact, in 2013, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

3. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

4. Pertinent here, the validation notice must advise the consumer of her rights to dispute the debt and to request, in writing, that the debt collector "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to the consumer. *Id.*, § 1692g(a)(4).

5. If the consumer disputes the debt in writing within thirty days of receiving such a notice, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mails the consumer a copy of that verification. *Id.*, § 1692g(b).

6. As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem

---

[1] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, Hernandez v. Williams, Zinman, & Parham, P.C., No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 12 (2014), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7. This case centers on the failure of GC Services Limited Partnership ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to consumers in Florida, or within five days thereafter.

## PARTIES

8. Ronnie E. Dickens ("Plaintiff") is a natural person who at all relevant times resided in Lakeland, Florida.

9. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card debt allegedly owed to Synchrony Bank (the "Debt").

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is a limited partnership based in Houston, Texas that holds itself out as one of the debt collection industry's leading business process outsourcing providers.

13. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

15. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

17. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## FACTUAL ALLEGATIONS

19. On or about December 24, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt. A true and correct copy of the relevant page of the December 24, 2015 communication is attached hereto as Exhibit A.

20. The December 24, 2015 communication was the first communication Plaintiff received from Defendant concerning the Debt.

21. Plaintiff did not receive any additional communications from Defendant within five days of the December 24, 2015 communication.

22. The December 24, 2015 communication to Plaintiff stated, "Your Sam's Club MasterCard Account, which was issued by and owed to Synchrony Bank, has been referred to us by our client for collection." *See* Ex. A.

23. The December 24, 2015 communication then advised Plaintiff, in pertinent part:

> As of the date of this letter, our records show you owe a balance of $7,573.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please contact us.  If you do not dispute this debt within 30 days after you receive this letter, we will assume the debt is valid.
>
> **However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.**

Ex. A (emphasis added).

24. The December 24, 2015 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt, or a copy of the judgment, if any, to him if he notified Defendant, *in writing,* that he disputed the Debt. *See Bishop v. Ross Earle & Bonan, P.A.*, No. 15–12585, --- F.3d ----, 2016 WL 1169064, at *5 (11th Cir. Mar. 25, 2016) ("We reject the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing.").

25. Further, Defendant's December 24, 2015 communications also violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide him the name and address of the original creditor, if different from the current creditor, if he notified Defendant of such request, *in writing*.

26. That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if the consumer disputes the debt in writing within the thirty-day period, and a debt collector need only provide the name and address of the original creditor if requested to do so by a consumer in writing within the thirty-day period.  By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiff's rights under the FDCPA.

27. Defendant's misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that validation of the debt, or a request for the name and address of the original creditor, could be obtained through an oral request, or by means other than in writing. Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

28. Indeed, failing to dispute the debt *in writing*, or failing to request the name and address of the original creditor, *in writing*, would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt and/or the original creditor's name and address, as requested.

29. As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011); *see also Bishop*, 2016 WL 1169064, at *8 ("The 'initial communication' alleged in this case states a claim under § 1692e because it misstates the law, omits a material term required by § 1692g(a), and misrepresents consumer rights under the FDCPA.").

6

## CLASS ACTION ALLEGATIONS

30.     Plaintiff bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> (a) All persons with a Florida address, (b) to whom GC Services Limited Partnership mailed an initial debt collection communication that stated: (1) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (2) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

31.     The proposed class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

32.     The proposed class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class. To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

33.     Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and

competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

35. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;
   b. Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;
   c. Whether Defendant is a debt collector as defined by the FDCPA;
   d. the existence of Defendant's identical conduct particular to the matters at issue;
   e. the availability of statutory penalties; and
   f. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(4)

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36.

38. The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\*\*\*\*\*

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

39. Defendant's December 24, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), and Defendant did not provide such disclosures within five days thereafter.

40. Specifically, the December 24, 2015 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the Debt to him, and a copy of any judgment, if he notified Defendant that he disputed the Debt, or any portion thereof, *in writing*.

41. As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5)

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36.

43. The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

\*\*\*\*\*

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44. Defendant's December 24, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), and Defendant did not provide such disclosures within five days thereafter.

45. Specifically, the December 24, 2015 communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide him the name and address of the original creditor, if different from the current creditor, if he notified Defendant of his request for that information *in writing*.

46. As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

### COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36.

48. The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49. Defendant's December 24, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5), and Defendant did not provide such disclosures within five days thereafter.

50. As a result, Defendant misstated the law, and misrepresented consumer rights under the FDCPA, in violation of 15 U.S.C. § 1692e.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

  a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

  b. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5) and 1692e;

  c. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. §1692k;

  d. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

  e. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

  f. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  March 31, 2016      Respectfully submitted,

              /s/ James L. Davidson

              James L. Davidson (Trial Counsel)
              Jesse S. Johnson
              Greenwald Davidson Radbil PLLC
              5550 Glades Road, Suite 500
              Boca Raton, FL 33431
              Tel: (561) 826-5477
              Fax: (561) 961-5684
              jdavidson@gdrlawfirm.com
              jjohnson@gdrlawfirm.com

              Counsel for Plaintiff and the proposed class