# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RONNIE E. DICKENS,

    Plaintiff,

v.                                         Case No: 8:16-cv-803-T-30TGW

GC SERVICES LIMITED
PARTNERSHIP,

    Defendant.

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. 18) and Plaintiff's Response in Opposition (Dkt. 20). The Court has considered these filings, the complaint, and the relevant law. For the reasons discussed briefly below, the Court concludes that the motion should be denied.

## BACKGROUND

In this collective action, Plaintiff Ronnie Dickens alleges that Defendant CG Services violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, by failing to adhere to certain debt-collection practices required by the Act. Among other violations, Dickens alleges that CG Services, a debt collector, failed to notify him and other similarly situated debtors that if they disputed their debt, they would have to notify CG Services in writing in order to trigger the requirement that CG Services "obtain verification of the debt or a copy of a judgment against the [debtor]" and mail "a copy of such verification or judgment" to the debtor. *See* Complaint, Dkt. 1, p. 2 (quoting 15 U.S.C. § 1692g(a)(4)). In short, Dickens alleges that by failing to specify that certain rights must

be exercised *in writing*, CG Services failed to comply with the Act. *See* Dkt. 1, p. 5, ¶ 26. Dickens alleges that this omission is material and gives rise to a cause of action. *See* Dkt. 1, p. 5, ¶ 24 (citing *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) ("We reject the notion that § 1692g gives the debt collectors discretion to omit the "in writing" requirement. . . .")).

CG Services now moves to dismiss the complaint on the grounds that Dickens lacks standing to sue, and, without it, the Court has no subject-matter jurisdiction. *See* Dkt. 18, p. 1. More specifically, CG Services argues that its alleged statutory violation caused Dickens only a hypothetical injury, not any actual harm, and thus Dickens did not suffer "an injury in fact," a constitutional prerequisite to standing. *See* Dkt. 18, p. 3 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)). As support for this proposition, CG Services cites the recent Supreme Court decision in *Spokeo v. Robins*, 136 S. Ct. 1540 (2016). According to CG Services' motion, the Court in *Spokeo* explained that "a pleading that points out an alleged failure to comply with a federal law, but fails to link any alleged failure to any actual harm to the plaintiff, fails to establish standing." Dkt. 18, p. 3 (citing *Spokeo*, 136 S. Ct. 1540).

CG Services' argument suffers from two significant flaws. First, it grossly misreads *Spokeo*. In that case, the plaintiff alleged a violation of the Fair Credit Reporting Act (FCRA) but did not plead any actual harm, and the Court remanded the case to the United States Court of Appeals for the Ninth Circuit because that court had failed to evaluate the two prongs of the Constitution's injury-in-fact requirement: particularity and concreteness. 136 S. Ct. at 1545. The Ninth Circuit, in holding that the plaintiff had standing, concluded only that the plaintiff adequately alleged a violation of *his* individual statutory rights,

without evaluating whether that injury—i.e. the particularized FCRA violation—was concrete. *Id.* (emphasis in original). The Court merely held that "[t]his analysis was incomplete." *Id.* It took "no position as to whether the Ninth Circuit's ultimate conclusion—that [the plaintiff] adequately alleged an injury in fact—was correct." *Id.* at 1550.

This holding is a far cry from the one GC Services advances. In fact, before remanding the case, the Court reaffirmed three important principles of its standing jurisprudence: first, that "concrete" is not synonymous with tangible, *id.* at 1549 (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009); second, "that Congress may 'elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law,'" *id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992); and third, that the risk of harm alone can satisfy the requirement of concreteness, *id.* (citing *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013). On these principles, "an alleged failure to comply with a federal law," as CG Services describes Dickens's complaint, may indeed be enough to confer standing. *Spokeo* in no way stands for the proposition that it is not.

The second flaw in CG Services' argument is that it takes no account of *Church v. Accretive Health, Inc.*, --- F. App'x. ---, 2016 WL 3611543 (11th Cir. July 6, 2016), a more recent decision from the Eleventh Circuit, a decision that, citing *Spokeo*, found that standing existed in a case nearly identical to this one. In that case, the allegation was the same one Dickens makes here: that the defendant debt collector did not include in its correspondence with the plaintiff certain disclosures required by the FDCPA. *Id.* at *1. Noting that standing is a jurisdictional threshold courts must evaluate, the court first found

3

that Congress, through the FDCPA, entitled the plaintiff to certain information, and thus an alleged invasion of this right is not hypothetical or uncertain. *Id.* at 3. It may not result in tangible economic or physical harm, the court noted, but neither does constitutional standing. *Id.* (citing *Spokeo*, 136 S. Ct. at 1549). When the plaintiff alleged that the defendant failed to provide information she was entitled to receive, the Court concluded, she alleged a congressionally elevated cognizable injury. *Id.* She alleged, in other words, a concrete injury.

Though unpublished, this Court is convinced that the Eleventh Circuit's *Church* opinion is a more nuanced application of *Spokeo* and the principles underlying it. It is also directly on point. In the face of that persuasive authority, the Court will not read *Spokeo* as denying Dickens standing here. As the plaintiff did in *Church*, Dickens adequately alleged an injury in fact. He has standing and the Court has jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. 18) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of July, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4