UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE E. DICKENS,
on behalf of himself and others similarly
situated,

          Plaintiff,

    v.

GC SERVICES LIMITED PARTNERSHIP,

          Defendant.

Civil Action No. 8:16-cv-00803-JSM-TGW

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

With all due respect to this Court and its Order denying Defendant, GC Services Limited Partnership's, Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Dkt. 18 and 23, respectively), Defendant continues to believe and respectfully assert that the named Plaintiff, Ronnie E. Dickens, lacks standing and for similar reasons expressed herein that the purported class members lack standing as well.

The Court should deny Plaintiff's motion for class certification because, as a threshold matter, the named Plaintiff lacks standing to bring this suit and, therefore, to confer subject matter jurisdiction and, even if, *arguendo*, Plaintiff had standing, his proposal to certify a class does not satisfy the requirements of Rule 23(a) of the Federal Rules of Civil Procedure and his motion does not meet the requirements for class certification under Rule 23(b). Accordingly, the Court should deny Plaintiff's motion for class certification and appointment of class counsel, (Dkt. 27), for the following reasons, alone or in combination:

## BACKGROUND

Plaintiff filed this lawsuit on April 4, 2016 as a potential class action claiming Defendant's debt collection practices violated the Fair Debt Collection Practices Act (the "FDCPA" or "Act"). The named Plaintiff is an individual residing in Florida, who purchased items using his credit card issued by Synchrony Bank. Dkt. 1, at ¶¶ 8-10. When Plaintiff failed to pay his debt owed to Synchrony Bank, Synchrony Bank retained Defendant to collect the debt.

In its attempts to collect Plaintiff's debt owed to its client, Synchrony Bank, Defendant sent a personalized letter to Plaintiff (the "Letter"), which stated in relevant part:

> However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

Dkt. 1, at Exhibit A. It is this wording contained in the Letter, a copy of which is attached to the Complaint, about which Plaintiff complains. *Id*.

The FDCPA requires debt collectors to send the consumer a written "validation" notice informing the consumer of his or her right to obtain from the debt collector verification of the debt or a copy of a judgment against the consumer by notifying the debt collector in writing, within 30 days after receipt of the notice, that the consumer disputes the debt, or any portion thereof. 15 U.S.C. § 1692g(a)(4). The FDCPA also requires the written validation notice inform the consumer of his or her right to obtain from the debt collector the name and address of the original creditor, if different from the current creditor, by notifying the debt collector in writing of such a request within the 30-day period. 15 U.S.C. § 1692g(a)(5).  In this case, the Letter allegedly received by Plaintiff was the written validation notice, and it complied with the statutory requirements to give such notices. Dkt. 1, at Exhibit A.

Plaintiff alleges, albeit inaccurately, that the Letter misstated the method for disputing Plaintiff's debt and requesting the name and address of his original creditor. Dkt. 1, at ¶¶ 24-25. Specifically, Plaintiff claims the Letter violated 15 U.S.C. § 1692g(a)(4) because it did not "inform Plaintiff that Defendant need only mail verification of the debt, or a copy of the judgment, if any, to him if he notified Defendant, *in writing*, that he disputed the Debt." Dkt. 1, at ¶ 24 (emphasis in original). Plaintiff also claims the Letter violated 15 U.S.C. § 1692g(a)(5) because the Letter did not "inform Plaintiff that Defendant need only provide him the name and address of the original creditor, if different from the current creditor, if he notified Defendant of such request, *in writing*." Dkt. 1, at ¶ 25 (emphasis in original). However, while this may be a correct statement of Defendant's *minimal* obligations under the statute, it is undeniably incorrect for Plaintiff to contend that a written communication was, *in fact*, the only means of obtaining Defendant's compliance in response to such a dispute or request from Plaintiff or any member of the putative class. Indeed, the undisputed evidence, specifically the Declaration of Mark Schordock, submitted as Exhibit A, clearly disproves Plaintiff's assertion of a hypothetical violation under either provision of the Act.

Wholly disregarding those facts, but based on those allegations, Plaintiff has moved to certify a class under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank," (3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Dkt. 27, at p. 1. As discussed herein, Plaintiff does not have standing to bring this suit and, if he has standing, he fails in his burden to demonstrate a basis for class certification under Rules 23(a) and (b) of the Federal Rules of Civil Procedure.

## STANDARD FOR CLASS CERTIFICATION

The Supreme Court has directed that, before certifying a class, district courts must conduct a "rigorous analysis" of the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. *General Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982). The Eleventh Circuit has held that district courts have broad discretion in deciding whether to certify a class, but that courts must exercise that discretion within the framework of Rule 23. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004), *cert. denied*. "The initial burden of proof to establish the propriety of class certification rests with the advocate of the class." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000). In order for an action to fall under Rule 23, a party "must affirmatively demonstrate his compliance" with the Rule. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551 (2011)).

Here, Plaintiff fails to satisfy his burden to show the propriety of class certification. For example, noticeably absent from Plaintiff's motion for class certification is any analysis of whether Plaintiff has proposed a class that is adequately defined and clearly ascertainable in which he is a member. This is essential because, "[b]efore delving into the 'rigorous analysis' required by Rule 23, a court first should consider whether a precisely defined class exists and whether the named plaintiffs are members of the proposed class." *LaBauve v. Olin Corp.*, 231 F.R.D. 632, fn. 64 (S.D. Ala. 2005). Although Rule 23 does not explicitly identify these requirements, one necessary element is that there must be a "class." 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1760 (3rd ed. 2006). Important elements of defining a class include: (1) specifying a

particular group that was harmed during a particular time frame, in a particular location, in a particular way; and (2) facilitating a court's ability to ascertain its membership in some objective manner. *Id*.

After meeting the threshold issue of a readily identifiable class, the party seeking class certification must meet all four requisites of Rule 23(a) - numerosity, commonality, typicality, and adequacy of representation - before a class can be certified. Fed. R. Civ. P. 23(a); *Grillasca v. Hess Corp.*, No. 8:05-cv-1736-T-17-TGW, 2007 U.S. Dist. LEXIS 53356, *18 (M.D. Fla. July 24, 2007) (Wilson, J.). "One of the provisions of Rule 23(b) must also be concurrently met with the requirements of 23(a)." *Grillasca*, 2007 U.S. Dist. LEXIS 53356, at *7. Here, after the Court analyzes the Rule 23(a) factors, the Court should analyze Plaintiff's motion for class certification under Rule 23(b)(3), as Plaintiff has pled in his Complaint, Dkt. 1, ¶ 30, and motion, Dkt. 27, p. 4.

### ARGUMENT & AUTHORITIES

**Class certification should be denied and this entire action dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing to bring suit.**

Threshold individual standing is a prerequisite for all actions, including class actions. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "A potential class representative must demonstrate individual standing vis-à-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). Thus, in this matter, before the Court analyzes whether the named Plaintiff has satisfied the criteria of Rule 23 with respect to the absent putative class members, the Court must first determine whether Plaintiff has standing to bring this suit for himself. As the recent decision of the Supreme Court in *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016), makes clear, he does not.

A person has constitutional standing to bring a suit in federal court if, among other things, he or she has "suffered an injury in fact." *Spokeo*, 136 S. Ct. at 1547. In *Spokeo*, the plaintiff asserted

he could satisfy the injury in fact requirement without alleging any concrete harm. That is, just as the Plaintiff does in the instant case, the plaintiff in *Spokeo* maintained that his allegation of a violation of "his statutory rights" sufficed to establish injury in fact. Writing for the majority and rejecting such an assertion, Justice Alito explained that an "[i]njury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id*. at 1548 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997)). That is, a statutory violation alone is insufficient for purposes of establishing constitutional standing.  Rather, to "establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)). The *Spokeo* Court explained further that, to qualify as "concrete," an injury "must actually exist," and it must be "'real' and not 'abstract.'" *Id*. at 1548. This means that a plaintiff does not automatically satisfy the injury in fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1548.  Instead, "**Article III standing requires a concrete injury even in the context of a statutory violation**." *Id*. at 1548 (emphasis added). Accordingly, a "bare procedural harm" under a federal statute, "divorced from any concrete harm," as Plaintiff alleges here, does not "satisfy the injury in fact requirement." *Id*. at 1548; see also *Khan v. Children's Nat'l Health Sys.*, 2016 U.S. Dist. LEXIS 66404, 2016 WL 2946165, at *7 (D. Md. May 19, 2016) (applying *Spokeo* to find lack of standing involving various alleged violations of statutes in connection with a data breach where plaintiff failed to show the breach caused an actual injury).

Following *Spokeo*, the district court in *Sartin v. EKF Diagnostics, Inc.*, 2016 U.S. Dist. LEXIS 86777, 2016 WL 3598297, at *3 (E.D. La. July 5, 2016), dismissed Telephone Consumer

Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("TCPA"), claims under Rule 12(b)(1). *Id*. There, and similar in content, although more briefly stated, the court found the plaintiff's only reference within his complaint "to any kind of injury appears in a single sentence, which states that defendants' failure to comply with the TCPA's requirements 'caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages.'" *Id*. To be sure, dismissal of claims alleging no more than statutory violations, as the plaintiff in *Spokeo* claimed *and as Plaintiff asserts in the case at bar*, have come quickly and consistently in light of the clear ruling based on facts similar to those rejected in *Spokeo* as creating standing. See also *Stoops v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 82380, 2016 WL 3566266, at *9 (W.D. Pa. June 24, 2016) (dismissing TCPA claims in light of *Spokeo* where plaintiff failed to plead any injury beyond a statutory violation).

In *Dolan v. Select Portfolio Servicing*, No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201 (E.D.N.Y. Aug. 2, 2016), addressing standing to sue for alleged violations of various provisions of 12 U.S.C. §§ 2601-2617, the Real Estate Settlement Procedures Act ("RESPA"), the court was required to apply the distinction between statutorily-granted standing for public interest causes of action as opposed to individual claims, such as those advanced by Plaintiff in the instant case, as differentiated in *Spokeo*.

In a well-reasoned and well-supported opinion, the court in *Dolan* explained that *Spokeo* affirms "the principle that a claim of a bare procedural statutory violation will be insufficient to confer standing, except in situations where Congress clearly intended to create a right to bring suit regardless of the existence or non-existence of actual harm, such as the Supreme Court found with respect to the statutes at issue in *Public Citizen*[1] and *Akins*[2]." *Dolan*, at *24. This important

---

[1] *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 109 S. Ct. 2558 (1989).

distinction is clear from the Supreme Court's majority opinion in *Spokeo* as well as Justice Thomas'

more thorough explication in his concurring opinion.

Specifically, in *Dolan*, the Court distinguished between Congress' intent to create such

public standing for claims under 12 U.S.C. § 2607, because that provision was clearly intended to

benefit the public at large to create such a right, whereas claims under 12 U.S.C. § 2605 are for

individual, not public, harms, similar to those of which Plaintiff complains here under the FDCPA.

Specifically, the Court explained:

> [i]n contrast to Section 2607, the conduct that Section 2605 seeks to
> regulate does not implicate the type of diffuse, intangible injury at
> issue in *Akins* and *Public Citizen*, but rather seeks to redress actual
> damages caused by the failure of one private party, *i.e.*, a loan
> servicer, to provide specific information to another private party, *i.e.*,
> a borrower.

*Dolan*, at *16.

Hence, and as required in light of *Spokeo*, the court in *Dolan* held the plaintiff lacked

standing to pursue claims brought under § 2605 of the statute in the absence of anything more than

an asserted violation of the notification requirements of the statute. As the *Dolan* opinion makes

quite clear, the answer to the question of standing, where, as in the case at bar, a plaintiff alleges

only a violation of an individual right to a notice but absolutely no resulting actual injury caused by

an alleged failure does not create standing. This point is indeed obvious from the Supreme Court's

opinion, *including Justice Ginsburg's dissenting opinion*, in *Spokeo*, as no writer focused on the

simple question of whether a notice statute may have been violated, but, as the *Dolan* court

explained, mandated a more finite approach to the question based on the specific federal statute at

---

[2] *FEC v. Akins*, 524 U.S. 11, 118 S. Ct. 1777 (1998).

issue. In the instant case, the FDCPA provision at issue presents the same type of individual

protection as § 2605 of RESPA and the FCRA provision raised by the plaintiff in *Spokeo*.

Indeed, recognizing the distinction the Supreme Court drew in *Spokeo*, as explained in

greater detail in Justice Thomas' concurring opinion, the *Dolan* court specifically criticized the dicta

within the opinion of the Eleventh Circuit in *Church*.[3]  Explaining the inaccurate conclusion stated

by the panel in dicta in *Church*, which appears to have been based upon *the very logic applied by the*

*Ninth Circuit rejected by the Supreme Court*, the judge in *Dolan* explained that she:

> respectfully disagrees with [the decision in *Church*], based on this
> Court's conclusion that the cases cited in *Spokeo* as examples of
> intangible harm sufficient to confer standing, *i.e.*, *Akins* and *Public
> Citizen*, involved interests of much greater and broader significance
> to the public than those at issue in *Church*. … In short, the Court
> rejects the view that *Spokeo* established the proposition that *every*
> statutory violation of an "informational" right "automatically" gives
> rise to standing.

*Dolan*, at fn. 7 (emphasis in original).

The Supreme Court took the exact same position in *Spokeo*; otherwise, it would not have

criticized the Ninth Circuit's application of the same logic in reversing that court's decision on the

very issue.

Here, Plaintiff alleges no more than *hypothetical*, procedural violations of a federal statute

without any showing that the hypothecated violations caused Plaintiff harm or any material risk of

harm. Tellingly, and just like the plaintiff in *Sartin, Plaintiff fails to provide any specific information*

*in his Complaint regarding the harm*, if any, that has befallen him so as to demonstrate his standing.

Instead, Plaintiff *suggests* harm from no more than the *possibility* of a violation of the FDCPA. This

gap is most apparent, and the lack of concrete injury becomes undeniable as, within his own

---

[3] *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016).

Complaint, Plaintiff asserts no more than Defendant's alleged misstatement contained in the Letter regarding the rights afforded by the FDCPA "*could* lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA," Dkt. 1, ¶ 27 (emphasis added). The statement of mere *potential injury* – particularly expressed as such - is not the sort of "concrete" injury necessary to seek redress in federal court. *Spokeo,* 136 S. Ct. at 1549.  Accordingly, Plaintiff's motion for class certification should be denied because he lacks standing to bring suit.

**Class certification should be denied because Plaintiff has failed to propose an adequately defined and clearly ascertainable class in which he is a member.**

Before establishing the explicit requirements of Rule 23(a), a plaintiff must first establish that the proposed class is adequately defined and clearly ascertainable.  *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1303-04 (11th Cir. 2012). This threshold issue of "ascertainability," relates to whether the putative class can be identified: "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon Cnty. Greyhound Park, Inc*., 562 F. App'x 782, 787 (11th Cir. 2014). These "objective criteria" should be "administratively feasible," meaning that the identification of class members should be "a manageable process that does not require much, if any, individual inquiries." *Id*. (citation omitted) (reversing district court decision finding ascertainability satisfied where class could be identified by reference to the defendant's records). The district court must be satisfied that this requirement can be met even before delving into the rigorous analysis of the Rule 23 elements. See *id*. If a plaintiff fails to demonstrate that the putative class is clearly ascertainable, then class certification is properly denied. *See Walewski v. Zenimax Media, Inc*., 502 F. App'x 857, 861 (11th Cir. 2012) (holding that district court denying class certification because the class was not adequately defined or clearly ascertainable did not abuse its discretion and commit a clear error of judgment).

Even though this Court has found Plaintiff has standing to sue for himself, this case is not, and will not be, appropriate for class treatment because Plaintiff's proposed class is not adequately defined and clearly ascertainable. More specifically, in light of the clear mandate explained in *Spokeo* to demand proof of an actual, concrete injury for each and every claimant to have standing, *extensive* inquiry would be required to determine whether each alleged, absent class member has an actual, concrete injury *of his or her own*, and thus standing to bring suit, a threshold prerequisite to be a member of any putative class. Indeed, the Supreme Court has indicated that "Rule 23's requirements must be interpreted in keeping with Article III constraints." *Amchem Prods. v. Windsor*, 521 U.S. 591, 612-13, 117 S. Ct. 2231 (1997); see also *Walewski*, 502 F. App'x at 861 (finding no abuse of discretion where certification was denied in part because the class "impermissibly includes members who have no cause of action as a matter of law").

In order for a class to be certified, each member must have standing and show an injury in fact that is traceable to the defendant and likely to be redressed in a favorable decision. *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010). Although federal courts "do not require that each member of a class submit evidence of personal standing," a class cannot be certified if it contains members who lack standing. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263-64 (2d Cir. 2006). A class "must therefore be defined in such a way that anyone within it would have standing." *Denney*, 443 F.3d at 264 (emphasis added).

The Supreme Court has recognized as a threshold issue implicit in Rule 23, *which Plaintiff has wholly failed to address in his motion for class certification, reason enough for the Court to deny the motion*, that the named plaintiff seeking certification must propose an identifiable class in which he is a member. *General Telephone Co. v. Falcon,* 457 U.S. 147, 156, 102 S. Ct. 2364, 2370 (1982). "A class representative must be part of the class and possess the same interest **and suffer**

**the same injury** as the class members." *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403, 97 S. Ct. 1891, 1896 (1977) (internal quotations omitted) (emphasis added). Recognizing this implicit, threshold requirement in Rule 23, the Eleventh Circuit held, "Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is adequately defined and clearly ascertainable." If the plaintiff's proposed class is adequately defined and clearly ascertainable, the plaintiff must then establish the four requirements listed in Federal Rule of Civil Procedure 23(a)." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (internal quotations omitted).

In the present case, numerous factual disputes concerning whether each proposed class member has suffered the requisite "concrete and particularized" harm or risk of harm to have standing to bring suit would result in subjective mini-trials of each putative class member and thus make certification improper. Moreover, Plaintiff's proposed class definition fails to provide specificity and an objective manner of determining whether *all* the members of the proposed class have standing to bring suit.

Plaintiff's purported class includes all persons with a Florida address to whom Defendant mailed a letter containing the same, relevant language found in the Letter about which Plaintiff complains. However, - and this is fatal to his motion - Plaintiff has not alleged that *all* of the putative class members actually *received*, let alone *opened and read*,[4] the letter in question *or* that they have suffered any specific injury, let alone a "concrete and particularized" injury caused by the receipt of such a letter. Instead, Plaintiff merely pled that, because the proposed class members *may have* received, but without regard to whether they actually *opened and read*, the letters which contained language Plaintiff contends violated the FDCPA, they are entitled to statutory damages without any

---

[4] Plaintiff's hypothetical theory of *possible* injury to allege standing can not apply to anyone who never actually read the letter.

allegation of suffering an actual "concrete and particularized" injury. To be sure, the *only* mention in

the Plaintiff's *entire* Complaint that Plaintiff and the proposed class members sustained any injury at

all is a wholly perfunctory and conclusory line:

> To be sure, the claims of Plaintiff and all of the members of the class
> originate from the same conduct, practice and procedure on the part
> of Defendant, and Plaintiff possesses the same interests and has
> suffered the same injuries as each member of the proposed class.

Dkt. 1, ¶ 32.  Nowhere else in the entire Complaint is "injury" or "harm" mentioned, much less any

description of these "same injuries" allegedly "suffered" by Plaintiff and "each member of the

proposed class."

Simply put, Plaintiff's proposed class definition fails to define a class that is adequately

defined and clearly ascertainable because it is impossible to ascertain who (1) actually received the

letter, (2) then, actually opened the letter, (3) then, actually read the letter, and (4) for those proposed

class members who did, suffered the requisite "concrete and particularized" injury to have standing

to bring suit. Importantly, the only people who, in theory, *could have* suffered the requisite "concrete

and particularized" injury would be those who contacted Defendant by some non-written means to

dispute their debt or request the name and address of their original creditor *after* having actually

received, opened, and read the letter. But, even if, *arguendo*, there exists people who fit into that

narrow category, those people still *could not have suffered any injury* because, as evidenced by the

attached Declaration of Mark Schordock, it was Defendant's policy to treat non-written disputes and

requests received from consumers the same as written disputes and requests. See Exhibit A. The

difficulties inherent in identifying which of the proposed class members actually contacted

Defendant by some non-written means after having received, opened, and read the letter, present

serious administrative burdens that are inconsistent with the efficiencies expected in a class action.

Many of the benefits that are the hallmark of a proper class action would be lost if the Court were

required to make individual factual inquiries in order to determine the members of the proposed class.

The Plaintiff's failure to establish an adequately defined and clearly ascertainable class alone is a basis on which the Court may, and should, deny certification. Nevertheless, Defendant will proceed to analyze the application of Rule 23(a) and show there is no merit in Plaintiff's class allegations.

**Plaintiff has failed to satisfy the numerosity requirement.**

Rule 23(a)(1) requires the proposed class be so numerous that joinder of all members is impracticable. This is often referred to as the numerosity requirement. "The numerosity requirement should not be applied in a yardstick fashion-i.e. whether 25 class members are enough or too few to satisfy Rule 23(a)(1)." *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986) (Melton, J.).

Here, Plaintiff has failed to meet his burden of demonstrating the number of persons he seeks to represent *and who actually have standing to sue*. All of the persons referenced in Plaintiff's motion for certification to whom Defendant mailed a letter containing the language at issue, without regard to whether those persons actually received, opened, and read the letter, and then contacted Defendant by some non-written means to dispute their debt or request the name and address of their original creditor, are disputed members of the proposed class. Plaintiff correctly states that Defendant sent approximately 9000 such letters to addresses in Florida, but he does not identify any means by which the Court may create a class of people who actually *received,*[5] *opened, and read* the letter, and then contacted Defendant by some non-written means to dispute their debt or request the name and address of their original creditor, the only means by which any putative class member

---

[5] Plaintiff suggests his proposed class excludes persons whose letters were "returned as undeliverable to GC Services," Dkt. 27, p. 1, but he fails to show that such a definition will exclude actual non-recipients, let alone the potentially thousands of people who may have received the letter but never opened or read it, the only way they could have been "injured" based on Plaintiff's allegations.

could have suffered even a (legally insufficient) statutory violation, let alone the requisite actual, concrete injury necessary to have standing.

In attempting to meet the numerosity requirement, Plaintiff states in his motion for class certification that Defendant should possess a list of the names and addresses of the 9,682 persons within Florida to whom Defendant mailed the letter in question. Dkt. 27, p. 4. However, neither Plaintiff nor Defendant can identify who actually received, opened and read the letter in question, let alone who suffered any injury thereby from then contacting Defendant by a non-written means, since only people who wished to dispute their debt or request the name and address of their original creditor would be affected by the language of which Plaintiff complains. The numerosity requirement has not been met because, as explained *supra*, Plaintiff has wholly failed to allege that any member, much less all, of the proposed class has received, opened and read the letter or that any who did suffered the requisite "concrete and particularized" injury to have standing to bring suit. For this reason, the Court should find that Plaintiff has failed to meet the numerosity requirement with regard to the proposed class.

**Plaintiff has failed to satisfy the commonality requirement.**

Rule 23(a)(2) provides that, in order for a class to be certified, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court has held, "What matters to class certification ... is not the raising of common questions-even in droves-but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Dukes*, 131 S. Ct. at 2551. Here, Plaintiff asserts the commonality requirement is satisfied because the question common to all members of the proposed class is whether the letters at issue, which were mailed to the proposed class regardless of whether, like the Plaintiff, any potential class member actually received, opened, and read the letter, violated the FDCPA. Dkt. 27, pp. 8-9.

Regardless of the fact that Plaintiff would pose this single question, it is clear that even an affirmative answer would not advance the litigation because the question posed ignores the overarching problem as to whether each proposed class member suffered the requisite "concrete and particularized" injury as a result of contacting Defendant by some non-written means to dispute his or her debt or request the name and address of their current creditor after having received, opened, and read the subject letter.  It is only with individualized inquiry that the standing of each proposed class member can be determined.  It is also obvious that questions relevant to establishing whether each putative plaintiff suffered the requisite "concrete and particularized" injury to have standing would necessarily predominate over any common issues, thus negating the requirement of Rule 23(b)(3). Accordingly, the commonality requirement has not been met.

**Plaintiff has failed to satisfy the typicality requirement.**

Rule 23(a)(3) requires that the claims of the representatives be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Typicality limits the class claims to those fairly encompassed by the named Plaintiff's claims. *General Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). In *Williams v. Mohawk Indus.*, 568 F.3d 1350, 1357 (11th Cir. 2009), the Eleventh Circuit stated, "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)." While commonality is concerned with the group's characteristics as a whole, typicality "refers to the individual characteristics of the named plaintiff in relation to the class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1275 (11th Cir. 2009).

In this case, the typicality requirement fails for reasons similar to those discussed *supra* with respect to the commonality requirement.  In the Complaint, the named Plaintiff wholly fails to allege an injury, much less a "concrete and particularized" injury.  As emphasized above, the *only* mention in the *entire* Complaint that Plaintiff and the proposed class members sustained *any* injury at all is

the one, empty sentence, "To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class." Dkt. 1, ¶ 32. Even Plaintiff's motion for class certification glosses over the typicality requirement, steering clear of any discussion related to injury to the named Plaintiff or the proposed class. Dkt. 27, pp. 9-11.

If the named Plaintiff does not make known the injuries he allegedly sustained as a result of Defendant's conduct, which he has not, how can the typicality prong of class certification be evaluated?  In other words, without knowing Plaintiff's alleged injuries, how can it be determined whether those injuries arose from or are directly related to Defendant's alleged wrongful conduct to the proposed class, including the named Plaintiff?  It cannot be done.  Plaintiff has failed to satisfy the typicality requirement.

**Plaintiff has failed to satisfy the adequacy requirement.**

Rule 23(a)(4) permits a class to be maintained only if "the representative parties will fairly and adequately protect the interests of the class." The Eleventh Circuit held, "This adequacy of representation analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms.*, Inc., 350 F.3d 1181, 1189 (11th Cir. 2003). "If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate." *Id.*  See 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Proc.* § 1768, at 326 (2d ed. 1986) ("It is axiomatic that a putative representative cannot adequately protect the class if his interests are antagonistic to or in conflict with the objectives of those he purports to represent.").  "A fundamental conflict exists where some party members claim

to have been harmed by the same conduct that benefitted other members of the class. In such a situation, the named representatives cannot vigorously prosecute the interests of the class through qualified counsel because their interests are actually or potentially antagonistic to, or in conflict with, the interests and objectives of other class members." *Valley Drug Co.*, 350 F.3d at 1189.

Plaintiff has not satisfied the adequacy requirement because fundamental conflicts exist because it is certainly conceivable some putative class members will claim to have been harmed by the same conduct that benefitted other members of the class. Of the 9,000+ proposed class members, it is by no means inconceivable that many of them upon receiving the Letter *benefitted* from it, notwithstanding its alleged deficiencies, by still writing or even contacting Defendant by some non-written means to dispute their debt, or request the name and address of the original creditor, and *receiving from Defendant verification of the debt and/or the name and address of their original creditor*.  See Exhibit A, Declaration of Mark Schordock.

**Plaintiff has failed to satisfy the requirements of Rule 23(b)(3).**

Plaintiff seeks class certification under Rule 23(b)(3). Dkt. 1, ¶ 30; Dkt. 27, p. 4. Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). However, as the Eleventh Circuit has determined, "[c]ommon issues will not predominate over individual questions if, as a practical matter, the resolution of an overarching common issue breaks down into an unmanageable variety of individual legal and factual issues. Certification is inappropriate if the plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims. The predominance inquiry requires an examination of the claims, defenses, relevant facts,

and applicable substantive law to assess the degree to which resolution of the classwide issues will further each individual class member's claim against the defendant." *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009).

"Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast*, 133 S. Ct. at 1432. Indeed, a district court conducting a Rule 23(b)(3) inquiry is obligated to take a "close look" at whether common questions predominate. *See id.*

As discussed *supra* in the section covering commonality, individual questions regarding the proposed class members' standing to bring suit overwhelm any questions common to the class, thus defeating class certification. In this case, in order to have standing, an individual would have to prove he or she suffered the requisite "concrete and particularized" injury as a result of receiving, opening, and reading one of the subject letters and, then, contacting Defendant by a non-written means to dispute their debt or request the name and address of their original creditor. Plaintiff alleges he and each proposed class member have somehow suffered what can be best described as an abstract injury as a result of receiving a letter from Defendant which did not contain language explaining that in order to receive verification of their debt, or a copy of a judgment, their dispute of the debt had to be in writing, and that in order to receive the name and address of their original creditor, such a request had to be in writing. However, it is certainly conceivable some of the 9,000+ proposed class members upon receiving the subject letter threw it away unopened, just as some may have nevertheless *written* to Defendant to dispute their debt, or request the name and address of the original creditor, and *received from Defendant verification of the debt, a copy of a judgment, and/or the name and address of their original creditor*. Thus, some proposed class members may not have suffered any injury and, therefore, not have standing. Moreover, the proposed class members with standing cannot be readily identified absent an addressee by addressee review.

In this case, individualized proof of the action or inaction of each proposed class member upon his or her receipt of the subject letter from Defendant is necessary to determine whether he or she suffered the requisite "concrete and particularized" injury to have standing to bring suit. When such individualized proof of standing is involved, it eliminates the efficiencies associated with adjudicating claims on a class-wide basis. Accordingly, individual issues heavily predominate over any common issues that may exist, making this action inappropriate for certification under Rule 23(b)(3).

**If the Court grants Plaintiff's motion for class certification, the class should be expanded to a nationwide class or, in the alternative, consolidated with all proposed class members across all the pending lawsuits filed by Plaintiff's counsel against Defendant involving the letters at issue here.**

The letters at issue in this case were mailed to consumers across the country. On November 5, 2015, five months before this case was filed, Plaintiff's counsel filed a lawsuit against Defendant currently pending in the Western District of Kentucky which involves the letters at issue here, and is essentially identical to the issues in this case. The case is styled 3:15-cv-00819-DJH; *Wilbur Macy and Pamela J. Stowe v. GC Services Limited Partnership*. 15 U.S.C. § 1692k(a) states in relevant part:

> (a) **Amount of damages**. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)
> > (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
> >
> > (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual

recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

Under 15 U.S.C. § 1692k(a), Plaintiff's counsel should not be permitted to bring successive, piecemeal class actions against Defendant for the same, alleged course of conduct in the various federal districts across the country. Accordingly, if the Court grants Plaintiff's motion for class certification, the class should be expanded to a nationwide class or, in the alternative, under Federal Rule of Civil Procedure 42(a), consolidated with all the proposed class members across all the pending lawsuits filed by Plaintiff's counsel against Defendant involving the letters at issue here, including *Wilbur Macy and Pamela J. Stowe v. GC Services Limited Partnership.*

## RELIEF REQUESTED

For these reasons, Defendant, GC Services Limited Partnership, respectfully requests this Court deny Plaintiff's motion for class certification and appointment of class counsel. In the alternative, if the Court grants Plaintiff's motion, Defendant respectfully requests this Court expand the proposed class to a nationwide class or, in the alternative, consolidate the class with all the proposed class members across all the pending lawsuits filed by Plaintiff's counsel against Defendant involving the letters at issue here, including *Wilbur Macy and Pamela J. Stowe v. GC Services Limited Partnership.*

August 31, 2016                    Respectfully submitted,

By: */s/ William S. Helfand*
     William S. Helfand, Esq.
     LEWIS BRISBOIS BISGAARD & SMITH LLP
     24 Greenway Plaza, Ste. 1400
     Houston, Texas 77046
     (713) 659-6767
     (713) 759-6830 (Fax)
     Bill.Helfand@lewisbrisbois.com
     *Trial Counsel*
     *Admitted Pro Hac Vice*

By: */s/ Michael S. Sperounes*
Michael S. Sperounes, Esq.
Florida Bar No. 844918
LEWIS BRISBOIS BISGAARD & SMITH LLP
3812 Coconut Palm Dr., Ste. 200
Tampa, Florida 33619
(813) 739-1900
(813) 739-1919 (Fax)
Michael.Sperounes@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that the undersigned counsel has this date, August 31, 2016, electronically filed **Defendant's Opposition to Plaintiff's Motion for Class Certification and Appointment of Class Counsel** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have made an appearance in this case, including:

James L. Davidson
Michael L. Greenwald
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
jdavidson@gdrlawfirm.com
mgreenwald@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*/s/ William S. Helfand*
William S. Helfand