# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| RONNIE E. DICKENS, on behalf of himself and others similarly situated, | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| Plaintiff, |  |
| v. |  |
| GC SERVICES LIMITED PARTNERSHIP, |  |
| Defendant. |  |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

**Reply Argument**

**I.     Plaintiff has standing.**

Initially, GC Services Limited Partnership ("Defendant") devotes a significant portion of its opposition to the argument that as a result of the Supreme Court's opinion in *Spokeo, Inc. v. Robins*, 578 U.S. ___, 136 S. Ct. 1540 (2016), Ronnie E. Dickens ("Plaintiff") does not have Article III standing to pursue his claims. *See* Dkt. No. 28 at 5-10. This Court rejected this exact argument previously. *Dickens v. GC Services Limited P'ship*, Case No: 8:16-cv-00803-JSM-TGW, 2016 WL 3917530, at *2 (M.D. Fla. July 20, 2016).[1]

**II.     The proposed class is ascertainable.**

Defendant also argues that Plaintiff has failed to propose a readily identifiable class. Dkt. No. 28 at 10-14. To that end, Defendant asserts that "in light of the clear mandate explained in *Spokeo* to demand proof of an actual, concrete injury for each and every claimant to have standing, extensive inquiry would be required to determine whether each alleged absent class member has an actual, concrete injury of his or her own …" *Id.* at 11. Defendant's assertion is incorrect.

> **A. The class is defined in such a way that it is administratively feasible for the Court to determine whether a particular person is a member.**

A class is ascertainable if its members can be identified by reference to objective criteria. *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 653 (M.D. Fla. 2015) (Whittemore, J.). As a result, to show that a class is ascertainable, a plaintiff must simply present a class definition that is (1) precise, (2) defined by objective criteria, and (3) not defined in terms of success on the merits. *Johnson v. Yahoo!, Inc.*, Nos. 14 CV 2028, 14 CV 2753, 2016 WL 25711, at *2 (N.D. Ill.

---

[1]     Internal citations and quotations are omitted and emphasis is added unless otherwise noted.

Jan. 4, 2016); *see also Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 567 (S.D.N.Y. 2014) ("The standard for ascertainability is not demanding and is designed only to prevent the certification of a class whose membership is truly indeterminable.").

Plaintiff's proposed class meets each of these requirements. His class definition precisely identifies a particular group of individuals in a particularized way (each person to whom Defendant mailed a particular letter and which mailing was not returned as undeliverable to Defendant), during a specific time period (April 4, 2015 to April 4, 2016), in a specific location (Florida). As a result, the proposed class is ascertainable. *See, e.g.*, *Roundtree* 304 F.R.D. 644, 653-54 (granting class certification); *Hunt v. Check Recovery Systems, Inc.*, 241 F.R.D. 505, 514 (N.D. Cal. 2007) ("As Plaintiffs correctly point out, the only individual issues are ministerial, *e.g.* identifying class members and calculating actual damages.").

### B. Courts in the Eleventh Circuit do not require a class to be defined such that each member has standing.

Despite Defendant's implication to the contrary, *see* Dkt. No. 28 at 11, the Eleventh Circuit has not addressed the issue of whether a proposed class need be defined in such a way that all absent class members independently have standing. *See Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 690-91 (S.D. Fla. 2014) (noting that the Eleventh Circuit has not directly addressed the issue, but has indicated that a district court must, at a minimum, be satisfied that at least one named plaintiff has Article III standing). But the Southern District of Florida, in a well-reasoned opinion, found an individual showing of standing by absent class members is unnecessary where, like here, reliance was not an element of the underlying claim. *Id.* at 692 ("The fact that some consumers may have purchased Crisco oils for reasons other than the "All Natural" labeling does not preclude certification. As noted, the inquiry focuses on whether a reasonable consumer, exposed to the misrepresentation, would likely have been deceived.

Accordingly, the fact that some class members may not have actually relied on the alleged misrepresentation does not render the class unascertainable."); *see also Roundtree,* 304 F.R.D. at 653 (rejecting argument that some class members may lack standing because they filed bankruptcy means that individualized issues predominate such that class certification should be defeated). The Third, Fifth, Seventh, Ninth and Tenth Circuits agree that standing is satisfied for purposes of class certification if the named plaintiff has standing—which this Court has already determined Plaintiff does.[2]

> **C. Notwithstanding, even if a class must be defined so that each member had standing—it does not—each member of the proposed class here has standing.**

Plaintiff seeks to certify a class of all persons with a Florida address to whom Defendant mailed materially identical written debt collection communications, and which were not returned as undeliverable. *See* Dkt. No. 27 at 1. Notably, Defendant admitted that it mailed materially identical letters to over 9,800 persons in Florida during the class period. *See* Dk. No. 27-1 at 2.

Relevant, then, under the common law Mailbox Rule, proper and timely mailing of a document raises a rebuttable presumption that the addressee received it. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1239 (11th Cir. 2002) ("[T]he common law has long

---

[2] *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306–07 (3d Cir. 1998) ("There is also ample evidence that each named party has suffered an 'injury in fact'.... Thus, the named plaintiffs satisfy Article III. The absentee class members are not required to make a similar showing...."); *Mims v. Stewart Title Guaranty Co.*, 590 F.3d 298, 308 (5th Cir. 2009) ("Class certification is not precluded simply because a class may include persons who have not been injured by the defendant's conduct."); *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 571 F.3d 672, 676–78 (7th Cir. 2009) ("But as long as one member of a certified class has a plausible claim to have suffered damages, the requirement of standing is satisfied."); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020–21 (9th Cir. 2011), *abrogated on other grounds by Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) ("In a class action, standing is satisfied if at least one named plaintiff meets the requirements...."); *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010) ("Second, Rule 23's certification requirements neither require all class members to suffer harm or threat of immediate harm nor Named Plaintiffs to prove class members have suffered such harm.").

recognized a rebuttable presumption that an item properly mailed was received by the addressee."). Numerous courts have applied the Mailbox Rule in the context of the Fair Debt Collection Practices Act ("FDCPA"). *See, e.g.*, *Mahon v. Credit of Placer Cnty. Inc.*, 171 F.3d 1197, 1201-02 (9th Cir. 1999); *Schneider v. Cont'l Serv. Grp.*, No. 13–CV–5034, 2013 WL 6579609, *5-6 (E.D.N.Y. Dec. 16, 2013).

And as Plaintiff defines his class as persons to whom Defendant sent a violative letter, and where such letter was not returned to Defendant as undeliverable, there can be no dispute that each member of the proposed class received the violative letter at issue. As a result, each member of the class sustained a concrete and particularized injury—the injury to their statutorily-created right to receive accurate information about their rights under to the FDCPA. *See Church v. Accretive Health, Inc.*, ___ Fed.Appx. ____, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) ("The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled."); *Dickens*, 2016 WL 3917530, at *2.[3]

Defendant's argument that class members could not have suffered an injury because Defendant purportedly treats non-written disputes and requests received from consumers the

---

[3]     Each class member's conduct post-mailing of the letters is irrelevant because Defendant's mailing of the letters violated the FDCPA. *See Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997) ("If reading were an element of the violation, then Bartlett would have to prove that he read the letter. But it is not. The statute, so far as material to this case, requires only that the debt collector 'send the consumer a written notice containing' the required information."); *Mattson v. U.S. W. Commc'ns*, 967 F.2d 259, 261 (8th Cir. 1992) ("Once SIC placed the letters in the mail, its conduct with respect to any violation of the FDCPA was complete. The date on which SIC mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered section 1692k(d)."). As such, requiring Plaintiff to prove every action each class member took upon their receipt of the violative letter to establish that the class has standing would improperly "impose a requirement for bringing a claim that isn't required for actually having a claim in the first place." *Waller v. Hewlett–Packard Co.*, 295 F.R.D. 472, 481 (S.D. Cal. 2013).

same as written disputes, Dkt. No. 28 at 13, is a red herring. "[T]hrough the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures." *See Church*, 2016 WL 3611543, at *2-3. Here, Defendant sent Plaintiff and the members of the class a letter that did not contain all of the disclosures required by the FDCPA. *See* Dkt. No. 1-1. At that point, Plaintiff and the members of the class sustained an injury in fact—the invasion of the right to receive the proper disclosures mandated by Congress. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982) (holding that the deprivation of a right not to be "the object of a misrepresentation made unlawful under" a federal statute satisfied Article III's "injury in fact" requirement). Defendant's post-hoc contention that it would have provided Plaintiff and the class broader rights than the law allows—notwithstanding that it failed to provide the disclosures required by law—does not subsequently deprive Plaintiff and members of the class of standing.[4] As a result, Defendant's argument is without merit.[5]

---

[4] Even assuming *arguendo* that Defendant *does* provide consumers with these benefits, the salient point, in any event, is that Defendant would not be *required* under the FDCPA to do so, and thus a consumer would have no recourse should Defendant fail to honor its word. Nor would most consumers even know that Defendant was failing to honor its representations here if it, in fact, did not accept oral disputes of debts and oral requests for creditor information. For these very reasons, numerous courts have rejected such a defense in identical circumstances. *See, e.g.*, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1273-74 (11th Cir. 2016) ("We reject the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing. Likewise, the consumer has a right to verification only if she disputes the debt in writing. Nothing in the statute suggests that debt collectors have discretion to relax these requirements.).

[5] The remainder of Defendant's arguments in opposition to class certification, Dkt. No. 28 at 14-22, are derivative of its standing arguments, and therefore should be rejected.

Dated: September 13, 2016  */s/ James L. Davidson*
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33486
Telephone:  (561) 826-5477
Facsimile:  (561) 961-5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on September 13, 2016, via the Court Clerk's CM/ECF system, which will provide notice to the following counsel of record:

Michael S. Sperounes
LEWIS BRISBOIS BISGAARD &SMITH LLP
3812 Coconut Palm Dr., Ste. 200
Tampa, Florida 33619
(813) 739-1900
(813) 739-1919 (Fax)
michael.sperounes@lewisbrisbois.com

William S. Helfand
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 659-6767
Facsimile: (713) 759-6830
bill.hefland@lewisbrisbois.com

*/s/ James L. Davidson*
James L. Davidson