# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RONNIE E. DICKENS,

    Plaintiff,

v.                                    Case No: 8:16-cv-803-T-30TGW

GC SERVICES LIMITED
PARTNERSHIP,

    Defendant.

## **ORDER**

    In this putative class action lawsuit, Plaintiff Ronnie Dickens alleges that Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p, by failing to adhere to certain debt-collection practices required by the Act. More specifically, Dickens alleges that Defendant failed to notify him and other similarly situated debtors that in order to trigger Defendant's legal requirement to verify their debts, the debtors would have to communicate this desire to Defendant in writing. (Dkt. 1, p. 2). In short, Plaintiff alleges that by failing to specify the Act's in-writing requirement, Defendant failed to comply with the Act. Before the Court are two of Plaintiff's Motions: a Motion for Class Certification and Appointment of Class Counsel (Dkt. 27), and a Motion for Partial Summary Judgment on Defendant's liability (Dkt. 32).

    The Court has carefully reviewed these motions and the law governing class certifications. Upon this review, the Court first recognizes that the decision to certify a class under Rule 23 of the Federal Rules of Civil Procedure requires a "rigorous analysis."

*See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1269 (11th Cir. 2009). Striving to apply such an analysis, the Court further finds that one matter on which the Court has not been briefed will weigh heavily on the propriety—or impropriety—of certifying a class, and that one matter is the amount of damages at issue in this case. This issue is vital because class action lawsuits are, at their core, designed to achieve judicial economy. *See General Telephone Co. of SW v. Falcon*, 457 U.S. 147, 160 (1982); Fed. R. Civ. P. 23(b)(3). If there are no damages in this case, or if damages are nominal, the costs attendant to certifying a class may frustrate, rather than promote, judicial economy. Certifying a class under these circumstances would not be appropriate, whatever any mechanical application of Rule 23 might suggest. *See Falcon*, 457 U.S. at 160; *see also* Robert H. Klonoff, *The Decline of Class Actions*, 90 Wash. U. L. Rev. 729, 742 (2013) (cataloguing egregious class action cases in which class members recovered only small sums or, in one case, actually lost money in a settlement after attorney's fees were paid, cases that led ultimately to the enactment of the Class Action Fairness Act).

Accordingly, it is ORDERED AND ADJUDGED that:

1. Within fourteen (14) days of this order's entry, the Parties shall submit written briefs addressing the following: (a) their respective assessments of the damages at issue in this case; and (b) how that assessment bears on the propriety of class certification. The briefs may contain any evidentiary and legal support, but shall not exceed fifteen (15) pages in length.

2. The Parties will then have fourteen (14) days, from the date on which the opposition brief is filed, to file responses. Responses shall not exceed ten (10) pages.

**DONE** and **ORDERED** in Tampa, Florida, this 5th day of October, 2016.

*James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record