UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONNIE E. DICKENS, on behalf of himself
and others similarly situated,

Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

Defendant.

Case No. 8:16-cv-00803-JSM-TGW

## DECLARATION OF MARK SCHORDOCK

1. My name is Mark Schordock. I am employed by GC Services Limited Partnership ("GC Services") as an Executive Vice President of GC Services' Operations. In this role, I oversee, among other things, the company's collection efforts on behalf of Synchrony Bank, the creditor about whom GC Services wrote the Plaintiff the letter of which he complains in this lawsuit.

2. I have personal knowledge of GC Services' policies and procedures, including those regarding GC Services' compliance with the Fair Debt Collection Practices Act ("FDCPA"), because I have been trained in and utilize GC Services' policies and procedures in my work for GC Services. I also have knowledge of GC Services' efforts to collect a debt from the Plaintiff in this lawsuit as well as GC Services' records of whether the Plaintiff has ever contacted GC Services regarding any aspect of this reported debt or GC Services' collection efforts. I am authorized to testify on GC Services' behalf on these issues.

3. While GC Services acknowledges the FDCPA does not require a debt collector to obtain verification of the debt or a copy of a judgment against the consumer and mail a copy of such verification or judgment to the consumer without having received the consumer's dispute of the debt,

or any portion thereof, in writing within 30 days of the consumer's receipt of GC Services' notice of the debt, in connection with GC Services' efforts to collect debts for Synchrony Bank, it is and has been GC Services' policy and procedure to obtain and provide a consumer verification of a debt, or a copy of a judgment against the consumer, and mail a copy of such verification or judgment to the consumer, even if the consumer, or someone on the consumer's behalf, contacts GC Services by phone, or some other non-written means, to dispute the debt, or any portion thereof, within 30 days of the consumer's receipt of GC Services' notice of the debt.

4. Likewise, while GC Services acknowledges the FDCPA does not require a debt collector to provide the consumer with the name and address of the original creditor, if different from the current creditor, without having received the consumer's request for that information in writing within the 30-day period described above, in our collection efforts for Synchrony Bank, it is and has been GC Services' policy and procedure to provide a consumer with the name and address of the original creditor, if different from the current creditor, even if the consumer, or someone on the consumer's behalf, contacts GC Services by phone, or some other non-written means, to request the name and address of the original creditor.

5. Likewise, while GC Services acknowledges the FDCPA does not require a debt collector to cease collection of a debt, or any disputed portion thereof, without having received written notification from the consumer within the above-described 30-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, it is and has been GC Services' policy and procedure, in collection efforts for Synchrony Bank, to cease collection of the debt, or any disputed portion thereof, until GC Services obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the

consumer by GC Services, even if the consumer, or someone on the consumer's behalf, contacts GC Services by phone, or some other non-written means, to dispute the debt, or any portion thereof, or request the name and address of the original creditor.

6. It also is a part of GC Services' policies and procedures in collection efforts for Synchrony Bank for GC Services to make and maintain a notation in the collection record for each collection account, maintained for each consumer-debtor, each time the consumer, or someone on the consumer's behalf, contacts GC Services by letter, phone, or otherwise regarding the company's debt collection efforts.

7. I have knowledge of all of GC Services' collection account records regarding the Plaintiff, identified as Ronnie E. Dickens of Florida, whose full address is omitted to maintain Plaintiff's privacy. I have also read Plaintiff's Complaint in the above-referenced case and, among other things, I have confirmed these records are for the individual identified as the Plaintiff in this lawsuit.

8. GC Services was retained by Synchrony Bank to collect a debt owed to it by Ronnie E. Dickens. As Mr. Dickens alleges, on December 24, 2015, GC Services mailed the letter attached as Exhibit A to the Plaintiff's Complaint to the Plaintiff in connection with GC Services' efforts to collect the debt owed by Plaintiff, Ronnie E. Dickens, to Synchrony Bank.

9. Neither the Plaintiff, nor anyone on his behalf, contacted GC Services by phone, letter, or otherwise for any reason after GC Services mailed the December 24, 2015, letter to the Plaintiff. This is consistent with the fact that the Plaintiff made no effort to contact GC Services by any method to dispute his debt, or request the name and address of the original creditor, before, or even after, filing suit because, had the Plaintiff, or someone on his behalf, contacted GC Services, we would have a record of the contact and, had any such contact been to dispute the Plaintiff's debt to

Synchrony Bank, or request the name and address of the original creditor, GC Services would have ceased collection of the debt, or any disputed portion thereof, until we obtained verification of the debt, or the name and address of the original creditor, and a copy of such verification or name and address of the original creditor was mailed to the Plaintiff by GC Services, regardless of the means by which the Plaintiff, or anyone on his behalf, may have chosen to contact GC Services.

10. In connection with GC Services' efforts to collect the Plaintiff's debt to Synchrony Bank, GC Services would have made no distinction in its handling of any dispute of the Plaintiff's debt or request for the name and address of the original creditor, regardless of the means by which the Plaintiff could have, but did not, choose to contact GC Services.

I declare under penalty of perjury that all of the foregoing is true and correct.

Executed on July 8, 2016.

_____
Mark Schordock