# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RONNIE E. DICKENS,
on behalf of himself and others similarly situated,

       Plaintiff,

  v.

GC SERVICES LIMITED PARTNERSHIP,

       Defendant.

Civil Action No. 8:16-cv-00803-JSM-TGW

## DEFENDANT'S SUPPLEMENTAL BRIEF WITH NEW AUTHORITY IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant, GC Services Limited Partnership submits additional authority in support of GC Services' response in opposition to Plaintiff's motion for class certification.[1]

GC Services' opposition brief establishes that Plaintiff Terri E. Dickens does not have standing to bring her claims under the Fair Debt Collection Practices Act because Plaintiff has not suffered an "injury in fact" or a "concrete and particularized" harm that is "fairly traceable to challenged conduct of the defendant" and is "likely to be redressed by a favorable judicial decision."[2]

On March 5, 2018, the United States District Court for the Northern District of Georgia, Atlanta Division issued an opinion in *Kleg v. SP Plus Corp*.[3] In *Kleg*, the plaintiff alleged the

---

[1] Dkt. 74.

[2] *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 578 (1992).

[3] 2018 U.S. Dist. LEXIS 109779 (N.D. Ga., Mar. 5, 2018). A copy of the *Kleg* opinion is enclosed with this supplemental brief.

defendant violated the Fair and Accurate Credit Transactions Act by providing plaintiff with a credit card receipt on which plaintiff's entire sixteen digit credit card number was printed.[4] The defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing the plaintiff lacked Article III standing because, although the plaintiff alleged a statutory violation, the plaintiff failed to allege any actual harm, separate from the alleged statutory violation, sufficient to form a concrete injury.[5]

The *Kleg* Court held that the plaintiff in that case did not suffer an injury in fact and, thus, failed to demonstrate Article III standing.[6] In its analysis, **the Court questioned the validity of the Eleventh Circuit's unpublished opinion in *Church v. Accretive Health, Inc*.**, favoring the Eleventh Circuit's more recently published opinion in *Nicklaw v. Citimortgage, Inc.*, and the Sixth Circuit's opinions in *Lyshe v. Levy* and *Hagy v. Demers & Adams, LLC*.[7] The *Kleg* Court pointed out that the *Church* opinion is not likely a basis to find standing.

In *Church*, the Eleventh Circuit held a plaintiff established standing merely by alleging the defendant violated the FDCPA by failing to send her certain required disclosures, even though she suffered no actual harm from that error.[8] In comparison, both *Lyshe* and the Eleventh Circuit in *Nicklaw* later emphasized that "standing is not met simply because a statute creates a legal obligation and allows a private right of action for failing to fulfil this obligation."[9] In *Hagy*, the Sixth Circuit held that, although "Congress may 'elevate' harms that 'exist' in the real world before Congress recognized them to actionable legal status, it may not simply enact an injury into existence, using its

---

[4] *Id*. at *1-2.

[5] *Id*. at *8.

[6] *Id*. at *20-24.

[7] *Id*. at *17-19.

[8] 654 F. App'x 990, 991, 995 (11th Cir. 2016).

[9] *Lyshe*, 854 F.3d at 860; *Nicklaw*, 839 F.3d 998, 1000 (11th Cir. 2016).

lawmaking power to transform something that is not remotely harmful into something that is."[10] The *Hagy* court also questioned the validity of *Church*, observing, "**At this point, it is not even clear whether the Church theory remains good law in the Eleventh Circuit**."[11] The *Kleg* court made a point of including the preceding quotation in its discussion, further calling into question the validity of *Church* within the Eleventh Circuit.[12]

The *Kleg* opinion is clearly relevant to Plaintiff's motion for class certification in this matter. As discussed in GC Services' opposition brief, Plaintiff and this Court have previously relied on *Church* to find standing. In its Order denying GC Services' motion to dismiss [Dkt. 23], the Court observed:

> Noting that standing is a jurisdictional threshold courts must evaluate, the [*Church*] court first found that Congress, through the FDCPA, entitled the plaintiff to certain information, and thus an alleged invasion of this right is not hypothetical or uncertain. It may not result in tangible economic or physical harm, the court noted, but neither does constitutional standing. When the plaintiff alleged that the defendant failed to provide information she was entitled to receive, the Court concluded, she alleged a congressionally elevated cognizable injury. She alleged, in other words, a concrete injury.[13]

Under *Nicklaw*, *Lyshe*, *Hagy*, and *Kleg*, a plaintiff could not allege a bare procedural violation, such as the FDCPA violations alleged here, divorced from any concrete harm, and satisfy the injury-in-fact requirement for Article III standing.[14] Here, Plaintiff alleges no more than hypothetical, procedural violations of a federal statute without any showing that the hypothecated

---

[10] 882 F.3d 616, 622 (6th Cir. 2018).

[11] *Id.*

[12] *Kleg*, 2018 U.S. Dist. LEXIS 109779 at *19.

[13] Dkt 23 (internal citations omitted).

[14] *Lyshe*, 854 F.3d at 858-59.

violations caused Plaintiff harm or any material risk of harm. Moreover, Plaintiff has testified that there was no harm.[15]

Thus, GC Services respectfully request that, just as in *Kleg*, and consistent with the authorities GC Services previously cited and discussed in its response in opposition to Plaintiff's motion for class certification, the Court find Plaintiff lacks Article III standing to sue and deny Plaintiff's motion for class certification.

Defendant respectfully submits this supplemental brief regarding the recent decision in *Kleg v. SP Plus Corp*, 2018 U.S. Dist. LEXIS 109779 (N.D. Ga., Mar. 5, 2018) as new authority in support of Defendant's Response in Opposition to Plaintiff's Motion for Class Certification.

Dated: July 11, 2018

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ William S. Helfand*
William S. Helfand
24 Greenway Plaza, Ste. 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
bill.helfand@lewisbrisbois.com

Attorney for Defendant

---

[15] *See* Dkt 74, Ex. B, 55:10-55:24, 65:22-66:7.

## **CERTIFICATE OF SERVICE**

   This certifies the undersigned has electronically filed the foregoing with the Clerk of Court using the CM/ECF system on July 11, 2018.  A copy of the foregoing has been served via email and facsimile on Plaintiff's counsel as follows:

Mr. James Davidson
Greenwald, Davidson, & Radbil
5500 Glades Road, Suite 500
Boca Raton, FL 33431
jdavidson@gdrlawfirm.com

               */s/ William S. Helfand*
               William S. Helfand