**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| TERRI E. DICKENS, on behalf of the estate of Ronnie E. Dickens and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | Civil Action No.: 8:16-cv-00803-JSM-TGW |

**MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL BRIEF WITH NEW AUTHORITY IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Terri E. Dickens, personal representative of the estate of Ronnie E. Dickens (Plaintiff"), by and through her undersigned counsel, files this, her Motion to Strike Defendant's Supplemental Brief, and in support, states as follows:

1. On April 30, 2018, Plaintiff filed her renewed motion for class certification. ECF No. 65.

2. On May 25, 2018, this Court entered a Second Amended Case Management and Scheduling Order setting a deadline of June 27, 2018 for GC Services Limited Partnership ("Defendant") to file a response to the class certification motion, and a deadline of July 11, 2018 for Plaintiff to file a reply in support of her class certification motion. ECF No. 72.

1

3. Defendant filed its response in opposition to class certification on June 27, 2018, ECF No. 74, and the next day filed an unopposed motion for an enlargement of the page limits for its response. ECF No. 75.

4. Plaintiff filed her reply in support of class certification on July 11, 2018. ECF No. 77.

5. Later that same day, Defendant filed its Supplemental Brief with New Authority in Support of its Response in Opposition to Plaintiff's Motion for Class Certification (the "Supplemental Brief"). ECF No. 78.

6. The Supplemental Brief consists of four pages of additional argument on class certification, relying on a Northern District of Georgia opinion issued on March 5, 2018—over three months before Defendant filed its opposition to Plaintiff's renewed class certification motion. *Id.*

7. Local Rule 3.01 prohibits additional briefing on motions absent leave of court. *See* L.R. 3.01(c); *see also Hodges v. Sch. Bd. of Orange Cty., Fla.*, No. 6:11–CV–135–ORL–36, 2012 WL 5457427, at *4, n.5 (M.D. Fla. Nov. 8, 2012) (Honeywell, J.) ("Moreover, Defendant cannot raise new arguments in a Notice of Supplemental Authority, or attempt to file an additional reply to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment, without leave of Court.").

8. Defendant did not seek or obtain leave of court to file the Supplemental Brief, and in any event, relied on an opinion that was available to it well before it filed its opposition to class certification. *See Sweat v. NBTY, Inc.*, No. 3:16-cv-940-J-34PDB, 2017 WL 2901694, at *1 (M.D. Fla. May 5, 2017) (Howard, J.) ("However, the cases appended to the Notice were decided in 2013 and 2014, and Plaintiff could have included those cases in her response to the pending motion to

dismiss…. Supplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that the party filed the original brief to which the subsequent supplemental filing pertains.").[1]

9.  Moreover, by waiting to file its Supplemental Brief until after Plaintiff filed her reply, despite that the opinion was issued well before briefing on Plaintiff's renewed class certification motion commenced, Defendant has prejudiced Plaintiff, who does not have an opportunity to respond to the Supplemental Brief and the "new" authority.

10. As a result, Plaintiff respectfully requests that this Court enter an order striking Defendant's Supplemental Brief. *See, e.g.*, *Cook v. Wal-Mart Stores, Inc.*, No. 3:16–cv–673–J–39JRK, 2018 WL 1988784, at *2 (M.D. Fla. Jan. 3, 2018) (Davis, J.) ("In light of the need for a re-briefing schedule, and because the Supplemental Authority is not contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court, Plaintiff's Motion to Strike is due to be granted."); *City of Bradenton v. Safety Nat'l. Casualty Corp.*, No. 8:17–cv–267–T–33MAP, 2017 WL 2448394, at *2 (M.D. Fla. June 6, 2017) (Covington, J.) ("Thus, the Notice is a further memorandum for which Safety National should have sought leave to file. Because Safety National failed to comply with Local Rule 3.01(c) and the Court already stated that no reply will be allowed, the City's Motion to Strike (Doc. # 18) is granted and Safety National's Notice of Filing Supplemental Authority (Doc. # 17) is stricken."); *Sweat*, 2017 WL 2901694, at *1 (striking notice of supplemental authority).

---

[1] Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Undersigned counsel certifies that he has conferred with counsel for Defendant and that counsel for Defendant opposes the relief requested herein.

Dated: July 17, 2018

*/s/ James L. Davidson*
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33486
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Ms. Dickens and the proposed class

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on July 17, 2018, via the Court Clerk's CM/ECF system, which will provide notice to the following counsel of record:

William S. Helfand
LEWIS BRISBOIS BISGAARD & SMITH LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 659-6767
Facsimile: (713) 759-6830
bill.hefland@lewisbrisbois.com

*/s/ James L. Davidson*
James L. Davidson