UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI E. DICKENS, on behalf of the estate of
Ronnie E. Dickens and others similarly
situated,

        Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

        Defendant.

Case No.: 8:16-cv-00803-JSM-TGW

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

THIS CAUSE comes before the Court upon Terri E. Dickens' ("Plaintiff" or "Class Representative") Motion for Preliminary Approval of Class Action Settlement. (Dkt. 111). Plaintiff and GC Services Limited Partnership ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

The Court, having reviewed the Motion and Agreement, and being otherwise advised in the premises, concludes that Plaintiff's Motion should be granted. Upon preliminary examination, the Court concludes that the proposed settlement appears fair, reasonable, and adequate, and that

1

a hearing shall be held on **THURSDAY, MAY 23, 2019, at 1:00 P.M. (EST)**, after Notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit.

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through the Settlement Administrator defined below, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

The Court previously certified this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Dkt. 96. The Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Defendant has identified a total of 9,992 potential Class Members.

The Court also previously appointed Terri E. Dickens as the Class Representative and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *Id.*

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class

Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members. The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the written notices of the class action settlement, attached to the Agreement as Exhibits 1 and 2. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than February 13, 2019**. The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days after the

3

Court's entry of this order, *i.e.*, **no later than April 8, 2019**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Settlement Class Member and will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than April 8, 2019**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Ryan K. Hilton, Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602.

To be effective, a notice of intent to object to the Settlement must:

(a) Contain a heading which includes the name of the case and case number;

(b) Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c) Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d) Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e) Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(f) Contain the name, address, bar number, and telephone number of the

4

     objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of Florida;

  (g)  Contain a statement of the specific basis for each objection;

  (h)  Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

  (i)  State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Settlement Class Member. Each Settlement Class Member will receive $10.00 from the Settlement Fund.

**United States District Court Judge Mary S. Scriven** will conduct the hearing ("Final Approval Hearing") on **THURSDAY, MAY 23, 2019 at 1:00 P.M. (EST)** at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 7A, to review and rule upon the following issues:

  A.  Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

  B.  Whether the proposed settlement is fundamentally fair, reasonable, adequate, and

5

     in the best interest of the Class Members and should be approved by the Court;

 C. Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

 D. To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement must be filed with the Court no later than 30 days before the Final Approval Hearing *i.e.*, **no later than April 23, 2019**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Approval Hearing, *i.e.*, **no later than May 8, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Approval Hearing, *i.e.*, **no later than May 16, 2019**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days before the deadline for Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than March 19, 2019**. Opposition briefs to any of the foregoing must be filed no later than 21 days thereafter, *i.e.*, **no later than April 9, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days after the filing of any opposition brief.

The Agreement and this Order will be null and void if either of the Parties terminates the

Agreement for any of the following reasons:

    A.    Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

    B.    The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

    C.    The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of January, 2019.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE