**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ─────────────────────── x | |
| : | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| TERRI E. DICKENS, on behalf of the estate of : | |
| Ronnie E. Dickens and others similarly : | |
| situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | |
| GC SERVICES LIMITED PARTNERSHIP, : | |
| : | |
| Defendant. : | |
| ─────────────────────── x | |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF AN AWARD OF**
**ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**
**Introduction**

After hard-fought litigation spanning over two and a half years and as a result of mediation before the Hon. Elizabeth Ray (Ret.), the parties ultimately reached an agreement to resolve this matter that will provide each participating class member with $10 out of a settlement fund of $99,220. GC Services Limited Partnership ("Defendant") will separately pay the costs of administering the settlement. Further, Defendant will no longer use the form of debt collection letter at issue in this case. This change will benefit not only Terri E. Dickens ("Plaintiff") and the Class, but also any other consumers who receive Defendant's debt collection letters in the future.

In accordance with the Court's preliminary approval order, ECF No. 113, the settlement administrator distributed notice of the settlement—via direct mailings—to each potential class member. The notice detailed the terms of the settlement, including the amount of the attorneys' fee and expense award that Plaintiff would seek.

1

To date, no class member has objected to any aspect of the settlement.[1] Separately, Defendant provided notice of the settlement to the requisite government agencies pursuant to the Class Action Fairness Act ("CAFA").  No objections have resulted from the CAFA notice, either.

Given the excellent result reached for the Class, as well as the lack of objections from class members to date, Plaintiff now seeks an award of attorneys' fees and reimbursement of litigation expenses for Class Counsel in the total amount of $270,000—an amount to be paid by Defendant separately from the settlement fund. As detailed herein and in the Declaration of James L. Davidson ("Davidson Decl.") attached as Exhibit A, this request is reasonable and supported by applicable law. Moreover, Defendant does not oppose Plaintiff's request.

## Argument

### I.   Courts weigh the *Johnson* factors to assess the reasonableness of a fee request.

In assessing applications for attorneys' fees in class actions involving fee-shifting statutes like the Fair Debt Collection Practices Act ("FDCPA"), courts in this Circuit consider the factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional

---

[1]    Because the deadline for objections and exclusions is April 8, 2019, Plaintiff is filing the instant motion now. *See Muransky v. Godiva Chocolatier, Inc.*, 905 F.3d 1200, 1215 (11th Cir. 2018) (holding that the filing of a fee petition after the objection deadline may deprive class members of an opportunity to object).

relationship with the client; and (12) awards in similar cases. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1359 (S.D. Fla. 2011); *see also Bragg v. Bill Heard Chevrolet, Inc.*, No. 1:11–cv–666, 2007 WL 2781105, at *5 (M.D. Fla. Aug, 28, 2007) (Moody, J.) (considering reasonableness of attorneys' fees in light of *Johnson* factors); *Roundtree v. Bush Ross, P.A.*, No. 14-cv-00357-JDW-AEP, 2016 WL 360721, at *2 (M.D. Fla. Jan. 28, 2016) (Whittemore, J.) (same).[2]

These twelve factors are not exclusive, but instead are merely guidelines, and the Eleventh Circuit has encouraged district courts to consider additional factors unique to the particular case. *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1359. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001).

As set forth more fully below, these factors support Class Counsel's unopposed fee and expense request.

## II.     Class Counsel's request for $270,000 in attorneys' fees and expenses is reasonable.

### A.     An award of attorneys' fees in a successful FDCPA action is required by statute and need not be proportionate to the recoveries of the class and named plaintiff.

While Defendant has agreed to pay attorneys' fees and expenses in the amount of $270,000, it is noteworthy that to encourage private action and enforcement, the FDCPA mandates an award of attorneys' fees to a successful consumer-plaintiff. *See* 15 U.S.C. § 1692k(a); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) ("The [FDCPA's] statutory language makes an

---

[2]     Internal citations, quotations and footnotes are omitted.

award of fees mandatory."); *Dauval v. Preferred Collection and Mgmt. Services, Inc.,* No.: 8:11–CV–2269–JDW–TGW, 2013 WL 12159442, at *1 (M.D. Fla. April 15, 2003) (Whittemore, J.) ("Subsection 1692k(a)(3) of the FDCPA mandates an award of costs and reasonable attorneys' fees in the case of any successful action to enforce the foregoing liability."). By its inclusion of a mandatory fee-shifting provision in the FDCPA, Congress has indicated that society has a significant stake in assisting consumers who may not otherwise have the means to pursue these cases, and in rewarding attorneys who pursue these actions. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("Given the structure of [the FDCPA], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.").

"In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino*, 46 F.3d at 653. That "commensurate" fee is best measured by "what that attorney could earn from paying clients" at a "standard hourly rate." *Id*. Paying counsel less "is inconsistent with the Congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Id*. As the Northern District of Ohio opined:

> [O]ne of the fundamental principles of class action litigation is that it provides an incentive to pursue recovery for tortious conduct that would otherwise go unchecked because the individual harm to a potential plaintiff is too small to justify the cost of litigation. Collective action is the best, and, in many cases, the only feasible, way to redress the harm on an individual basis and discourage similar conduct in the future.

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 791 (N.D. Ohio 2010); *see also Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 656 (S.D. Tex. 2008) ("The disparity between the final award of damages and the attorneys' fees and expenses sought in this case is not unusual and

4

is necessary to enable individuals wronged by debt collectors to obtain competent counsel to prosecute claims.").

Correspondingly, awards of reasonable attorneys' fees under federal statutes that include fee-shifting provisions "are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986); *see also Lewis v. Kendrick*, 944 F.2d 949, 957 (1st Cir. 1991) ("We believe we made it clear that we were not departing from the recognized principle that the fee is not limited by the size of the recovery, but may, in appropriate instances, greatly exceed it."); *accord Renninger v. Phillips & Cohen Assocs.*, No. 8:10–cv–5–T–33EAJ, 2010 WL 3259417, at *3 (M.D. Fla. Aug. 18, 2010) (Covington, J.) (noting that in consumer protection cases, attorneys' fees need not necessarily be awarded in proportion to the damages recovered.).[3] As the District of Maine wrote:

> In the debt collection context, to apply a rigid proportionality rule to a case where there is no actual demonstrable damage would allow a debt collector to ignore the requirements of federal and state law, confident that its violation would be sanctioned by a maximum award of $1,000 and by attorney's fees roughly limited to the amount of the award. If the proportionality argument were rigorously applied, the potential benefit of the violation of the consumer protections of the FDCPA and [the Maine Fair Debt Collection Practices Act] could exceed the potential sanction. Furthermore, if plaintiff's counsel knew, based on a cap on the statutory award, that a substantial portion of her work would go uncompensated, she would have little incentive to do the legal spadework essential for successful litigation and debtors would as a practical matter find it difficult to recruit attorneys to represent them in small, but significant violations of the law.

*Archambault v. GC Servs. Ltd. P'ship*, No. 16-cv-00104-JAW, 2016 WL 6208395, at *5 (Oct. 24, 2016).

---

[3]     *See also Alhassid v. Bank of America*, 688 F. App'x 753, 760 (11th Cir. 2017) ("And, a reduction was not needed to make the fees and costs proportional to the damages since there is no express requirement of proportionality between the amount of the FDUTPA judgment and the attorney's fees and costs incurred in obtaining that judgment.").

**B. The significant time and labor involved in this case supports a finding that the agreed-upon fee request is reasonable.**

Turning to the *Johnson* factors, the first factor to consider is the time and labor required of counsel—often referred to as counsel's "lodestar." "To arrive at a lodestar figure ..., the district court must first determine the number of hours reasonably spent by the plaintiffs' counsel on the matter, then multiply those hours by an hourly rate the court deems reasonable for similarly complex non-contingent work." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 (11th Cir. 1991). The lodestar usually is strongly presumed to yield a reasonable fee. *See Zambrano v. Dom & Dom Pizza Inc.*, No. 11–20207–CIV, 2012 WL 2921513, at *2 (S.D. Fla. July 17, 2012) ("[T]he Supreme Court has found that there is a strong presumption that the lodestar product is the reasonable fee to which counsel is entitled."); *see also Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("A strong presumption that the lodestar figure-the product of reasonable hours times a reasonable rate-represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute, including the one in the present case.").

**1. Class Counsel has expended a total of 612.2 hours in prosecuting this action to date.**

To date, Class Counsel has expended 612.2 total hours performing legal services reasonably necessary to litigate this matter. *See* Davidson Decl. ¶ 17.[4] This time included (a) researching and preparing the class action complaint, ECF No. 1; (b) preparing the case

---

[4]     This Court may properly rely on summaries of the total number of hours spent by counsel. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("It is perfectly proper to award attorney's fees based solely on affidavits in the record."); *see also In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005) ("The district courts may rely on summaries submitted by the attorneys and need not review actual billing records."); *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148-49 (9th Cir. 2000); ; *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 342 (3d Cir. 1998) (finding no abuse of discretion where district court "reli[ed] on time summaries, rather than detailed time records"). Nevertheless, Class Counsel will file detailed billing statements with the Court should the Court desire to see them.

6

management report, ECF No. 12; (c) researching, opposing, and prevailing on, Defendant's motion to stay discovery, ECF No. 15; (d) researching, opposing, and prevailing on, Defendant's motion to dismiss for lack of subject matter jurisdiction, ECF No. 20; (e) researching and briefing Plaintiff's motions for class certification, ECF Nos. 27, 31, 39, 46; (f) propounding multiple sets of requests for production and interrogatories directed to Defendant; (g) responding to Defendant's written discovery; (h) taking the deposition of Defendant's corporate representative; (i) traveling to Tampa to defend Plaintiff's deposition; (j) researching, briefing, and prevailing on, Plaintiff's motion for summary judgment as to liability, ECF Nos. 32, 44; (k) researching, briefing, and prevailing on, an appeal to the Eleventh Circuit, ECF Nos. 50-52, (l) participating in a mediation as directed by the Eleventh Circuit; (m) obtaining permission to substitute a new plaintiff after the passing of Ronnie Dickens, ECF Nos. 59-60; (n) preparing the joint proposed scheduling order following remand from the Eleventh Circuit, ECF No. 62; (o) researching, briefing, and prevailing on, Plaintiff's renewed motion for class certification, ECF Nos. 65,77; (p) negotiating a protective order for purposes of sharing confidential materials during discovery, ECF No. 68; (q) researching and briefing a motion to strike supplemental briefing on Plaintiff's renewed class certification motion, ECF No. 79; (r) researching and briefing a motion to compel Defendant's production of certain documents, ECF No. 80; (s) traveling to, and attending, a hearing in Tampa regarding the same; (t) researching, briefing, and prevailing on, Defendant's motion to dismiss, and compel arbitration, ECF No. 87; (u) researching and preparing a motion in limine, ECF No. 99; (v) researching and briefing an objection to the magistrate judge's order denying Plaintiff's motion to compel document production, ECF No. 102; (w) traveling to, and attending, mediation in Houston, Texas; (x) drafting and negotiating the parties' settlement agreement; (y) preparing Plaintiff's motion for preliminary approval of the settlement; (z) coordinating with the settlement

administrator, ECF No. 111; and (aa) preparing this fee petition, among other tasks. *See* Davidson Decl. ¶ 14. Class Counsel estimates that it will spend an additional approximately 25-40 hours on this matter, including preparing the final approval motion; preparing for, and attending, the final fairness hearing; communicating with class members; and conferring with the settlement administrator. *See* Davidson Decl. ¶ 22. As a result, Class Counsel will have spent between 637 and 652 hours litigating this case during the three years it has been pending.

> **2.      Class Counsel's hourly rates are reasonable.**

The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996).

Here, Michael L. Greenwald, James L. Davidson and Aaron D. Radbil—partners at Greenwald Davidson Radbil PLLC—bill at a rate of $450 per hour. Davidson Decl. ¶ 20. The firm's junior partner, Jesse S. Johnson, bills at a rate of $400 per hour, and the firm's associate, Alexander Kruzyk, bills at a rate of $350 per hour. *Id*. Judge Bloom and Magistrate Judge Goodman in the Southern District of Florida both have previously found an hourly rate of $400 to be reasonable for Greenwald Davidson Radbil PLLC's partners in FDCPA class action litigation. *See Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, ECF No. 54 at 8 (S.D. Fla. Nov. 30, 2016); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14–24502, 14–20933, 2015 WL 738329, at *4 (S.D. Fla. Feb. 23, 2015). As have district courts outside this Circuit. *See McWilliams v. Advanced Recovery Sys., Inc.*, No. 15-70, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017) ("The Court approves a $400 hourly rate for Michael L. Greenwald, Aaron D. Radbil, and James L. Davidson, as well as a $350 hourly rate for Jesse S. Johnson."); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 689 (N.D. Cal. 2016) ("Given that Class Counsel has been

appointed in numerous class actions, including FDCPA cases; courts have awarded them exactly the same rates requested here in previous cases; and courts in this District found similar rates appropriate in FDCPA cases, Class Counsel's requested rates are reasonable.").

Moreover, Class Counsel's rates are consistent with prevailing rates previously found to be reasonable by courts both within, and outside, this Circuit. *See, e.g.*, *HCDL Holdings, LLC v. TKCT Milford, LLC*, No. 6:17-CV-62-ORL-40TBS, 2017 WL 4481635, at *4 (M.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, No. 6:17-CV-62-ORL-40TBS, 2017 WL 4476851 (M.D. Fla. Oct. 6, 2017) (Smith, M.J.) (hourly rate of $400 was reasonable); *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1296 (N.D. Ala. Mar. 11, 2014) (finding reasonable hourly rates of between $200 and $625 for attorneys in Fair Labor Standards Act action); *Indyne, Inc. v. Abacus Tech. Corp.*, No. 6:11–CV–137–ORL–22DAB, 2013 WL 11312471, at *16 (M.D. Fla. Dec. 6, 2013), *report and recommendation adopted as modified*, No. 6:11–CV–137–ORL–22, 2014 WL 1400658 (M.D. Fla. Feb. 25, 2014) (Baker, M.J.), *aff'd*, 587 F. App'x 552 (11th Cir. 2014) ("For litigation related work performed in 2011, rates ranging up to $400 per hour for senior counsel or partner level work and $175 to $225 for junior attorneys were prevailing in the Middle District."); *Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc.*, No. 06-61231-CIV, 2010 WL 680948, *8 (S.D. Fla. Feb. 24, 2010) ("For the year, 2007, an hourly rate of $440.00 for a partner with 19 years of experience, and $290.00 for a fourth-year associate, fall well within rates charged by law firms in the local market."); *Stone v. Nat'l Enter. Sys.*, No. 08-1523, 2009 WL 3336073, at *4 (M.D. Fla. Oct. 15, 2009) (Conway, J.) (approving $394 hourly rate, in 2009, in individual FDCPA action for attorney with 15 years of experience); *Edmunds v. Levine*, No. 05–21215–CIV, 2009 WL 1012193 at *3 (S.D. Fla. Apr. 15, 2009) (reasonable rates between $375 and $400); *Fresco v. Auto. Dirs.*, No. 03–CIV–61063, 2009 WL 9054828, *7-8 (S.D. Fla. Jan. 20, 2009) (rates ranging from $400

for associates to $600 for a senior partner were reasonable in a fee-shifting case under the Driver's Privacy Protection Act); *CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598-CIV, 2008 WL 276057, *2 (S.D. Fla. Jan. 31, 2008) (holding as reasonable eighth-year associate hourly rate of $400 and first-year associate hourly rate of $200); *Topp, Inc. v. Uniden Am. Corp.,* No. 05-21698-CIV, 2007 WL 2155604, *2-3 (S.D. Fla. July 25, 2007) (holding as reasonable attorney hourly rate of $551); *Campos v. Choicepoint Servs., Inc.* No. 1:03-cv-3577-WSD, 2007 WL 2001797, at *3 (N.D. Ga. July 5, 2007) (approving a rate of $400 per hour in a class case under the Fair Credit Reporting Act); *Gray v. Fla. First Fin. Grp., Inc.*, 359 F. Supp. 2d 1316, 1319 (M.D. Fla. 2005) (Bucklew, J.) (approving $325 per hour in FDCPA class action in 2005).[5]

In addition, Class Counsel's rates are within the range of median rates for attorneys

---

[5]      *See also Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011) (district court did not abuse its discretion in approving rates ranging from $250 to $450 per hour); *Salazar v. Midwest Servicing Grp., Inc.*, No. CV 17-0137 PSG (KSX), 2018 WL 4802139, at *6 (C.D. Cal. Oct. 2, 2018) (finding reasonable hourly rates ranging from $450 to $495 in FDCPA case); *De Amaral v. Goldsmith & Hull*, No. 12-3580, 2014 WL 1309954, at *3 (N.D. Cal. Apr. 1, 2014) (finding rates of $450 per hour for a partner and $350 for an associate to be reasonable in FDCPA case); *Kurgan v. Chiro One Wellness Ctrs. LLC*, No. 10-cv-1899, 2015 WL 1850599, at *4 (N.D. Ill. April 21, 2015) (finding reasonable hourly rates of $500 and $600 for partners in FLSA class action); *Hull v. Owen County State Bank*, No. 1:11-cv-01303-SEB-MJD, 2014 WL 1328142, at *5 (S.D. Ind. Mar. 31, 2014) ("As a result, the Court awards Mr. Calhoun a total of $54,152.00 for fees (98 hours at $550.00 per hour plus 1.8 hours at $140.00 per hour) and $2,178.04 in costs."); *Michel v. WM Healthcare Sols., Inc.*, No. 1:10-CV-638, 2014 WL 497031, at *18 (S.D. Ohio Feb. 7, 2014) (determining that rates ranging from $250 per hour to $400 per hour were reasonable hourly rates in class action); *Lowther v. A.K. Steel Corp.*, 2012 WL 6676131, at *5 (S.D. Ohio Dec. 21, 2012) (employing a lodestar cross-check, the court concluded that $500 per hour was a reasonable rate for the two senior attorneys and that rates between $100 and $450 per hour were reasonable for other attorneys and involved staff); *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 246 (S.D.N.Y. 2010) (approving as reasonable hourly rate of $400 per hour); *Rodriguez v. Pressler & Pressler, L.L.P.,* CV–06–5103, 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (approving hourly rate of $450 and $300 in FDCPA case); *Reade–Alvarez v. Eltman, Eltman & Cooper, P.C.,* No. CV–04–2195, 2006 WL 3681138, at *9 (E.D.N.Y. Dec. 11, 2006) (approving hourly rate of $420 in FDCPA case); *Gross v. Washington Mut. Bank*, No. 02–CV–4135, 2006 WL 318814, at *6 (E.D.N.Y. Feb. 9, 2006) (approving hourly rate of $400 in FDCPA case).

handling class action cases in Florida, and in Tampa in particular, as set forth in the most recent version of the United States Consumer Law Attorney Fee Survey Report.[6] *Accord Alvarado v. Featured Mediation, LLC*, No: 8:16–cv–3259–T–30JSS, 2017 WL 2480606, at \*2 (M.D. Fla. June 8, 2017) (Moody, J.) (considering the 2013–2014 United States Consumer Law Attorney Fee Survey is addressing an attorneys' fee petition).

### 3. Class Counsel's lodestar and expenses exceed the total amount requested—with more work to do to conclude this matter.

At the time of the filing of this motion, Class Counsel's lodestar was $269,280. Davidson Decl., ¶ 21. In addition, to date, Class Counsel has incurred $6,332.89 in litigation costs and expenses, which include, among other things, the filing fee of the complaint, the fee for service of process, costs related to the appeal to the Eleventh Circuit, costs for the mediation, including airfare and hotel, court reporter costs, including copies of deposition transcripts, and costs for travel to Tampa, including hotel, among other things. *Id.*, ¶ 25. The categories of expenses for which Class Counsel seeks reimbursement are the type of expenses routinely charged to paying clients in the marketplace; therefore, the full requested amount should be reimbursed under Rule 23. *See Behrens v. Wometco Enters., Inc.,* 118 F.R.D. 534, 549 (S.D. Fla. 1988), *aff'd,* 899 F.2d 21 (11th Cir. 1990) (awarding as reasonable and necessary, reimbursement for "travel, depositions, filing fees, postage, telephone, and copying").[7]

---

[6]     *See* United States Consumer Law Attorney Fee Survey Report, 2015-2016, pp. 55, 211 https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf (last accessed March 18, 2019) (noting that median rate for an attorney handling a class action in Florida in 2015-16 was $475 an hour, and the median rate for an attorney handling a class action in Tampa in 2015-16 was $500 an hour.)

[7]     Of note, Class Counsel does not seek reimbursement for photocopies, postage, telephone, fax, or online legal research fees, or any costs associated with travel to, and attendance at, the final fairness hearing. Rather, all of those costs are subsumed within the total unopposed fee and expense request of $270,000.

As a result, the attorneys' fees and expenses incurred by Class Counsel in this case exceed the award sought, further underscoring its reasonableness. *See Reade–Alvarez*, 2006 WL 3681138, at *8 ("Because the proposed fee of $50,000 is actually lower than the lodestar, that proposed amount is justifiable."). And importantly, any fee and expense award is to be paid by Defendant *separately* from the fund for class members, and thus will not diminish class members' recoveries. *See Good v. Nationwide Credit, Inc.*, No. 14–4295, 2016 WL 929368, at *16 (E.D. Pa. Mar. 14, 2016) ("Even if the Court were to approve less than the $125,000 negotiated amount, the class would not gain a greater recovery; rather, Defendant would simply keep the money.").

**C.  The novelty and difficulty of the questions in this case favor approval of the fee and expense request.**

As for the second *Johnson* factor, every class action involves some level of uncertainty on the merits. This action is not unique in this regard. *See Midland Funding, LLC v. Brent*, No. 3:08 CV 1434, 2011 WL 3557020, at *16 (N.D. Ohio Aug. 12, 2011) ("The Fair Debt Collection Practices Act is a set of complex laws with many components. The instant case would be very expensive to fully litigate, and might take years to finally resolve through the course of trial and appeal, creating additional attorney's fees and reducing any potential payout to the class.").

Here, for over two and a half years, the parties litigated this case extensively, briefing a motion to dismiss, ECF Nos. 18, 20, 23, motion for summary judgment, ECF Nos. 32, 36, 44, 47, two motions for class certification, ECF Nos. 27, 28, 31, 47, 65, 74, 77, 96, a motion to compel arbitration, ECF Nos. 81, 87, and an appeal to the Eleventh Circuit. *See Dickens v. GC Servs. Ltd. P'ship*, 706 F. App'x 529 (11th Cir. 2017). Defendant repeatedly challenged this Court's subject-matter jurisdiction, and initially defeated class certification, only to have its victory overturned on appeal. Defendant fought Plaintiff and the Class to the eve of trial, all the while maintaining that

any alleged violations of the law resulted in no harm. The complex briefing involved in this case underscores the reasonableness of the requested fee and expense award.[8]

The parties disagreed about the merits, and there was uncertainty about the ultimate outcome of this litigation, including the amount of money that would be awarded, if any, to Plaintiff and the Class at trial. *See, e.g.*, *Bennett v. Behring Corp.*, 96 F.R.D. 343, 349-50 (S.D. Fla. 1982), *aff'd*, 737 F.2d 982 (11th Cir. 1984) (plaintiffs faced a "myriad of factual and legal problems" that led to "great uncertainty as to the fact and amount of damage," which made it "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers ... to the vagaries of a trial"). As such, this factor supports the requested fee and expenses award.

### D. The skill required to perform the legal services properly and the experience, reputation, and ability of Class Counsel favor approval of the fee request.

Turning to the third and ninth *Johnson* factors, Class Counsel has significant experience in litigating, and resolving, consumer protection class actions. *See* Davidson Decl., at ¶ 7. Indeed, multiple district courts have commented on Class Counsel's useful knowledge and experience in connection with class action litigation. For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a class action settlement in which he appointed Greenwald Davidson Radbil PLLC as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

---

[8]    This case resulted in five different opinions that are available on Westlaw. *See* Davidson Decl., ¶ 13.

And in *McWilliams*, Judge Carlton W. Reeves of the Southern District of Mississippi described Greenwald Davidson Radbil PLLC as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' . . . , and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law. The undersigned concurs . . . Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

2017 WL 2625118, at *3.

Similarly, in *Roundtree v. Bush Ross, P.A.*, Judge Whittemore wrote, in certifying three separate classes and appointing Greenwald Davidson Radbil PLLC class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

Class Counsel utilized their skill and experience to navigate this case through a myriad of obstacles, including overcoming multiple dispositive motions, prevailing on an appeal, obtaining certification of the Class, and ultimately obtaining an excellent recovery for Plaintiff and the Class. The result is a settlement that will provide meaningful cash relief to thousands of participating class members, plus a change in Defendant's debt collection practices. This success strongly favors Class Counsel's unopposed request. *See Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 683 (D. Md. 2013) ("As noted above, Plaintiffs' attorneys are experienced and skilled consumer class action litigators who achieved a favorable result for the Settlement Classes."); *Gross v. Washington Mut. Bank*, No. 02–CV–4135, 2006 WL 318814, at *6 (E.D.N.Y. Feb. 9, 2006) ("The type of litigation undertaken by class counsel here, which addresses important consumer concerns that would likely be ignored without such class action lawsuits, must be encouraged.").

**E. Class Counsel assumed substantial risk to pursue the litigation on a contingent fee basis.**

Per the sixth *Johnson* factor, rewarding attorneys in class actions is important because absent class actions, most individual claimants would lack the resources to litigate, as individual recoveries are often too small to justify the burden and expense of litigation. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029, 1043 (S.D. Ohio 2001) ("Attorneys who take on class action matters serve a benefit to society and the judicial process by enabling ... claimants to pool their claims and resources" to "achieve a result they could not obtain alone."). In *Johnson*, the Fifth Circuit recognized that fees should be adequate "to enable litigants to obtain competent counsel worthy of a contest with the caliber of counsel available to their opposition …." 488 F.2d at 719-20.

The court observed that "[a]dequate compensation [for successful counsel in contingent cases] is necessary... to enable an attorney to serve his client effectively and to preserve the integrity and independence of the profession." *Id.* The Second Circuit has voiced the same concern in the analogous context of antitrust class actions. *See Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., Inc.*, 481 F.2d 1045, 1050 (2d Cir. 1973) ("In the absence of adequate attorneys' fee awards, many antitrust actions would not be commenced, since the claims of individual litigants, when taken separately, often hardly justify the expense of litigation.").

Here, Class Counsel undertook this litigation on a contingent fee basis. As the Southern District of Florida has observed:

> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer.... A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

15

*Behrens*, 118 F.R.D. at 548; *see also Ressler v. Jacobson*, 149 F.R.D. 651, 654-55 (M.D. Fla. 1992) (Nimmons, J.) ("Here, of course, the fee was entirely contingent, which meant that, had Petitioners recovered nothing for the Class, they would not have been entitled to any fee at all. The substantial risks of this litigation abundantly justify the fee requested herein.").

Further, during the duration of the litigation, Class Counsel employed only five litigators. As a result, and considering the number of hours spent on this litigation, Class Counsel focused a significant portion of its resources on obtaining the results here, thus limiting their ability to focus on additional matters. The fourth *Johnson* factor correspondingly supports the instant request. *See In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d at 1365 ("It is uncontroverted that the time spent on the Action was time that could not be spent on other matters. This factor too supports the requested fee.").

**F.  The results obtained favor approval of the fee and expense request.**

The eighth *Johnson* factor also compels approval. Defendant will create a settlement fund of $99,220 for the benefit of the members of the Class, with each class member who does not request exclusion receiving $10. In addition, Plaintiff will receive $1,000, which is the maximum "additional" damages available to her under the statute and, subject to Court approval, an additional $1,500 as an incentive award for her commitment to the class members.

Class damages here were capped at $500,000. *See* 15 U.S.C. § 1682k(A)(2)(B). And there was no guarantee of full statutory damages at trial because the FDCPA's damages provision is permissive rather than mandatory. That is, the law provides for awards up to certain amounts— $1,000 for Plaintiff, and $500,000 for the class—after balancing such factors as the nature of Defendant's noncompliance, the number of persons adversely affected, and the extent to which Defendant's noncompliance was intentional. *See* 15 U.S.C. § 1692k(b)(2). Accordingly, even had

16

Plaintiff prevailed at trial, the jury may have awarded little in the way of statutory damages, or even none at all. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

The risk of a minimal damages award was not hypothetical. Indeed, earlier in this case, this Court found that Plaintiff and the class members would have been entitled to only nominal damages of $1.00 each. *See Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1324 (M.D. Fla. 2016), *vacated and remanded,* 706 F. App'x 529 (11th Cir. 2017) ("Having considered these factors and the parties' briefs, the Court finds that the statutory award in this case should be nominal, whether that award applies to Dickens alone or a class of plaintiffs."); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, No. 1:06 CV 1397, 2011 WL 1434679, at *11 (N.D. Ohio 2011) (analyzing the factors set forth in 15 U.S.C. § 1692k, and awarding no "additional damages" to members of the class). But here, through settlement, Plaintiff has secured significantly more for herself and the Class.

The settlement also resulted in a change to Defendant's form debt collection letters, which will benefit all consumers who encounter Defendant's debt collection efforts in the future. This relief may not have been available to the Class even had Plaintiff prevailed at trial. *Hicks v. Client Servs., Inc.*, No. 07–61822–CIV, 2008 WL 5479111, *10 (S.D. Fla. Dec. 11, 2008) ("As this Court has previously found, the FDCPA 'specifically provide[s] for money damages as the appropriate relief,' but does not specifically provide for injunctive relief."). Thus, the result in this case— against the backdrop of the limitations imposed by the FDCPA—constitutes an excellent result for

Plaintiff and the members of the Class. This successful resolution supports the requested fee and expense award.

### G. Awards in similar cases favor approval of the fee and expense request.

Courts also analyze whether the requested fee award "comports with customary fee awards in similar cases." *See Gevaerts v. T.D. Bank*, No. 11:14-cv-20744-RLR, 2015 WL 6751061, at *13 (S.D. Fla. Nov. 11, 2015). The fee requested by Class Counsel here is in line with fee awards in other consumer class actions under fee-shifting statutes. *See, e.g.*, *Grant v. Ocwen Loan Servicing*, No.: 3:15-cv-01376-J-34-PDB, 2019 WL 367648, at *9 (M.D. Fla. Jan. 30, 2019) (Howard, J.) (awarding $150,000 in attorneys' fees and expenses in FDCPA class action); *Globus v. Pioneer Credit Recovery, Inc.*, 15-CV-152V, 2016 WL 4069285, at *3 (W.D.N.Y. July 27, 2017) (awarding $172,500 in attorneys' fees and expenses in class action under the FDCPA and Electronic Funds Transfer Act); *McWilliams*, 2017 WL 2625118, at *3 (awarding attorneys' fees of $116,562.50 and expenses in the amount of  $1,782.55 in FDCPA class action); *Blandina v. Midland Funding, LLC*, No. 13-11792, 016 WL 3101270, at *8 (E.D. Pa. June 1, 2016) (awarding $245,000 in attorneys' fees and expenses in FDCPA class action); *Alexander v. Coast Prof'l Inc.*, No. 12-1461, 2016 WL 861329, at *8 (E.D. Pa. Mar. 7, 2016) (awarding $185,000 in attorneys' fees and expenses in FDCPA class action); *Good*, 2016 WL 929368, at *15 (awarding attorneys' $125,000 in attorneys' fees and expenses in FDCPA class action); *Roundtree*, 2016 WL 360721, at *2 (awarding attorneys' fees and expenses of $170,000 in FDCPA class action); *Donnelly v. EquityExperts.org, LLC*, No. 4:13–CV–10017–TGB, 2015 WL 249522, at *2 (E.D. Mich. Jan. 14, 2015) (awarding attorneys' fees of $90,000 and expenses in the amount of $5,947.58 in FDCPA class action); *Bragg*, 2007 WL 2781105, at *5 (awarding attorneys' fees of $650,000 and expenses

in the amount of $60,000 in class action under Truth in Lending Act, Florida Motor Vehicle Financing Act, and the Florida Deceptive and Unfair Trade Practices Act.).

**H. That no class members have objected to the requested fee and expense award supports its approval.**

While not a recognized *Johnson* factor, courts also look to the class's response in considering the reasonableness of a proposed fee and expense award. Class members here were provided direct mail notice of the settlement and of the requested fee and expense award. Significantly, to date, no class members have objected to any part of the settlement.  The absence of any objections strongly indicates that the requested attorneys' fee and expense award is fair and reasonable and should be approved. *See Cox v. Sprint Commc'ns Co. L.P.*, No. 6:10-CV-01262-KGG, 2012 WL 5512381, at *4 (D. Kan. Nov. 14, 2012) ("The absence of objections or disapproval by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable."); *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("Here, none of the over 18,000 Class members has objected to Class Counsel's fee request. That this sizeable class did not give rise to a single objection on the fees request further justifies the full award."); *Ressler*, 149 F.R.D. at 656 ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request."); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1204 (S.D. Fla. 2006) ("The lack of significant objection from the Class supports the reasonableness of the fee request.").

**I.  The fee was negotiated with the help of an experienced mediator.**

Lastly, it is worth noting that both the settlement and the attorneys' fees amount were negotiated at a full-day mediation in Houston, Texas before the Hon. Elizabeth Ray (Ret.).[9] Notably, the attorneys' fees were negotiated *after* the parties negotiated the settlement fund. *Accord Bragg*, 2007 WL 2781105, at *5 ("The Class Settlement was bifurcated to address and finalize the terms of the Class recovery, prior to negotiating and resolving fees and costs."). The fact that the attorneys' fees amount was reached with the aid of an experienced mediator further supports that Class Counsel's request is reasonable. *See, e.g.*, *Galvez v. Touch-Tel U.S.A.*, No. 08–CV–5642–RGK (JCx), 2013 WL 12238943, at *2 (C.D. Cal. Oct. 9, 2013) ("Furthermore, the parties negotiated the attorneys' fees and costs provision with the assistance of an experienced mediator appointed by the Ninth Circuit, Mr. Liacouras, and reached their result after agreeing on the substantive terms of the class settlement."); *accord Whitehead v. Advance Stores Co. Inc.*, No. 5:16–cv–250–Orl–37PRL, 2017 WL 2404922, at *1 (M.D. Fla Jan. 9, 2017) (Dalton, Jr., J.) ("The Court finds that the Settlement was of informed, good-faith, arms'-length negotiations between the Parties, assisted by experienced counsel and supervised by an experienced mediator.").

## Conclusion

The Supreme Court has observed that without the possibility of recovering an attorneys' fee, most class actions would never be filed. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) (observing that "[w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class action device"). Attorneys

---

[9]     Before becoming a mediator, Judge Ray was a civil trial judge in Texas state court for over 20 years. *See* http://judgeelizabethray.com/adr/ (last accessed March 18, 2019).

who undertake the risk to vindicate legal rights that may otherwise go unredressed function as "private attorneys general." *Id*. at 338.

Here, by obtaining cash compensation for thousands of Florida consumers, as well as a change in Defendant's business practices, after litigating this case for nearly three years on a contingency fee basis, Class Counsel filled exactly this role. As such, Plaintiff respectfully requests that this Court approve an award of attorneys' fees and expenses in the total amount of $270,000.

### Rule 7.1(a)(3) Certification

Undersigned counsel has conferred with counsel for Defendant, who does not oppose the requested relief.

Dated: March 19, 2019

*/s/ James L. Davidson*
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33486
Telephone: (561) 826-5477
Facsimile: (561) 961-5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Class Counsel

<u>**Certificate of Service**</u>

     I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on March 19, 2019, via the Court Clerk's CM/ECF system, which will provide notice to the following counsel of record:

Ryan K. Hilton, Esq.
Jessica R. Stillwell, Esq.
Butler Weihmuller Katz Craig LLP
400 N. Ashley Dr., Ste 2300
Tampa, FL 33602

Counsel for Defendant

                                                 */s/ James L. Davidson*
                                                 James L. Davidson