UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------------------------------x
:
TERRI E. DICKENS, on behalf of the estate of :   **Civil Action No.: 8:16-cv-00803-JSM-TGW**
Ronnie E. Dickens and others similarly :
situated, :
:
              Plaintiff, :
:
  v. :
:
:
GC SERVICES LIMITED PARTNERSHIP, :
:
             Defendant. :
---------------------------------------------------------------x

**DECLARATION OF JAMES L. DAVIDSON IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, James L. Davidson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. My name is James L. Davidson.

2. I am over twenty-one years of age and am fully competent to make the statements contained in this Declaration.

3. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

4. I am admitted to practice before this Court.

5. I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR"), counsel for Terri E. Dickens ("Plaintiff"), and Class Counsel in the above-titled action. I make this declaration in support of Plaintiff's unopposed motion for an award of attorneys' fees and expenses.

1

6.   The purpose of this declaration is to set forth the factual basis for why the unopposed application for attorneys' fees and expenses is reasonable and should be approved by this Court.

## Class Counsel

7.   GDR has been appointed class counsel in a host of class actions throughout the country, including many brought under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"). *See, e.g.*, *Spencer v. #1 A LifeSafer of Airz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019); *Knapper v. Cox Commc'ns, Inc.*, --- F. Supp. 3d ----, 2019 WL 467163 (D. Ariz. Feb. 6, 2019); *Dickens v. GC Servs. Ltd. P'ship*, 336 F. Supp. 3d 1369 (M.D. Fla. 2018) (Moody, J.); *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP, 2017 WL 6026494 (M.D. Fla. Dec. 4, 2017) (Lazzara, J.); *Johnson v. NPAS Solutions, LLC*, No.: 9:17-cv-80393, 2017 WL 6060778 (S.D. Fla. Dec. 4, 2017); *Beck v. Thomason Law Firm, LLC*, No. 1:16-cv-00570-WJ-KK2017 WL 3267751 (D.N.M. July 27, 2017); *Brown v. Hunt & Henriques*, No. 15-1111, ECF No. 55 (N.D. Cal. Nov. 18, 2016); *Jallo v. Resurgent Capital Servs., L.P.*, No. 14-449, 2016 WL 6610322 (E.D. Tex. Nov. 8, 2016); *Rhodes v. Nat'l Collection Sys., Inc.*, 317 F.R.D. 579 (D. Colo. 2016); *Gonzalez v. Germaine Law Office PLC*, No. 15-1427, 2016 WL 5844605 (D. Ariz. Oct. 3, 2016); *McCurdy v. Prof'l Credit Serv.*, No. 15-1498, 2016 WL 5853721 (D. Or. Oct. 3, 2016); *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016); *Cross v. Wells Fargo Bank, N.A.*, No. 15-1270, 2016 WL 4432723 (N.D. Ga. Aug. 18, 2016); *Lehmeyer v. Messerli & Kramer, P.A.*, No. 15-2419, ECF No. 61 (D. Minn. Aug. 10, 2016); *Johnson v. Navient Sols., Inc.*, 315 F.R.D. 501 (S.D. Ind. 2016); *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-152, 2016 WL 4069285 (W.D.N.Y. July 27, 2016); *Kausch v. Berman & Rabin, P.A.*, No. 15-537, 2016 WL 3944685 (E.D. Mo. July 8, 2016); *Schell v. Frederick J. Hanna*

*& Assocs., P.C.*, No. 15-418, 2016 WL 3654472 (S.D. Ohio July 8, 2016); *Chamberlin v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 15-2361, ECF No. 44 (D.N.J. June 2, 2016); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016); *Garza v. Mitchell Rubenstein & Assocs., P.C.*, No. 15-1572, ECF No. 22 (D. Md. Apr. 26, 2016); *Baldwin v. Glasser & Glasser, P.L.C.*, No. 15-490, ECF No. 20 (E.D. Va. Mar. 24, 2016); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016); *Prater v. Medicredit, Inc.*, No. 14-159, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337 (S.D. Miss. 2015); *Oaks v. Parker L. Moss, P.C.*, No. 15-196, 2015 WL 5737595 (N.D. Ind. Sept. 29, 2015); *Jones v. I.Q. Data Int'l, Inc.*, No. 14-130, 2015 WL 5704016 (D.N.M. Sept. 23, 2015); *Lambeth v. Advantage Fin. Servs., LLC*, No. 15-33, 2015 WL 4624008 (D. Idaho Aug. 3, 2015); *Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096 (D. Colo. 2015); *Roundtree v. Bush Ross, P.A.*, 304 F.R.D 644 (M.D. Fla. 2015) (Whittemore, J.); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329 (S.D. Fla. Feb. 23, 2015).

8. I worked on this matter along with Michael Greenwald, Aaron Radbil, Jesse Johnson and Alexander Kruzyk. Mr. Greenwald and I both have more than fifteen years of litigation experience, including in excess of ten years litigating class actions. I graduated from law school in 2003 while Mr. Greenwald graduated in 2004. Mr. Radbil graduated from law school in 2006 and has more than twelve years of years of litigation experience, with a significant portion of that time devoted to class actions. Mr. Johnson graduated from law school in 2009 and has more than nine years of litigation experience, during which time he focused his practice entirely on class action litigation. Mr. Kruzyk graduated from law school in 2014 and has more than four years of litigation experience, during which time he focused his practice entirely on class action litigation.

9.      More information about GDR is available on the firm's website at www.gdrlawfirm.com.

### Class Counsel's Reasonable Attorneys' Fees

10.     GC Services Limited Partnership ("Defendant") has agreed to pay class counsel a total of $270,000 in attorneys' fees and litigation expenses, and to pay those monies separate and apart from the class settlement fund.

11.     Not only has Defendant agreed to pay $270,000 in attorneys' fees and expenses, but all class members were apprised of class counsel's request via direct mail notice. To date, no class member has objected to the fee and expense award, or any other part of the settlement.

12.     Likewise, Defendant provided notice of this settlement to the requisite government agencies pursuant to the Class Action Fairness Act ("CAFA"). To date, no objections to the settlement, or the requested attorneys' fees and expenses, resulted from the CAFA notice.

13.     The requested attorneys' fees and expenses are fair and reasonable. Indeed, this case has been pending for nearly three years, and involved detailed motion practice and an appeal to the Eleventh Circuit. In fact, motion practice in this case resulted in five opinions available on Westlaw:

- *Dickens v. GC Servs. Ltd. P'ship*, No: 8:16-cv-803-T-30TGW, 2016 WL 3917530, at *2 (M.D. Fla. July 20, 2016) (denying Defendant's motion to dismiss for lack of subject matter jurisdiction);

- *Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1326 (M.D. Fla. 2016) (granting Plaintiff summary judgment as to liability and denying motion for class certification);

- *Dickens v. GC Servs. Ltd. P'ship*, 706 F. App'x 529, 539 (11th Cir. 2017) (vacating award of nominal damages to Plaintiff and denial of class certification);

- *Dickens v. GC Servs. Ltd. P'ship*, No. 8:16-CV-803-T-30TGW, 2018 WL 4732478 (M.D. Fla. Oct. 2, 2018) (granting renewed motion for class certification and denying motion to compel arbitration); and

- *Dickens v. GC Servs. Ltd. P'ship*, No. 8:16-CV-803-T-30TGW, 2019 WL 311335 (M.D. Fla. Jan. 24, 2019) (granting preliminary approval of class action settlement).

14. More specifically, Plaintiff's attorneys have devoted significant time and resources to this case by, *inter alia*: (a) researching and preparing the class action complaint, ECF No. 1; (b) preparing the case management report, ECF No. 12; (c) researching, opposing, and prevailing on, Defendant's motion to stay discovery, ECF No. 15; (d) researching, opposing, and prevailing on, Defendant's motion to dismiss for lack of subject matter jurisdiction, ECF No. 20; (e) researching and briefing Plaintiff's motions for class certification, ECF Nos. 27, 31, 39, 46; (f) propounding multiple sets of requests for production and interrogatories directed to Defendant; (g) responding to Defendant's written discovery; (h) taking the deposition of Defendant's corporate representative; (i) traveling to Tampa to defend Plaintiff's deposition; (j) researching, briefing, and prevailing on, Plaintiff's motion for summary judgment as to liability, ECF Nos. 32, 44; (k) researching, briefing, and prevailing on, an appeal to the Eleventh Circuit; ECF Nos. 50-52, (l) participating in a mediation as directed by the Eleventh Circuit; (m) obtaining permission to substitute a new plaintiff after the passing of Ronnie Dickens, ECF Nos. 59-60; (n) preparing the joint proposed scheduling order following remand from the Eleventh Circuit, ECF No. 62; (o) researching, briefing, and prevailing on, Plaintiff's renewed motion for class certification, ECF Nos. 65, 77; (p) negotiating a protective order for purposes of sharing confidential materials during discovery, ECF No. 68; (q) researching and briefing a motion to strike supplemental briefing on Plaintiff's renewed class certification motion, ECF No. 79; (r) researching and briefing a motion to compel Defendant's production of certain documents, ECF No. 80; (s) traveling to, and attending, a hearing in Tampa regarding the same; (t) researching, briefing, and prevailing on, Defendant's motion to dismiss, and compel arbitration, ECF No. 87; (u) researching and preparing

5

a motion in limine, ECF No. 99; (v) researching and briefing an objection to the magistrate judge's order denying Plaintiff's motion to compel document production, ECF No. 102; (w) traveling to, and attending, mediation in Houston, Texas; (x) drafting and negotiating the parties' settlement agreement; (y) preparing Plaintiff's motion for preliminary approval of the settlement; (z) coordinating with the settlement administrator, ECF No. 111; and (aa) preparing this fee petition, among other tasks.

15. Moreover, both the settlement and the attorneys' fees amount were negotiated at a full-day mediation in Houston, Texas before the Hon. Elizabeth Ray (Ret.), a retired Texas state court judge with over 20 years on the bench. Notably, the attorneys' fees were negotiated *after* the parties negotiated the settlement fund. Based on the quality of Class Counsel's work, the reasonable hours expended, the benefits obtained for Plaintiff and the Class in light of the risks of litigation, the fact that the attorneys' fees amount was reached with the aid of an experienced mediator, and given Defendant's agreement to pay Class Counsel's attorneys' fees, the requested fee and expense award is reasonable and should be approved.

16. In short, my firm worked extremely diligently to develop this case, attain certification of the class, and shepherd this case through preliminary approval.

17. As of the date of this Declaration, GDR has spent a total of 612.2 hours litigating this case. I, as the lead attorney on this case, have spent a total of 346.4 hours. Four of the firm's other attorneys, Michael L. Greenwald, Aaron D. Radbil, Jesse S. Johnson, and Alexander D. Kruzyk, spent a total of 265.8 hours. More specifically, Mr. Greenwald spent 52.9 hours, Mr. Radbil has spent 129.6 hours, Mr. Johnson has spent 42.4 hours, and Mr. Kruzyk spent 40.9 hours.

18. The hours spent by Mr. Greenwald, Mr. Radbil, Mr. Johnson and Mr. Kruzyk largely entailed assisting in motion practice, including reviewing and revising pleadings and

engaging in litigation strategy. Mr. Radbil also attended mediation in Houston and assisted in the appeal to the Eleventh Circuit.

19. The time included herein is evidenced by my firm's electronically stored time records, which are entered contemporaneously with the respective task to which they relate. These time records accurately reflect the work performed.[1]

20. Mr. Greenwald, Mr. Radbil and I bill at a rate of $450 per hour, while Mr. Johnson bills at a rate of $400 per hour and Mr. Kruzyk bills at a rate of $350 per hour.

21. Thus, as of the date of this declaration, GDR's lodestar is $269,280.

22. In addition, I conservatively estimate that this case will require an additional 25-40 hours of work to complete. That time will be spent preparing Plaintiff's motion for final approval of settlement, for my travel between Boca Raton and Tampa for the final fairness hearing set for May 23, 2019, preparing for and attending the final fairness hearing, conferring with class members and the class administrator, and any other related matters necessary to conclude this case.

23. Including the estimated 25-40 hours of additional time necessary to bring this case to its conclusion yields a total expected lodestar of between $280,530 and $287,280.

**Reimbursement of Litigation Expenses Incurred**

24. Subsumed within GDR's fee and expense request is the reimbursement of litigation costs and expenses reasonably incurred in connection with the prosecution of this action. Such expenses are reflected in the books and records maintained by undersigned counsel, which are an accurate recording of the expenses incurred.

---

[1] Class Counsel will file detailed billing statements with the Court should the Court desire to see them.

25. To date Class Counsel has incurred $6,332.89 in expenses, which include, among other things, the filing fee of the complaint, the fee for service of process, costs related to the appeal to the Eleventh Circuit, costs associated with mediation in Houston, including mediator fees, airfare and hotel, court reporter costs, including copies of deposition transcripts, and costs for travel to proceedings in Tampa, including hotel.

26. I respectfully submit that the requested fee and expense award of $270,000.00—which is unopposed by Defendant, and which will be less than my firm's combined lodestar and expenses at the conclusion of this case—is reasonable for a certified class action, particularly one where class members will receive cash benefits and which resulted in a change in Defendant's business practices.

## Conclusion

27. For the reasons stated above and in the accompanying motion, I respectfully submit that Plaintiff's unopposed motion for approval of an award of attorneys' fees and reimbursement of litigation expenses should be granted in its entirety.

Executed on March 19, 2019

By: *s/ James L. Davidson*
James L. Davidson