UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRI E. DICKENS, on behalf of the estate
of Ronnie E. Dickens and other similarly
situated,

v.  Case No: 8:16-cv-803-T-30TGW

GC SERVICES LIMITED
PARTNERSHIP,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Unopposed Motion for Approval of an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (Dkt. 116). On January 24, 2019, the Court preliminarily approved the parties' settlement. The Court directed the parties to move for attorneys' fees by March 19, 2019. The Court also ordered any objections be filed by April 9, 2019. The Court received no objections.

## DISCUSSION

The Eleventh Circuit has recognized that, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. The applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked. *Hensley*, 461 U.S. at 433.

Plaintiff seeks $270,000 in attorneys' fees and costs.[1] According to the Motion, Class Counsel expended 612.2 hours of work on this case. Class Counsel estimates it will spend an additional 25 to 40 hours preparing for the fairness hearing, communicating with class members, and conferring with the settlement administrator. The Court concludes that the total amount of time is reasonable. As for the billing rates, Class Counsel charged associate and partner rates ranging from $350 to $450 per hour. The Court agrees that for this type of litigation and the market rate in Tampa, the rates are reasonable.

The Court also concludes that the specific award of fees and costs is reasonable because it was negotiated at a full-day mediation. And before Plaintiff filed her Motion, a settlement administrator notified all potential class members about the settlement terms, including the amount of attorneys' fees and costs Plaintiff requested. No class member objected to the settlement. No class member or party objected to the instant Motion either. Though the Court would ordinarily not award expenses incurred for counsel to travel to Tampa, the parties have agreed to reimburse some of these costs. The Court will not disturb this agreement. Accordingly, the Court grants the Unopposed Motion for fees and costs.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion (Dkt. 116) is GRANTED. Plaintiff is entitled to recover $270,000 in fees and costs.

---

[1] Plaintiff notes that this amount is less than the lodestar calculation.

2. Plaintiff is directed to file a Bill of Costs with the Court, for the requested $6,332.89.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of April, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record