# EXHIBIT 1



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

January 25, 2019

**VIA FIRST CLASS MAIL & CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
The Honorable Matthew G. Whitaker
Acting Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

> RE:   *Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens and other*
> *similarly situated v. GC Services Limited Partnership*, United States District
> Court for the Middle District of Florida, Tampa Division, Case No. 8:16-cv-
> 00803-JSM-TGW

Dear Attorney General Whitaker:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant GC
Services Limited Partnership, through undersigned counsel, writes to give notice of a
proposed settlement in the above-referenced matter.

On January 14, 2019, Plaintiff's Counsel filed Plaintiff's Unopposed Motion for Preliminary
Approval of Class Action Settlement ("Motion for Preliminary Approval") and exhibits.

The Settlement Agreement contemplates that the Court will certify a class, for settlement
purposes only, defined as:

> (1) All persons with a Florida address, (2) to whom GC
> Services Limited Partnership mailed an initial communication
> that stated: (a) "if you do dispute all or any portion of this debt
> within 30 days of receiving this letter, we will obtain verification
> of the debt from our client and send it to you," and/or (b) "if
> within 30 days of receiving this letter you request the name and
> address of the original creditor, we will provide it to you in the
> event it differs from our client, Synchrony Bank, "(3) between
> April 4, 2015 and April 4, 2016, (4) in connection with the
> collection of a consumer debt, (5) that was not returned as
> undeliverable to GC Services Limited Partnership.

Enclosed with this letter are the following materials: (i) the Class Action Complaint; (ii) the
Unopposed Motion for Preliminary Approval, and all supporting exhibits, *i.e.*, Declaration of
James L. Davidson in Support of the Motion for Preliminary Approval; Class Action
Settlement Agreement and Release; the proposed Order Preliminarily Approving the
Settlement; the proposed short and long form notices to class members; the proposed



The Honorable Matthew G. Whitaker
January 25, 2019
Page 2

Order Preliminarily Approving Settlement; the proposed Final Order and Judgment; and (iii) Notice of Filing of Corrected Proposed Order Preliminarily Approving Settlement.   Also enclosed is the signed and filed Order Preliminarily Approving Settlement.

Under the terms of the Settlement Agreement, GC Services will create a settlement fund of $99,220 for the benefit of the 9,922 members of the class and, as a result, each participating class member will receive $10.  Separate from the class settlement fund, GC Services (i) will pay all costs of class notice and settlement administration; (ii) will pay the named Plaintiff statutory damages of $1,000 and an incentive award of $1,500; and (iii) will pay class counsel's reasonable attorney's fees, costs and expenses up to $270,000. Additionally, going forward, GC Services will no longer use the form of debt collection letter sent to class members.

The class size for this matter is estimated to be made up of 9,922 individuals, all of whom are believed to have resided in the State of Florida at the time the letters were sent as set forth in the class definition.

The Court in this matter has set a final approval hearing for May 23, 2019.  There are no other agreements between class counsel and counsel for Defendant, there are no final judgments or notices of dismissal in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Sincerely,

Ryan K. Hilton, Esq.,
*Counsel for*
*GC Services Limited Partnership*

Enclosures
cc: Class Counsel



TAMPA
DALLAS
CHICAGO
CHARLOTTE
PHILADELPHIA
TALLAHASSEE
MOBILE
MIAMI

January 25, 2019

**VIA FIRST CLASS MAIL & CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
The Honorable Ashley Moody
Attorney General for the State of Florida
Office of Attorney General
The Capitol PL-01
Tallahassee, FL 32399-1050

> RE:  *Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens and other*
> *similarly situated v. GC Services Limited Partnership*, United States District
> Court for the Middle District of Florida, Tampa Division, Case No. 8:16-cv-
> 00803-JSM-TGW

Dear Attorney General Moody:

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant GC Services Limited Partnership, through undersigned counsel, writes to give notice of a proposed settlement in the above-referenced matter.

On January 14, 2019, Plaintiff's Counsel filed Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") and exhibits.

The Settlement Agreement contemplates that the Court will certify a class, for settlement purposes only, defined as:

> (1) All persons with a Florida address, (2) to whom GC
> Services Limited Partnership mailed an initial communication
> that stated: (a) "if you do dispute all or any portion of this debt
> within 30 days of receiving this letter, we will obtain verification
> of the debt from our client and send it to you," and/or (b) "if
> within 30 days of receiving this letter you request the name and
> address of the original creditor, we will provide it to you in the
> event it differs from our client, Synchrony Bank, "(3) between
> April 4, 2015 and April 4, 2016, (4) in connection with the
> collection of a consumer debt, (5) that was not returned as
> undeliverable to GC Services Limited Partnership.

Enclosed with this letter are the following materials: (i) the Class Action Complaint; (ii) the Unopposed Motion for Preliminary Approval, and all supporting exhibits, *i.e.*, Declaration of James L. Davidson in Support of the Motion for Preliminary Approval; Class Action Settlement Agreement and Release; the proposed Order Preliminarily Approving the Settlement; the proposed short and long form notices to class members; the proposed



The Honorable Ashley Moody
January 25, 2019
Page 2


Order Preliminary Approving Settlement; the proposed Final Order and Judgment; and (iii) Notice of Filing of Corrected Proposed Order Preliminarily Approving Settlement.   Also enclosed is the signed and filed Order Preliminarily Approving Settlement.

Under the terms of the Settlement Agreement, GC Services will create a settlement fund of $99,220 for the benefit of the 9,922 members of the class and, as a result, each participating class member will receive $10.  Separate from the class settlement fund, GC Services (i) will pay all costs of class notice and settlement administration; (ii) will pay the named Plaintiff statutory damages of $1,000 and an incentive award of $1,500; and (iii) will pay class counsel's reasonable attorney's fees, costs and expenses up to $270,000. Additionally, going forward, GC Services will no longer use the form of the debt collection letter sent to class members.

The class size for this matter is estimated to be made up of 9,922 individuals, all of whom are believed to have resided in the State of Florida at the time the letters were sent as set forth in the class definition.

The Court in this matter has set a final approval hearing for May 23, 2019.  There are no other agreements between class counsel and counsel for Defendant, there are no final judgments or notices of dismissal in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

We appreciate your time and attention to this matter. Please contact me with any questions or concerns.

Sincerely,

Ryan K. Hilton, Esq.
*Counsel for*
*GC Services Limited Partnership*


Enclosures
cc: Class Counsel

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

```
────────────────────────────── x
                                :
RONNIE E. DICKENS, on behalf of himself   :
and others similarly situated,  :
                                :
            Plaintiff,          :
                                :
     v.                         :
                                :
                                :
GC SERVICES LIMITED PARTNERSHIP, :
                                :
            Defendant.          :
                                :
────────────────────────────── x
```

**Civil Action No.:**

**COMPLAINT - - CLASS ACTION**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1.     This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.     Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).  As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—recently explained, "[h]armful debt collection practices remain a significant concern today. The CFPB receives more consumer complaints about debt collection practices

1

than about any other issue."[1]  In fact, in 2013, over one-third of the complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

3.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a). A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

4.      Pertinent here, the validation notice must advise the consumer of her rights to dispute the debt and to request, in writing, that the debt collector "obtain verification of the debt or a copy of a judgment against the consumer" and mail "a copy of such verification or judgment" to the consumer. *Id*., § 1692g(a)(4).

5.      If the consumer disputes the debt in writing within thirty days of receiving such a notice, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mails the consumer a copy of that verification. *Id.*, § 1692g(b).

6.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, Hernandez v. Williams, Zinman, & Parham, P.C., No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2014* at 12 (2014), http://files.consumerfinance.gov/f/201403_cfpb_fair-debt-collection-practices-act.pdf

of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

7.     This case centers on the failure of GC Services Limited Partnership ("Defendant") to properly provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to consumers in Florida, or within five days thereafter.

## PARTIES

8.     Ronnie E. Dickens ("Plaintiff") is a natural person who at all relevant times resided in Lakeland, Florida.

9.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes— namely, a personal credit card debt allegedly owed to Synchrony Bank (the "Debt").

11.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.     Defendant is a limited partnership based in Houston, Texas that holds itself out as one of the debt collection industry's leading business process outsourcing providers.

13.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

15.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

16.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

17.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## FACTUAL ALLEGATIONS

19.     On or about December 24, 2015, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.  A true and correct copy of the relevant page of the December 24, 2015 communication is attached hereto as Exhibit A.

20.     The December 24, 2015 communication was the first communication Plaintiff received from Defendant concerning the Debt.

21.     Plaintiff did not receive any additional communications from Defendant within five days of the December 24, 2015 communication.

22.     The December 24, 2015 communication to Plaintiff stated, "Your Sam's Club MasterCard Account, which was issued by and owed to Synchrony Bank, has been referred to us by our client for collection."  *See* Ex. A.

23.     The December 24, 2015 communication then advised Plaintiff, in pertinent part:

As of the date of this letter, our records show you owe a balance of $7,573.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please contact us.  If you do not dispute this debt within 30 days after you receive this letter, we will assume the debt is valid.

**However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.**

Ex. A (emphasis added).

24.     The December 24, 2015 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt, or a copy of the judgment, if any, to him if he notified Defendant, *in writing,* that he disputed the Debt. *See Bishop v. Ross Earle & Bonan, P.A.*, No. 15–12585, --- F.3d ----, 2016 WL 1169064, at *5 (11th Cir. Mar. 25, 2016) ("We reject the notion that § 1692g gives debt collectors discretion to omit the 'in writing' requirement or cure improper notice by claiming waiver. The statute is clear. The debt collector 'shall' notify the consumer of her right to dispute the debt in writing.").

25.     Further, Defendant's December 24, 2015 communications also violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide him the name and address of the original creditor, if different from the current creditor, if he notified Defendant of such request, *in writing*.

26.     That is, a debt collector need only provide verification of a debt, or a copy of an applicable judgment, if the consumer disputes the debt in writing within the thirty-day period, and a debt collector need only provide the name and address of the original creditor if requested to do so by a consumer in writing within the thirty-day period.  By failing to include this "in writing" requirement in its initial debt collection letter, Defendant misstated Plaintiff's rights under the FDCPA.

27.     Defendant's misstatement of the rights afforded by the FDCPA would cause the least-sophisticated consumer to understand, incorrectly, that validation of the debt, or a request for the name and address of the original creditor, could be obtained through an oral request, or by means other than in writing.    Such a misunderstanding could lead the least-sophisticated consumer to waive or otherwise not properly vindicate her rights under the FDCPA.

28.     Indeed, failing to dispute the debt *in writing*, or failing to request the name and address of the original creditor, *in writing*, would cause a consumer to waive the important protections afforded by 15 U.S.C. § 1692g(b)—namely, that a debt collector cease contacting the consumer until the debt collector provides the consumer with verification of the alleged debt and/or the original creditor's name and address, as requested.

29.     As one district court explained:

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice. Section 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30–day period, the collector must cease collection activities until he obtains the verification or information required by subsections 1692g(a)(4) and (a)(5). But if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. *Withers v. Eveland,* 988 F. Supp. 942, 947 (E.D.Va.1997). An oral dispute "triggers multiple statutory protections," but these protections are not identical to those triggered by a written dispute. *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005). As the Ninth Circuit has explained, the FDCPA "assigns lesser rights to debtors who orally dispute a debt and greater rights to debtors who dispute it in writing." *Id*. at 1082.

*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011); *see also Bishop*, 2016 WL 1169064, at *8 ("The 'initial communication' alleged in this case states a claim under § 1692e because it misstates the law, omits a material term required by § 1692g(a), and misrepresents consumer rights under the FDCPA.").

## CLASS ACTION ALLEGATIONS

30.     Plaintiff bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> (a) All persons with a Florida address, (b) to whom GC Services Limited Partnership mailed an initial debt collection communication that stated: (1) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (2) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (c) in the one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

31.     The proposed class satisfies Fed. R. Civ. P. 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed class is ascertainable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

32.     The proposed class satisfies Fed. R. Civ. P. 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.  To be sure, the claims of Plaintiff and all of the members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

33.     Plaintiff satisfies Fed. R. Civ. P. 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and

competent in class action litigation.  Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

35.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

36.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.  Among the issues of law and fact common to the class are:

    a.   Defendant's violations of the FDCPA as alleged herein;

    b.   Defendant's failure to properly provide in its initial debt collection letter the disclosures required by 15 U.S.C. § 1692g;

    c.   Whether Defendant is a debt collector as defined by the FDCPA;

    d.   the existence of Defendant's identical conduct particular to the matters at issue;

    e.   the availability of statutory penalties; and

    f.   the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(4)

37.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36.

38.     The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

39.    Defendant's December 24, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), and Defendant did not provide such disclosures within five days thereafter.

40.    Specifically, the December 24, 2015 communication violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the Debt to him, and a copy of any judgment, if he notified Defendant that he disputed the Debt, or any portion thereof, *in writing*.

41.    As a result, Defendant violated 15 U.S.C. § 1692g(a)(4).

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(a)(5)

42.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36.

43.    The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44.     Defendant's December 24, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), and Defendant did not provide such disclosures within five days thereafter.

45.     Specifically, the December 24, 2015 communication violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide him the name and address of the original creditor, if different from the current creditor, if he notified Defendant of his request for that information *in writing*.

46.     As a result, Defendant violated 15 U.S.C. § 1692g(a)(5).

## COUNT III: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 36.

48.     The FDCPA at 15 U.S.C. § 1692e provides, in pertinent part, that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49.     Defendant's December 24, 2015 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(a)(5), and Defendant did not provide such disclosures within five days thereafter.

50.     As a result, Defendant misstated the law, and misrepresented consumer rights under the FDCPA, in violation of 15 U.S.C. § 1692e.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

a.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b.     Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5) and 1692e;

c.     Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. §1692k;

d.     Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

e.     Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

f.     Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated:  March 31, 2016           Respectfully submitted,

/s/ James L. Davidson

James L. Davidson (Trial Counsel)
Jesse S. Johnson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class

# Exhibit A



**GC Services Limited Partnership**
**Collection Agency Division**
(877) 431-3767

PO Box 1389
Copperas Cove  TX  76522-5389
RETURN SERVICE REQUESTED

SEND PAYMENT TO:

December 24, 2015

Synchrony Bank/Sam's Club
PO Box 960013
Orlando FL 32896-0013

12745534
|||l||ı||ı|||ı|l|ı|ıııı||ı|ı|ı|ı|ı|ı|ıııı|ı|ı|ı|ı|ı||ı|ı|ı|ıı|ı|ı|ıı
Ronnie Dickens
336 Vallejo CT
Lakeland FL 33809-4231

Acct. #: ***********4713
Balance Due: $7,573.00

***PLEASE DETACH AND RETURN THE UPPER PORTION OF THE STATEMENT WITH YOUR PAYMENT!***

RE: Sam's Club® MasterCard® Account

Dear Ronnie Dickens,

Your Sam's Club® MasterCard® Account, which was issued by and owed to Synchrony Bank, has been referred to us by our client for collection.  We wanted to take this opportunity to introduce ourselves and inform you of your rights under the Fair Debt Collection Practices Act.

As of the date of this letter, our records show you owe a balance of $7,573.00 to Synchrony Bank.  If you dispute this balance or the validity of this debt, please contact us.  If you do not dispute this debt within 30 days after you receive this letter, we will assume this debt is valid.

However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you.  Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

We look forward to working with you in resolving this account.

www.samsclub.com/credit

Sincerely,

Cindy Kreidler
Collection Manager

Balance Due: $7,573.00                    Acct. #: ***********4713

**This is a communication from a debt collector and is an attempt to collect a debt, any information obtained will be used for that purpose.**

**NOTICE:** SEE THE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION
GC Services Limited Partnership – Collection Agency Division – 6330 Gulfton, Houston, TX 77081

JS 44 (Rev 09/10)

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law.

**Plaintiff(s):**

First Listed Plaintiff:
Ronnie E. Dickens ;
**County of Residence:** Polk County

**Defendant(s):**

First Listed Defendant:
GC Services Limited Partnership ;
**County of Residence:** Outside This District

**County Where Claim For Relief Arose:** Polk County

**Plaintiff's Attorney(s):**

James L. Davidson (Ronnie Dickens)

5550 Glades Road, Suite 500
Boca Raton, Florida 33431
**Phone:** 5618265477
**Fax:** 5618265477
**Email:** jdavidson@gdrlawfirm.com

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**Citizenship of Principal Parties** (Diversity Cases Only)

    **Plaintiff:** N/A

    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 890 Other Statutory Actions
**Cause of Action:** 15 U.S.C. 1692
**Requested in Complaint**

    **Class Action:**  Class Action Under FRCP23

    **Monetary Demand (in Thousands):**

    **Jury Demand:** Yes

    **Related Cases:**  Is NOT a refiling of a previously dismissed action

**Signature:** James L. Davidson

**Date:** 03-31-16

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| ————————————————————— x | |
| : | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| TERRI E. DICKENS, on behalf of the estate of : | |
| Ronnie E. Dickens and others similarly : | |
| situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | |
| GC SERVICES LIMITED PARTNERSHIP, : | |
| : | |
| Defendant. : | |
| ————————————————————— x | |

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

### Introduction

This case centers on the alleged failure of GC Services Limited Partnership ("Defendant") to comply with certain provisions of the Fair Debt Collection Practices Act ("FDCPA") when sending initial debt collection letters to Florida consumers. Specifically, Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens ("Plaintiff"), alleged that Defendant's initial debt collection letters did not comply with sections 1692g(a)(4) and (a)(5) of the FDCPA because they failed to include the requisite "in writing" and "written request" disclosures as required by those sections. Defendant denies any liability or that its practices violated the FDCPA.

Following over two years of extensive litigation, including motion practice, certification of the class, and an appeal to the Eleventh Circuit, just before trial, and with the assistance of a seasoned mediator, the parties reached an agreement to resolve this matter whereby Defendant will create a settlement fund of $99,220 for the benefit of the 9,922 members of the class. As a result,

1

each participating class member will receive $10—an amount well in line with analogous class settlements under the FDCPA. In addition, and separate from the settlement fund so as not to dilute class members' recoveries, Defendant also will pay: (1) all costs of class notice and settlement administration, which will include the mailing of notice to each class member and the maintenance of a dedicated settlement website; (2) full statutory damages of $1,000 to the named plaintiff, along with $1,500 as an incentive award for her work on behalf of the class, subject to this Court's approval; and (3) class counsel's reasonable attorneys' fees, costs, and expenses up to $270,000, subject to this Court's approval.

Defendant also will no longer use the form of debt collection letter going forward. This change will benefit not only Plaintiff and the class, but also any other consumers who receive Defendant's debt collection letters in the future.

Considering the statutorily limited damages available to the settlement class under the FDCPA, the risks of continued litigation, the nature of Defendant's conduct and Plaintiff's allegations, as well as the prospective relief afforded by the parties' agreement, the settlement here represents an excellent result for class members.

Accordingly, Plaintiff respectfully requests that this Court enter the accompanying order granting preliminary approval of the settlement and directing the notice program described below. Defendant does not oppose the relief Plaintiff requests by this motion.

**Summary of the Settlement**

I. **The settlement provides monetary compensation for each class member; in addition, Defendant has ceased using the form of debt collection letter at issue.**

This Court previously certified a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure defined as (1) all persons with a Florida address, (2) to whom Defendant mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30

days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to Defendant. ECF No. 96. Defendant represents that there are 9,922 class members, including Plaintiff.

The parties' settlement agreement ("Settlement Agreement")[1] provides that Defendant will create a settlement fund of $99,220, with $10.00 paid to each class member who does not exclude himself or herself from the settlement. To the extent any settlement checks go uncashed after 90 days, Defendant will be entitled to recoup from those unclaimed funds monies up to the costs of administration of the settlement, with the remaining funds going to Bay Area Legal Services Inc. as a *cy pres* recipient.

In addition, Defendant has agreed to cease using the form of debt collection letter at issue. Importantly, Plaintiff might not have obtained this relief had this case gone to trial. *See Midland Funding LLC v. Brent*, 644 F. Supp. 2d 961, 977 (N.D. Ohio 2009) ("This Court agrees that declaratory and injunctive relief are not appropriate under the FDCPA.").[2]

Finally, in addition to the foregoing, and separate and apart from the settlement fund, Defendant will pay $1,000 to the named plaintiff as additional damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), $1,500 to the named plaintiff as an incentive award for her service to the class, the costs of notice and administration, and an award of reasonable attorneys' fees and expenses.

---

[1]     A true and correct copy of the Settlement Agreement is attached as Exhibit A to the Declaration of James L. Davidson, attached as Exhibit 1.

[2]     Unless otherwise indicated, all internal citations and quotations are omitted and all emphasis is added.

## II.     The Settlement Agreement provides for direct mail notice to all class members.

The Settlement Agreement requires an ample notice program consisting of direct mail notice to each member of the class. Defendant has in its possession the names and recent addresses of each class member. The settlement administrator will take all reasonable steps necessary to ensure that each class member receives direct mail notice. The administrator will also maintain a dedicated settlement website where class members can find more detail about the case and the settlement.

To that end, the parties have selected First Class, Inc., a third party, to act as the settlement administrator. First Class, Inc. is an experienced settlement administrator that has previously been approved to administer similar class action settlements. *See, e.g.*, *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 WL 6759382, at *5 (W.D. Wisc. Dec. 29, 2017); *Green v. Dressman Benzinger Lavelle, PSC*, 2014 WL 4816698, at *2 (W.D. Ohio Sept. 18, 2014).

Class members wishing to receive a settlement check will not need to take any action. That is, unless a class member excludes himself or herself from the settlement, that class member will receive $10.

## Argument

## I.     This Court should confirm its certification of the class.

This Court previously certified the class. *See* ECF No. 96. As nothing has changed in the interim, Plaintiff does not believe it necessary to revisit certification in granting preliminary approval. Thus, this Court should confirm its certification of the class.

## II.     This Court should preliminarily approve the parties' settlement as fair, reasonable, and adequate under Rule 23(e).

Rule 23(e) requires that this Court make a preliminary determination of fairness for the class settlement presented:

4

Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by the parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. . . . The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004); *see also* 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS, § 11.25 (4th ed. 2002).

Once the preliminary fairness evaluation has been made and notice has been issued, the Court then holds a final fairness hearing to show that the proposed settlement is truly fair, reasonable, and adequate. *See* MANUAL FOR COMPLEX LITIGATION § 21.633-34; NEWBERG, § 11.25. That is, preliminary approval requires only that this Court evaluate whether the proposed settlement was negotiated at arm's-length and is within the range of possible litigation outcomes such that "probable cause" exists to disseminate notice and begin the formal fairness process. *See* MANUAL FOR COMPLEX LITIGATION § 21.632-33.

A full fairness determination is not necessary at this early juncture; nevertheless, the Eleventh Circuit has identified six factors for analyzing the reasonableness and adequacy of a class action settlement under Rule 23(e): (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement. *Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994); *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1326 (11th Cir. 2013). Rule 23(e) itself requires a court to consider several additional factors,

5

including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e).

Here, each relevant factor supports the conclusion that the settlement is fundamentally fair, adequate, and reasonable, and should be preliminarily approved. And in applying these factors, this Court should be guided foremost by the general principle that settlements of class actions are favored by the courts. *See, e.g.*, *Nelson v. Mead Johnson & Johnson Co.*, 484 F. App'x 429, 434 (11th Cir. 2012) ("Our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."); *Turner v. Gen. Elec. Co.*, No. 2:05-CV-186-FTM-99DN, 2006 WL 2620275, at *2 (M.D. Fla. Sept. 13, 2006) (Steele, J.) ("'Public policy strongly favors the pretrial settlement of class action lawsuits.' Settlement 'has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice.'"); NEWBERG, § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

## A. There was no fraud or collusion behind the parties' settlement.

"Courts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 531 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011). Here, there is no evidence of fraud or collusion. And the parties' arm's-length settlement negotiations, overseen by an experienced mediator, additionally demonstrate the fairness of the settlement that was reached, and that it is not a product of fraud or collusion.

In particular, the parties engaged in contested litigation for well over two years including contested motions to dismiss, for class certification, to compel arbitration, and an appeal of this

Court's initial class certification-related order. Moreover, the parties participated in two separate mediations—first unsuccessfully in April 2017 before a mediator with the Eleventh Circuit Court of Appeals, and then, successfully with the Honorable Elizabeth Ray (Ret.). *See Marty v. Anheuser-Busch Companies, LLC*, No. 13-CV-23656-JJO, 2015 WL 6391185, at *3 (S.D. Fla. Oct. 22, 2015) ("Here, the settlement occurred only after extensive arms' length negotiations overseen by an experienced court-appointed mediator, there is absolutely no evidence of collusion, and the parties negotiated attorneys' fees only after negotiating relief to the Class.").[3]

The settlement was reached after the close of discovery, after the exchange of multiple written settlement demands, after multiple telephone conferences concerning settlement, and at an in-person mediation, all involving experienced counsel. Given, therefore, that there is no collusion or fraud underlying the settlement, this factor strongly supports preliminary approval of the settlement.

### B. The complexity, expense, and duration of the litigation favors preliminary approval.

Turning to the second factor, there is "an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex." *Assoc. for Disabled Am., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002). Indeed, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable[,] and settlement conserves judicial resources." *In Re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003); *see also Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) (public interest in settling

---

[3]      *See also* 2 MCLAUGHLIN ON CLASS ACTIONS § 6:7 (8th ed. 2011) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion.").

litigation is "particularly true in class action suits . . . which frequently present serious problems of management and expense").

Here, at the time of settlement, the case had been proceeding for well over two years. Though this Court had certified the class, the parties still faced substantial obstacles to bring this case to a conclusion, including a jury trial on class liability and damages, and the prospect of another appeal. Moreover, the parties were still involved in a dispute concerning the scope of discovery into Defendant's finances and were set to brief motions in limine. At trial, Defendant would have argued against class-wide liability, and would have also argued that any statutory damages should be discounted substantially.

Given these considerations, preliminary approval of the settlement is appropriate, in part, to avoid the uncertainties of trial. *See Bennett v. Behring Corp.,* 96 F.R.D. 343, 349-50 (S.D. Fla. 1982), *aff'd,* 737 F.2d 982 (11th Cir. 1984) (plaintiffs faced a "myriad of factual and legal problems" that led to "great uncertainty as to the fact and amount of damage," which made it "unwise [for plaintiffs] to risk the substantial benefits which the settlement confers . . . to the vagaries of a trial"); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 319 (N.D. Ga. 1993) ("It would seem unwise, therefore, to risk the substantial benefits of the settlement to the uncertainty of trial.").

> **C. The parties have sufficiently developed the factual record through discovery to enable Plaintiff and her counsel to make a reasoned judgment concerning settlement.**

Courts also consider "the degree of case development that class counsel have accomplished prior to settlement" to ensure that counsel had an adequate appreciation of the merits of the case before negotiating. *In re Checking Overdraft Litig.*, 830 F. Supp. 2d 1330, 1349 (S.D. Fla. 2011).

Here, the parties have litigated a motion to dismiss, ECF Nos. 18, 20, 23, motion for summary judgment, ECF Nos. 32, 36, 44, 47, two motions for class certification, ECF Nos. 27, 28, 31, 47, 65, 74, 77, 96, and an appeal to the Eleventh Circuit. *See Dickens*, 706 F. App'x 529. At the time of settlement, Plaintiff had also filed motions in limine in anticipation of the upcoming trial. ECF No. 99. Additionally, the parties exchanged both formal and informal discovery regarding the size of the class, Defendant's net worth, and the scope of Defendant's alleged misconduct, and Plaintiff deposed Defendant's Rule 30(b)(6) representative, allowing Plaintiff to thoroughly evaluate potential class damages.

Thus, both the parties and this Court are adequately informed to evaluate the fairness of the settlement presented. *See Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 660, 669 (M.D. Ala. 1988) ("That is, Class Counsel developed ample information and performed extensive analyses from which "to determine the probability of their success on the merits, the possible range of recovery, and the likely expense and duration of the litigation."). Indeed, Defendant responded to two different sets of document requests and interrogatories from Plaintiff, and the parties' counsel had multiple discussions about the merits of the case, and the scope of Defendant's alleged misconduct, allowing the parties to thoroughly evaluate the potential risks in moving forward with the litigation. *See Brent*, 2011 WL 3862363, at *16 ("The Court has no doubt that, after two rounds of motion practice that had established the strength of each side's legal claims and several rounds of settlement negotiations, the experienced attorneys who negotiated this settlement had an accurate understanding of the strength of their respective cases."). And, given that this settlement was reached on the eve of trial with all information abundantly available to the parties, "[t]his factor strongly favors final approval of the Settlement." *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1249 (S.D. Fla. 2016).

9

### D. The probability of Plaintiff's success on the merits coupled with the range of possible recovery favor preliminary approval.

Next, this Court also must consider "the likelihood and extent of any recovery from the defendant[] absent . . . settlement." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 314; *see also Canupp v. Sheldon*, No. 204-CV-260-FTM-99DNF, 2009 WL 4042928, at *10 (M.D. Fla. Nov. 23, 2009) (Steele, J.), *aff'd sub nom. Canupp v. Liberty Behavioral Health Corp.*, 417 F. App'x 843 (11th Cir. 2011), and *aff'd sub nom. Canupp v. Liberty Behavioral Healthcare Corp.*, 447 F. App'x 976 (11th Cir. 2011) ("Courts judge the fairness of a proposed compromise by weighing the plaintiffs' likelihood of success on the merits against the amount and form of the relief achieved in the settlement."). In determining whether a settlement is fair in light of the potential range of recovery, this Court is guided by the important maxim that a proposed settlement may be only a fraction of the theoretical recovery, yet still fair and adequate in light of the attendant risks of litigation. *In re Checking Overdraft Litig.*, 830 F. Supp. 2d at 1350.

As an initial matter, class damages here were capped at $500,000. *See* 15 U.S.C. § 1682k(A)(2)(B). Also noteworthy, there is no guarantee of full statutory damages at trial because the FDCPA's damages provision is permissive rather than mandatory. That is, the law provides for statutory damages awards up to certain amounts—$1,000 for Plaintiff, and $500,000 for the class—after balancing such factors as the nature of Defendant's noncompliance, the number of persons adversely affected, and the extent to which Defendant's noncompliance was intentional. *See* 15 U.S.C. § 1692k(b)(2). Accordingly, even had Plaintiff prevailed at trial, the jury may have awarded little in the way of statutory damages, or even none at all. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 683 (N.D. Cal. 2016) ("Because damages are not mandatory, continued litigation presents a risk to Plaintiffs of expending time and money on this case with the

possibility of no recovery at all for the Class. In light of the risks and costs of continued litigation, the immediate reward to Class Members is preferable.").

The risk of a minimal damages award was not hypothetical. Indeed, earlier in this case, this Court found that class members would have been entitled to only nominal damages of $1.00. *See Dickens v. GC Servs. Ltd. P'ship*, 220 F. Supp. 3d 1312, 1324 (M.D. Fla. 2016), *vacated and remanded,* 706 F. App'x 529 (11th Cir. 2017) ("Having considered these factors and the parties' briefs, the Court finds that the statutory award in this case should be nominal, whether that award applies to Dickens alone or a class of plaintiffs."); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* No. 1:06 CV 1397, 2011 WL 1434679, at *11 (N.D. Ohio 2011) (analyzing the factors set forth in 15 U.S.C. § 1692k, and awarding no "additional damages' to members of the class).

Given the foregoing, the immediate relief provided by the settlement is substantial, and a recovery of $99,220—$10 per class member—represents an excellent recovery for the class. Indeed, the Southern District of Florida recently granted preliminary approval to a settlement that amounts to $10 per class member in a case against Defendant containing similar allegations to those at issue here. *See Alderman v. GC Servs. Ltd. P'ship*, Case No. 2:16-cv-14508, Dkt. Nos. 181, 190 (S.D. Fla.). And the settlement here also compares favorably to other similar FDCPA class settlements approved throughout the country. *See, e.g.*, *Schell v. Frederick J. Hanna & Assocs., P.C.*, No. 3:15-cv-418, 2016 WL 1273297, at *3 (S.D. Ohio Mar. 31, 2016) ($10 per class member); *Whitford v. Weber & Olcese, P.L.C.*, No. 1:15-cv-400, 2016 WL 122393, at *2 (W.D. Mich. Jan. 11, 2016) (same); *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, No. 15-2460, 2016 WL 4766079, at *3 (E.D. Pa. Sept. 13, 2016) ($10.92 per class member); *Hall v. Frederick J. Hanna & Assocs., P.C.*, 2016 WL 2865081, at *3 (N.D. Ga. May 10, 2016) ($10 per

class member); *Green v. Dressman Benzinger Lavelle, PSC*, No. 1:14–CV–00142–SJD, 2015 WL 223764, at *3 (S.D. Ohio Jan. 16, 2015) (approximately $31 per class member); *Little-King v. Hayt Hayt & Landau*, No. 11-5621 (MAH), 2013 WL 4874349, at *14 (D.N.J. Sept. 10, 2013) ($7.87 per class member); *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 (E.D.N.Y. 2006) ($7.32 per class member).

What's more, Plaintiff also secured Defendant's confirmation that it has ceased using the form of debt collection letter at issue—a benefit that was not necessarily available at trial. *See, e.g.*, *Midland Funding LLC*, 644 F. Supp. 2d at 977. In sum, considering the benefits obtained here, in comparison to those likely at trial, and the risks to moving forward, this factor supports preliminary approval of the settlement.

### E. The opinions of Plaintiff and her counsel strongly favor preliminary approval.

Both Plaintiff and her counsel firmly believe that the settlement here is fair, reasonable, and adequate, and in the best interests of class members. A strong initial presumption of fairness should attach to the proposed settlement because it was reached by well-qualified counsel engaged in arm's-length negotiations with an experienced mediator. Courts accord great weight to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation. *See Mashburn*, 684 F. Supp. at 669 ("If plaintiffs' counsel did not believe these factors all pointed substantially in favor of this settlement as presently structured, this Court is certain that they would not have signed their names to the settlement agreement."); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 312-13 ("In determining whether to approve a proposed settlement, the Court is entitled to rely upon the judgment of the parties' experienced counsel."); *see also Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution.").

Here, Plaintiff's counsel is extremely experienced in class action litigation, particularly cases under the FDCPA. *See* Ex. 1 at ¶¶ 8-15. Correspondingly, the parties' and their counsel's strong support for this settlement strongly supports preliminary approval.

### F. Plaintiff and her counsel have adequately represented the class.

This Court previously appointed Plaintiff's counsel as class counsel and Plaintiff as the class representative. ECF No 96 at 16. Prior to that time, and since, Plaintiff's counsel has zealously litigated this case against sophisticated and experienced defense counsel. Plaintiff's counsel prevailed on a motion to dismiss, defeated Defendant's standing-based challenges, obtained certification of the class, and prevailed on an appeal to the Eleventh Circuit, all while working on a contingency fee basis. Similarly, Plaintiff—who stepped into the role of class representative after her husband passed away— has remained committed to this case and the class, including responding to written discovery and sitting for deposition, and ultimately obtained an excellent recovery for class members. As a result, Plaintiff and her counsel have adequately represented the class.

### G. The settlement treats class members equitably.

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory committee's note (2018).

Each class member has the same claim resulting from receipt of the same form of debt collection letter from Defendant. *See, e.g.*, ECF No. 96 at 13 (finding that common issues

predominate). And as a result, the settlement provides that each participating class member will receive an equal portion of the settlement fund. Finally, the release affects each class member in the same way as each participating class member is agreeing to release the same claims. As such, this factor supports preliminary approval. *See Hale v. State Farm Mutual Automobile Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018) ("This proposal is fair and equitable because the class members' interests in the Avery judgment were undivided when they were lost and, thus, each class member's damages were identical. The proposed Settlement therefore entitles each class member to an equal, pro-rata share of the Settlement fund.").

### III. This Court should approve the proposed notice to class members.

Under Rule 23(e), this Court must also "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlement. Fed. R. Civ. P. 23(e)(1). Notice of a proposed settlement to class members must be the "best notice practicable." *See* Fed. R. Civ. P. 23(c)(2)(B). "[B]est notice practicable" means "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). If class members can be identified and are given individual notice, there is no requirement for notice by publication or other means. "[N]otice by publication is only used when the identity and location of class members cannot be determined through reasonable efforts…." *In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, No. 06-02069 SBA, 2008 WL 1990806, at *2 (N.D. Cal. May 5, 2008).

Here, the parties have agreed to a notice program to be administered by a third-party settlement administrator that will use all reasonable efforts to provide direct mail notice to each member of the class. This notice plan complies with Rule 23 and due process because, among other things, it informs class members of: (1) the nature of the action; (2) the essential terms of the settlement, including the definition of the Class and claims asserted; (3) the binding effect of a judgment if the Class Member does not request exclusion; (4) the process for objection and/or

exclusion, including the time and method for objecting or requesting exclusion and that class members may make an appearance through counsel; (5) information regarding Plaintiff's request for statutory damages and reimbursement of her attorneys' fees and expenses; and (6) how to make inquiries. Fed. R. Civ. P. 23(c)(2)(B); MANUAL FOR COMPLEX LITIGATION § 21.312.

In short, this notice plan ensures that class members' due process rights are amply protected, and, as a result, should be approved. *See* Fed. R. Civ. P. 23(c)(2)(A); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable— was the best practicable notice.").

### IV. This Court should schedule a final fairness hearing.

Finally, the last step in the settlement approval process is a final fairness hearing for this Court to hear all evidence and argument necessary to make its final settlement evaluation. *See* Fed. R. Civ. P. 23(e)(2). Proponents of the settlement may offer argument in support of final approval, and class members who have properly objected to the settlement may be heard at this hearing as well. The Court then will determine after the final fairness hearing whether the settlement should be approved, and whether to enter a judgment and order of dismissal under Rule 23(e).

Plaintiff respectfully requests that this Court set a date for a final fairness hearing at the Court's convenience, approximately 120 days after the Court's preliminary approval of the settlement.

### Conclusion

Plaintiff respectfully requests that this Court enter the accompanying order granting preliminary approval to the parties' class action settlement. As noted, Defendant does not oppose the relief requested herein.

Dated:  January 14, 2019                    Respectfully submitted,

                                            */s/ James L. Davidson*
                                            James L. Davidson
                                            Jesse S. Johnson
                                            Greenwald Davidson Radbil PLLC
                                            5550 Glades Road, Suite 500
                                            Boca Raton, FL 33431
                                            Tel: (561) 826-5477
                                            Fax: (561) 961-5684
                                            jdavidson@gdrlawfirm.com
                                            jjohnson@gdrlawfirm.com

                                            *Counsel for Plaintiff and the class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2019, I electronically filed the foregoing with

the Clerk of the Middle District of Florida using the CM/ECF system, which will send a notice of

electronic filing to all counsel of record.

                                            */s/ James L. Davidson*
                                            James L. Davidson

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

—————————————————————— x
                      :

TERRI E. DICKENS, on behalf of the estate of :
Ronnie E. Dickens and others similarly   :
situated,                                 :
                      :
              Plaintiff,       :
                      :
        v.                 :
                      :
                      :

GC SERVICES LIMITED PARTNERSHIP,   :
                      :
           Defendant.      :
—————————————————————— x

**Civil Action No.: 8:16-cv-00803-JSM-TGW**

## DECLARATION OF JAMES L. DAVIDSON IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, James L. Davidson, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      My name is James L. Davidson.

2.      I am over twenty-one years of age and am fully competent to make the statements contained in this Declaration.

3.      I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

4.      I am a partner at the law firm of Greenwald Davidson Radbil PLLC ("GDR"), and counsel for Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens and others similarly situated ("Plaintiff"), in the above-entitled action.

5.      I graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

6. I am admitted to practice before this Court.

7. I have extensive experience litigating consumer protection class actions.

8. This Court appointed my firm class counsel in this case.

9. In addition, courts have appointed my firm class counsel in numerous class actions throughout the country, including those brought under the Fair Debt Collection Practices Act, as well as other consumer protection statutes. *See, e.g.*, *Reyes v. BCA Financial Services, Inc.,* No. 16-240772018 WL 3145807 (S.D. Fla. June 26, 2018); *Whatley v. TRS Recovery Services, Inc.*, No. 4:17-cv-00133-ALM, Doc. 43 (E.D. Tex. Apr. 4, 2018); *Veness v. Heywood, Cari & Anderson, S.C.*, No. 17-cv-338-bbc, 2017 WL 6759382 (W.D. Wisc. Dec. 29, 2017); *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP, 2017 WL 6026494 (M.D. Fla. Dec. 4, 2017); *Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393, 2017 WL 6060778 (S.D. Fla. Dec. 4, 2017); *Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind. July 13, 2017); *Toure and Heard v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind. July 13, 2017); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499 (M.D. Fla. June 5, 2017); *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-3390-T-23AEP, 2017 WL 1231070 (M.D. Fla. Mar. 29, 2017); *Cross v. Wells Fargo Bank, N.A.*, No. 1:15-CV-01270-RWS, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016); *Roundtree v. Bush Ross, P.A.*, No. 14-357, 2016 WL 360721 (M.D. Fla. Jan. 28, 2016); *Schuchardt v. Law Office of Rory W. Clark*, No. 15-01329, 2016 WL 232435 (N.D. Cal. Jan. 20, 2016); *Kemper v. Andreu, Palma & Andreu, PL*, No. 15-21226, Doc. 36 (S.D. Fla. Jan. 11, 2016); *Whitford v. Weber & Olcese, P.L.C.*, No. 15-400, 2016 WL 122393 (W.D. Mich. Jan. 11, 2016); *Chapman v. Bowman, Heintz, Boscia & Vician, P.C.*, No. 15-120, 2015 WL 9478548 (N.D. Ind. Dec. 29, 2015); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 340 (S.D. Miss. 2015); *Gonzalez v. Dynamic Recovery Solutions, LLC*,

Nos. 14-24502, 14-20933, 2015 WL 738329 (S.D. Fla. Feb. 23, 2015); *Ritchie v. Van Ru Credit Corp.*, No. 2:12-CV-01714-PHX-SM, 2014 WL 3955268 (D. Ariz. Aug. 13, 2014).

10.     Multiple district courts have commented on GDR's useful knowledge and experience in connection with class action litigation.

11.     For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a class action settlement in which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

12.     In *Ritchie*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

13.     In *McWilliams v. Advanced Recovery Sys., Inc.*, Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' . . . , and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law. The undersigned concurs . . . . Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

3

No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

14.    Similarly, in *Roundtree*, Judge James D. Whittemore of this Court wrote, in certifying three separate classes and appointing GDR class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

15.    As well, Judge Stephen D. Merryday of this Court wrote in appointing GDR class counsel in *James* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

16.    And in *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." No. 15-2460, 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

17.    More information about GDR is available at www.gdrlawfirm.com.

18.    The parties have reached a settlement that I firmly believe is fair, reasonable, and adequate, and in the best interests of all members of the class.

19.    As more specifically set forth in the parties' Class Action Settlement Agreement (the "Settlement Agreement"), the settlement requires GC Services Limited Partnership ("Defendant") to create a settlement fund of $99,220 for the benefit of the 9,922-member class, allowing for individual cash payments to each participating class member in the amount of $10. Defendant will separately pay the costs of settlement administration, a $1,000 individual damages award and a $1,500 incentive award to the named plaintiff, and attorney's fees, costs and expenses to Plaintiff's counsel of up to $270,000, subject to approval of this Court.

4

20.     Given the strengths and weaknesses of the claims, including the cap on statutory damages imposed by the FDCPA, and the risks of proceeding to trial, the $99,220 fund is an excellent result that compares favorably with other class action settlements under the FDCPA. In addition, Defendant has changed its form initial debt collection letter to address some of the allegations raised in Plaintiff's complaint and has agreed to maintain that change for the benefit of all future recipients of its debt collection letters.

21.     Attached as Exhibit A is a true and correct copy of the Settlement Agreement and its exhibits, which include the proposed summary class notice at Exhibit 1, the proposed long form class notice at Exhibit 2, the proposed Preliminary Approval Order at Exhibit 3, and the proposed Final Order and Judgment at Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct.


*/s/ James L. Davidson*
James L. Davidson

Dated: January 14, 2019

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **TERRI E. DICKENS, on behalf of the estate of RONNIE E. DICKENS and others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 8:16-cv-00803-JSM-TGW** |
| **GC SERVICES LIMITED PARTNERSHIP,** | |
| **Defendant.** | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

The Parties hereto enter into the following Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement"). This Settlement Agreement is entered into by and among Plaintiff, Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens ("Class Representative"), in her individual capacity and on behalf of the Class described in this Agreement, and Defendant, GC Services Limited Partnership ("Defendant" or "GC Services"). This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire Class the Released Claims, as defined herein, upon and subject to the terms and conditions herein.

## RECITALS

WHEREAS, the Class Action Complaint alleges that GC Services mailed initial communication demand letters to the Class Representative and the Class that omitted the "in writing" and "written request" language required by § 1692g(a)(4) and § 1692g(a)(5) of the Fair Debt Collection Practices Act ("FDCPA"); and

1

WHEREAS, the Class Action Complaint seeks money damages, attorneys' fees and other relief; and

WHEREAS, the Settling Parties (as defined herein) have concluded that it is desirable for the Class Action to be settled to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or could have been asserted by the Class Representative and the Settlement Class Members arising out of or related to the subject matter of the Class Action Complaint; and

WHEREAS, the Settling Parties have engaged in arduous litigation over two years with multiple motions, heavy discovery, and appeal as more fully set forth in the Motion to for Preliminary Approval; and

WHEREAS, the Settling Parties have engaged in protracted arms-length settlement negotiations and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of the Parties; and

WHEREAS, while Class Counsel (as defined herein) believes that the claims asserted in the Class Action Complaint are meritorious, Class Counsel also recognizes that the lawsuit has an uncertain outcome and that pursuing this litigation through trial and potential additional appeals would involve substantial cost, risk, and inevitable delay. Based on their evaluation of the facts and law, and a weighing of the risks and benefits, which include, among other things, the expense and length of continued proceedings necessary to prosecute the Action against GC Services through trial and any appeals, and the substantial benefits the Settlement confers upon the Class, Class Counsel has determined that the settlement set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class; and

WHEREAS, the Class Representative, through Class Counsel, who has investigated the relevant facts and circumstances and engaged at arm's-length negotiations with Defendant's Counsel, has concluded that it is in the best interests of the Class to settle the Settlement Class Member's Claims on the terms set forth herein, which are deemed to be fair, reasonable, and adequate; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Settling Parties, Class Counsel and Defendant's Counsel that the claims of the Class be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

## DEFINITIONS

1. **Accessible Contact Information**. Accessible Contact Information means the names and addresses of 9,922 Settlement Class Members as presently contained in the records of GC Services (and also First Class, Inc.) and using standard address forwarding that may be supplied by the United States Post Office, if any.

2. **Action**. Action means the above-captioned action currently pending in the United States District Court for the Middle District of Florida.

3. **Attorney's Fees.** Attorney's Fees means the Class Counsel's reasonable attorney's fees, taxable costs of litigation, and expenses, up to of $270,000, including the anticipated fees and expenses to be incurred by Class Counsel to answer any questions from members of the class that contact Class Counsel and to administer the settlement subsequent to final approval. Attorney's Fees do not include the Class Representative Settlement Amount or Settlement Administration Costs and Expenses. Attorneys' Fees are not taken from the Class Settlement Fund.

4. **Class Period**. Class Period shall mean April 4, 2015 and April 4, 2016, inclusive.

5. **Class Counsel.** Class Counsel means counsel for the Class Representatives and the Settlement Class Members: James L. Davidson of Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, Florida 33431.

6. **Class Representatives.** Class Representative means Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens.

7. **Class Representatives Settlement Amount.** The Class Representative Settlement Amount shall mean the sum of $2,500 to the Class Representative for statutory damages and for her service as the Class Representative.

8. **Complaint.** Complaint means the Class Action Complaint [ECF No. 1] filed in the United States District Court for the Middle District of Florida, Case No.: 8:16-cv-00803-JSM-TGW.

9. **Court.** The Court means the United States District Court for the Middle District of Florida, and the judge assigned to this action is Hon. James S. Moody, Jr.

10. **Defendant.** Defendant means GC Services Limited Partnership ("GC Services").

11. **Defendant's Counsel.** Defendant's Counsel means: Ryan K. Hilton and Scott E. Allbright, Jr., Butler Weihmuller Katz Craig, LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602.

12. **Effective Date.** Effective Date means the date of the last signature on this Agreement.

13. **Final Order Day.** Final Order Day means the first day after entry of the Final Order, and where the following has occurred; (a) if no appeal is filed, the expiration of the date for filing a notice of any appeal; (b) upon entry by the Court of the Final Order and the expiration of the applicable period for perfecting an appeal from such Final Order without perfecting the appeal;

and/or (c) if an appeal is taken, upon entry by a final Appellate Court of an Order affirming the Final Order and the expiration of any right of further appeal, or upon the voluntary dismissal of such appeal.

14.     **Final Order.** Final Order means the Final Approval Order, a form of which is attached hereto as Exhibit 4.

15.     **Short Form Notice and Long Form Notice.** Short Form Notice and Long Form Notice means the Notice of Proposed Class Action Settlement in the form attached hereto as Exhibit "1," and Exhibit "2," respectively.

16.     **Preliminary Approval Order.** Preliminary Approval Order means the order certifying the proposed Class for settlement purposes, preliminarily approving this Settlement Agreement, approving the Short Form Notice, a form of which is attached hereto as Exhibit "3," and setting a date for the Settlement Hearing.

17.     **Opt-Out Date**. Opt-Out Date means the court ordered deadline for the Settlement Administrator to receive opt out notices from the Class.

18.     **Released Claims.** Released Claims means the claims and liabilities released and discharged as set forth in paragraph 39.

19.     **Released Persons.** Released Persons means Defendant, its current and former officers, directors, owners, employees, agents, predecessors, successors, assigns, shareholders, members, heirs and partners.

20.     **Settlement.** Settlement means the terms and conditions set forth in this Agreement, and the referenced exhibits, which are incorporated by reference herein.

21.     **Notice Plan.** Notice Plan shall mean the Short Form Notice, Long Form Notice, and Settlement Website, for the Settlement Class.

5

22.     **Settlement Administration Costs and Expenses.** Settlement Administration Costs and Expenses means the costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing the Short Form Notice, obtaining and maintaining the Settlement Website, and mailing Settlement Checks to eligible Settlement Class Members.

23.     **Settlement Administrator.** Settlement Administrator means the independent settlement administrator, in this case, First Class, Inc. c/o Bailey Hughes, 5410 W. Roosevelt Road, Suite 222, Chicago, Illinois 60644-1490.

24.     **Settlement Amount.** Settlement Amount means the Settlement Class Fund, Class Representatives Settlement Amount, Attorney's Fees, and Settlement Administration Costs and Expenses.

25.     **Settlement Checks.** Settlement Checks are the checks used to pay Settlement Class Members.

26.     **Settlement Class**.  The Settlement Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

27.     **Settlement Class Fund.**  The Settlement Class Fund shall mean the fund that GC Services will establish with the Settlement Administrator of $10.00 per Class Member for a total of $99,220.

28. **Settlement Class Members.** Settlement Class Member includes each of the 9,922 individuals that meet the definition of the Class.

29. **Settlement Hearing.** Settlement Hearing means the fairness hearing to determine whether the settlement of the Class Action should be given final approval, whether the proposed Plan of Allocation (as defined below) should be approved, and whether the applications of Class Counsel for Attorney's Fees should be approved.

30. **Settlement Website.** Settlement Website means the website set up by the Settlement Administrator that will contain the Long Form Notice and relevant case documents.

31. **Settling Parties.** Settling Parties, means the Class Representative, individually and on behalf of the Settlement Class Members, and Defendant.

32. **Unclaimed Funds.** Unclaimed Funds shall mean any funds from uncashed, unclaimed, or expired Settlement Checks, or any funds remaining in the Settlement Fund if a member of the Class excludes himself or herself from the Settlement. Settlement Checks shall expire 90 days from the date they are issued.

## PLAN OF ALLOCATION

33. This case is a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34. **Settlement Consideration.** In consideration for the foregoing releases, the Settling Parties agree to the following:

A. Settlement Class Fund – Defendant, in consultation with the Settlement Administrator, will cause to be established the non-reversionary Settlement Class Fund of $99,220, within 10 days of the Final Order Day. Each Settlement Class Member will receive $10.00 from

the Settlement Fund. No Settlement Class Member will receive more than one check from the Settlement Class Fund.

The Settlement Class Fund payment shall be wired by GC Services, or on its behalf, to First Class, Inc. c/o Bailey Hughes, 5410 W. Roosevelt Road, Suite 222, Chicago, Illinois 60644-1490 to an account that will be established once the Settlement Agreement is fully executed and approved by the Court. Within 30 days after the Final Order Day, the Class Administrator will send via U.S. mail a settlement check to each Settlement Class Member. Defendant's obligations pursuant to this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, except that the Class Administrator will be obligated to take reasonable steps to forward all settlement checks returned with a forwarding address, to such forwarding addresses. Each settlement check will be void 90 days after mailing.

To the extent that any Unclaimed Funds remain in the Settlement Fund after the void date, such funds will be paid to GC Services up to the amount of the Settlement Administration Costs, with the remainder paid to Bay Area Legal Services Inc. as a *cy pres* recipient.

B.     Class Representative Payment – GC Services will pay the Class Representative, on behalf of the estate of Ronnie Dickens, $1,000 to cover any alleged individual damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and for $1,500 to her individually for her work as class representative. GC Services will forward to Class Counsel the $2,500 payment the Class Representative no later than 10 days after Final Order Day.

C.     Change in Defendant's Conduct – Defendant has ceased using the form of debt collection letter at issue in this case and will not use that form of debt collection letter going forward.

35.     Notice to Class Members. The Class Settlement Administrator will, as expeditiously as possible but not to exceed 21 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

A.     Written Class Notice – The Class Administrator will send via U.S. mail the Short Form Notice to each Settlement Class Member at his or her last known valid address, address correction requested, as provided by GC Services. Before sending the written notice, the Class Administrator will confirm and, if necessary, update the addresses for the Settlement Class Members through the standard methodology it currently uses to update addresses, including attempting to identify the name and address of each Settlement Class Member. If any notice is returned with a new address, the Class Administrator will re-mail the notice to the new address and will update the Settlement Class Member address list with all forwarding addresses. If any notice is returned undeliverable without a new address, the Class Administrator will run a skip trace to attempt to locate an updated address and will re-mail the notice to the new address if a new address can be located.

B.     Long Form Notice – The Settlement Administrator will also maintain on the Settlement Website the Long Form Notice, and certain relevant court documents, including the operative complaint, motion for preliminary approval of the class action settlement, and any settlement-related orders issued by the Court.

C.     CAFA Notice – GC Services will serve the Class Action Fairness Act notice required by 28 U.S.C. § 1715, within 10 days of the filing of the unopposed motion for preliminary approval of class action settlement. GC Services will immediately provide to Class Counsel proof of service of the Class Action Fairness Act notice required by 28 U.S.C. § 1715.

36      **Requests for Exclusion and Objections**. The Class Administrator will administer the receipt of all requests for exclusion.

A.      Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement. After that deadline passes, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel a list of the names of each Settlement Class Member who submitted an exclusion, and whether each such exclusion was timely. A copy of this list will be provided to the Court in connection with the Class Representative's Unopposed Motion for Final Approval of Class Action Settlement.

B.      In the written request for exclusion, the Settlement Class Member must set forth his or her full name, address, telephone number, and email address (if available), along with a statement that he or she wishes to be excluded.

C.      Any Settlement Class Member who submits a valid and timely request for exclusion will not be bound by the terms of this Agreement. Any Settlement Class Member who fails to submit a valid and timely request for exclusion will be bound by the terms of this Agreement.

D.      Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days from the Court's entry of the Preliminary Approval Order. Further, any such Settlement Class Member must, unless the Court otherwise states, within the same time, provide a copy of the written objection to Class Counsel and for Defendant's Counsel via U.S. Mail.

E.      In the written objection, unless the Court otherwise states, the Settlement Class Member must state: his or her full name, address, telephone number, and email address (if

10

available); the evidence or proof that the objector is a Settlement Class Member; the reasons for his or her objection; the name, address, bar number and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney; a statement of the specific basis for each objection; a list of any legal authority or documents the objector will present at the Final Approval Hearing; and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

F. Any Settlement Class Member who does not file a valid and timely objection to the settlement will be barred from seeking review of the settlement by appeal or otherwise.

G. Any Settlement Class Member who submits both an objection and an exclusion will be treated as having submitted an exclusion. Any Settlement Class Member who submits a claim and an exclusion will be treated as having submitted an exclusion.

H. When responding to any inquiry from a Settlement Class Member, the Class Representative and Class Counsel will confirm that they believe the settlement is fair and reasonable.

I. Subject to approval by the Court, a fairness hearing will be conducted regarding the settlement approximately 120 days from the Court's entry of the Preliminary Approval Order.

37. **Class Counsel's Attorney's Fees**

37.1 **General.** GC Services will not oppose the Class Representative's motion for attorney's fees, costs and expenses pursuant to Fed. R. Civ. P. 23(h) and GC Services stipulates that the attorney's fees, costs and expenses incurred by Class Counsel are reasonable under the circumstances of this particular case. For the limited purpose of seeking a fee award, the Class Representative and the Class will be considered the prevailing party in this litigation.

37.2 **Procedure.** GC Services and the Class Representative stipulate and agree that the Class Representative and Class Counsel shall request that the Court approve an award of reasonable attorney's fees ("Attorney's Fee Award") in the amount of $270,000 at the time the Class Representative files her motion for an award of attorney's fees, costs and expenses. The Attorney's Fee Award shall be deemed final at the same time that the Final Approval Order becomes Final, or such other time as the Court directs.

37.3 **Payment.** Within twenty (20) days of the Attorney's Fee Award becoming final, GC Services shall issue or cause to be issued a single check payable to Greenwald Davidson Radbil PLLC Trust Account. Upon payment of the Attorney's Fee Award to Class Counsel, GC Services will have no further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of the Class Representative. The Parties understand that GC Services' payment of the Attorneys' Fee Award is contingent upon the Court approving the Settlement. The Attorney' s Fee Award will be paid by GC Services separate and apart from the Settlement Class Fund, Costs of Settlement Administration, and the Class Representative Settlement Amount.

38. **Costs of Settlement Administration.**

38.1 Separate and apart from the Settlement Class Fund, Attorney's Fee Award, and the Class Representative Settlement Amount, GC Services agrees to pay all Settlement Administration Costs and Expenses directly to the Settlement Administrator.

39. **Released Claims.**

39.1 It is the agreement and intent of the Settling Parties that this Settlement Agreement be construed and enforced as a release subject to the limitations and exclusions provided herein and as approved by the Court. Accordingly, it is hereby agreed that upon the Effective Date of this

12

Settlement Agreement, the Class Representative and Settlement Class Members shall by operation of this Settlement Agreement be deemed to have fully, finally, and forever remised, released, relinquished, discharged, and waived any claims, counterclaims, causes of action, controversies, or demands they may have against Released Persons from the beginning of time to the Effective Date, on account of any and all loss or damages of any kind whatsoever, known or unknown, allegedly sustained or which may hereafter be sustained allegedly in consequence of, arising out of, resulting from or relating to all allegations, claims or defenses which have been raised in the Class Action Complaint filed in this matter on April 5, 2016.

39.2    The Settling Parties understand and agree that the provisions of paragraph 39.1 shall be construed to exclude, and shall not impair, any right or cause of action arising from a breach of this Settlement Agreement, including but not limited to, any future claims that may arise with regard to the implementation of the Settlement Agreement.

39.3    The Settling Parties understand and agree that this Settlement Agreement does not affect the validity of any alleged debt owed by any Settlement Class Member to the clients of GC Services, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to the creditor(s) of the Settlement Class Members or the clients of the Defendant, nor impair or limit any right or cause of action by the Class Representative or the Settlement Class Members to dispute the underlying debt or amount owed to the creditor(s) of the Settlement Class Members or the clients of the Defendant, or raise any defense that they have to the alleged debt in any court of law.

### Preliminary Approval Order and Settlement Hearing

40.    **Preliminary Approval Motion.** In accordance with the procedures and time schedules below and by the Court, Defendant's Counsel and Class Counsel shall take such actions,

and prepare and file, all appropriate notices, motions, and proposed order forms reasonably necessary to obtain both preliminary and final approval of this Settlement Agreement from the Court. All Settling Parties shall cooperate and, as appropriate, shall join with Defense Counsel and Class Counsel in seeking to accomplish the following:

A.    Class Counsel shall file a Motion for Preliminary Approval of this Agreement, which GC Services will have the opportunity to review before it is filed. All Settling Parties shall support any order approving this Agreement through any appeal, if necessary. Without prior approval of any other Settling Party, Class Counsel may file memoranda in support of the preliminary (and final) approval of this Settlement Agreement; and

B.    The Preliminary Approval Order shall require, and the Notices shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served as more fully described below. The Notices shall provide that any objection that is not received within the time set by the Court is deemed waived; and

C.    The Settling Parties shall jointly request a Fairness Hearing date, which is no more than 120 days after the date of entry of the Preliminary Approval Order.

41.    **Preliminary Approval Order.** Class Counsel will file an unopposed motion requesting that the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the same form attached as Exhibit 3.

### Final Order

42.    **Final Order.** If the settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, Class Counsel will file an unopposed motion requesting that the Court enter a Final Approval Order in substantially the same form attached as Exhibit 4.

14

**Conditions of Settlement, Effect of Disapproval, Rescission, or Termination**

43.      If any of the following events described in the subparagraphs of this paragraph ("Conditions Precedent") fail to occur prior to the date the Final Order becomes Final, then Class Representative or GC Services may notify the other Settling Party specifying the particular Condition Precedent that has not been met ("Potential Failure Notification"). If the recipient of the Potential Failure Notification does not cure the potential failure of the Condition Precedent within 20 days of receiving the Failure Notification, then the notifying party may send a second notification in writing rendering this Settlement Agreement, including but not limited to the releases and obligations to pay the Settlement Amount, null and void ("Failed Settlement Notification"). In the event of a Failed Settlement Notification, the provisions in paragraph 44, shall apply. The Settlement Agreement shall remain in full force and effect unless and until notification and cure procedure in this paragraph have been completed and the Failed Settlement Notification has been sent. The in writing requirement for the notifications contemplated in this paragraph are satisfied by sending an email to the appropriate counsel for the appropriate Settling Party.

A.      All non-settlement related activities regarding the Class Action Complaint shall be, and shall remain, subject to the Court's approval, stayed by the Court pending Final Order approving this Settlement Agreement; and

B.      All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior to the date that the Final Order becomes Final; and

C.      A Preliminary Approval Order, in a form as described by paragraph 41 above, subject to the Court's approval, shall be entered by the Court; and

D.     At or prior to the Settlement Hearing, no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and denied by the Court; and

E.     A Final Order, in a form as described by paragraph 42 above, subject to the Court's approval, shall be entered by the Court; and

F.     Subject to the reservation of jurisdiction for matters described herein, the Action must be dismissed with prejudice.

In the event the Class Representative or GC Services desire to void the settlement due to the failure of one of the conditions set forth in this paragraph, the party seeking to void the settlement shall give notice to the other parties within 10 days of notice of the occurrence of the event upon which the voiding of the settlement is based.

44.     In the event that this Settlement Agreement is rejected upon the Settlement Hearing, or in the event a Final Order is not entered, or does not become Final, or in the event that the Settlement Agreement is rejected by the mandate of an appellate court, or terminated pursuant to the provisions of paragraph 43, then the terms of this Agreement shall be null and void; and

A.     The terms of this Agreement shall have no further force and effect with respect to the Settling Parties; and

B.     This Agreement shall not be used in this litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement or required by such party's position as a fiduciary to secure judicial approval of this Agreement; and

C.     The Settling Parties shall be restored to their respective positions in the litigation as of the date the Settlement Agreement was reached; and

16

D.      Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

### Miscellaneous Provisions

45.      **Agreement to Cooperate**. The Parties: (a) acknowledge that it is their intent to execute the Agreement; (b) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement; and (c) agree to provide any and all discovery and disclosures reasonably necessary to satisfy the requirements of Rule 23, Federal Rules of Civil Procedure, and any due diligence obligations of respective counsel.

46.      **Good Faith Settlement and Advice of Counsel.** The Parties agree that the terms of the Settlement reflect a good-faith settlement of the Class Representative and the other Settlement Class Members' claims in the Action, reached voluntarily after consultation with experienced legal counsel.

47.      **Incorporation.** All of the exhibits to the Agreement and the Motion for Preliminary Approval are material and integral parts of the Settlement and are fully incorporated herein by this reference.

48.      **No Waiver.** The waiver of one party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a waiver by any other Party of that breach or a waiver by that Party of any other Party's breach.

49.      **Modification.** The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

50.     **Headings.** The headings of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

51.     **Entire Agreement.** Except as provided herein, the Agreement and the Exhibits attached to the Motion for Preliminary Approval constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning the Agreement or accompanying Exhibits other than the representations, warranties and inducements contained and memorialized in the Agreement and the accompanying Exhibits.

52.     **Authority to Settle.** Class Counsel warrants that they are expressly authorized by the Class Representative to take all appropriate action to effectuate the terms and conditions of the Settlement and are expressly authorized to enter into any modifications of, or amendments to, the Agreement on behalf of the Class which they deem appropriate.

53.     **Authority to Execute.** Each counsel or other person executing the Agreement or any of its Exhibits on behalf of any Party hereto hereby warrants that he or she has the full authority to do so.

54.     **Counterparts.** The Agreement may be executed in one or more counterparts, each of which shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

55.     **Binding Effect.** The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto. All Settling Parties waive the right to appeal or collaterally attack the Final Order entered under this Settlement Agreement.

56.     **Exclusive Jurisdiction and Venue for Enforcement.** The Parties agree that this Court has subject matter jurisdiction over the claims at issue and will request that the Court retain

18

continuing and exclusive jurisdiction over the Parties to this Agreement, and over the administration and enforcement of this Agreement. Any dispute relating to this Agreement or Final Judgment shall be resolved exclusively in the U.S. District Court for the Middle District of Florida, which Court shall retain exclusive jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and Final Order. The Parties agree to submit to the exclusive jurisdiction and venue for the purposes described above.

57. **Choice of Law.** This Agreement and any document executed in furtherance of the Settlement shall be governed by, subject to, and construed in accordance with the laws of the State of Florida, without regard to conflicts-of-laws principles.

58. **Costs and Expenses.** Except as otherwise provided herein, each Party shall bear its own costs and expenses, including respective mediator's costs.

59. **Interpretation.** All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Parties.

60. **Notices/Communications**. All notices, requests, demands, claims and other communications hereunder must be: (a) in writing; (b) delivered by U.S. Mail and email; (c) deemed to have been duly given on the latest date of receipt of U.S. Mail and email; and (d) addressed to the intended recipients as set forth below:

> If to the Class Representative or the Class:
> James L. Davidson
> Greenwald Davidson Radbil PLLC
> 5550 Glades Road, Suite 500
> Boca Raton, FL 33431
> jdavidson@gdrlawfirm.com
>
> If to GC Services:

Ryan K Hilton
Butler Weihmuller Katz Craig LLP.
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
rhilton@butler.legal

DEFENDANT:

PLAINTIFF:

GC Services Limited Partnership,
by ORG GC GP Buyer, LLC,
its general partner

Terri E. Dickens, on behalf of the estate of
Ronnie E. Dickens, individually and as
Class Representative

By: _____

By: _____

Print Name: _____

Print Name: _____

Dated: _____

Dated: _____

Butler Weihmuller Katz Craig LLP

Greenwald Davidson Radbil PLLC

Counsel for Defendant
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: 813-281-1900
Facsimile: 813-281-0900
Email: rhilton@butler.legal

Counsel for Plaintiff and Class Counsel
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561-826-5477
Facsimile: 561-961-5684
Email: jdavidson@gdrlawfirm.com

By: _____

By: _____

     Ryan K Hilton, Esq.
     Fla. Bar No.: 304610

     James L. Davidson
     Fla. Bar No.: 723371

Dated: __January 14, 2019_____

Dated: _____

DEFENDANT:                                      PLAINTIFF:

GC Services Limited Partnership,                Terri E. Dickens, on behalf of the estate of
by ORG GC GP Buyer, LLC,                        Ronnie E. Dickens, individually and as
its general partner                             Class Representative

By: _____                   By: _____

Print Name: Brad Betz                           Print Name: _____

Dated: 1/14/19                                  Dated: _____


Butler Weihmuller Katz Craig LLP                Greenwald Davidson Radbil PLLC

Counsel for Defendant                           Counsel for Plaintiff and Class Counsel
400 N. Ashley Drive, Suite 2300                 5550 Glades Road, Suite 500
Tampa, Florida 33602                            Boca Raton, FL 33431
Telephone: 813-281-1900                         Telephone: 561-826-5477
Facsimile: 813-281-0900                         Facsimile: 561-961-5684
Email: rhilton@butler.legal                     Email: jdavidson@gdrlawfirm.com

By: _____                   By: _____

    Ryan K Hilton, Esq.                             James L. Davidson
    Fla. Bar No.: 304610                            Fla. Bar No.: 723371

Dated: _____                Dated: _____

21

DEFENDANT:

PLAINTIFF:

GC Services Limited Partnership,
by ORG GC GP Buyer, LLC,
its general partner

Terri E. Dickens, on behalf of the estate of
Ronnie E. Dickens, individually and as
Class Representative

By: _____

By: _____

Print Name: _____

Print Name: _____

Dated: _____

Dated: _____

Butler Weihmuller Katz Craig LLP

Counsel for Defendant
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: 813-281-1900
Facsimile: 813-281-0900
Email: rhilton@butler.legal

By: _____

     Ryan K Hilton, Esq.
     Fla. Bar No.: 304610

Dated: _____

Greenwald Davidson Radbil PLLC

Counsel for Plaintiff and Class Counsel
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561-826-5477
Facsimile: 561-961-5684
Email: jdavidson@gdrlawfirm.com

By: _____

     James L. Davidson
     Fla. Bar No.: 723371

Dated: 01/14/19

DEFENDANT:                                    PLAINTIFF:

GC Services Limited Partnership,              Terri E. Dickens, on behalf of the estate of
by ORG GC GP Buyer, LLC,                      Ronnie E. Dickens, individually and as
its general partner                           Class Representative

By: _____                   By: _Terri C Dickens_

Print Name: _____                   Print Name: _Terri E. Dickens_

Dated: _____                    Dated: _1-14-2019_

Butler Weihmuller Katz Craig LLP              Greenwald Davidson Radbil PLLC

Counsel for Defendant                         Counsel for Plaintiff and Class Counsel
400 N. Ashley Drive, Suite 2300               5550 Glades Road, Suite 500
Tampa, Florida 33602                          Boca Raton, FL 33431
Telephone: 813-281-1900                       Telephone: 561-826-5477
Facsimile: 813-281-0900                       Facsimile: 561-961-5684
Email: rhilton@butler.legal                   Email: jdavidson@gdrlawfirm.com

By: _____                   By: _____

        Ryan K Hilton, Esq.                          James L. Davidson
        Fla. Bar No.: 304610                         Fla. Bar No.: 723371

Dated: _____                    Dated: _____

21

**Exhibit 1**

**What is this lawsuit about?** Terri E. Dickens, on behalf of the estate of Ronnie E. Dickens ("Class Representative"), alleges that GC Services Limited Partnership ("Defendant") sent initial debt collection letters to consumers that did not contain disclosures mandated by the federal Fair Debt Collection Practices Act ("FDCPA"). The United States District Court for the Middle District of Florida certified a class of persons in Florida to whom Defendant sent an initial written communication, between April 4, 2015 and April 4, 2016, in connection with the collection of a consumer debt, that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," and that was not returned as undeliverable to Defendant (the "Class"). The parties have reached a settlement.

**Why did I receive this notice?** You received this notice because Defendant identified you as a potential member of the Class.

**What does the settlement provide?** Defendant will create a fund of $99,220, which will cover payments of $10 each to those class members who do not timely exclude themselves from the settlement. Defendant will separately pay: (1) reasonable costs and expenses of administrating the class action settlement, (2) $2,500 to the Class Representative, and (3) reasonable attorneys' fees and costs to counsel for the Class Representatives not to exceed $270,000, subject to the Court's approval. Defendant has also agreed to stop using the form of debt collection letters at issue in this case and will not use the form of debt collection letter at issue going forward.

**What are my legal rights and options?** As a class member, you have three options. First, you may do nothing, in which case you will receive $10, but you will also release any claim(s) that you have against Defendant related to the claims in this case. Second, you may exclude yourself from the settlement, in which case you will not receive $10, but you will not release any claim(s) that you have against Defendant. Third, you may object to the settlement. To obtain additional information regarding the manner in which you may exercise your legal rights and options, please visit _____, or contact the settlement administrator by writing to: First Class, Inc., c/o/ _____.

**When is the final fairness hearing**? The Court will hold a final fairness hearing on _____, at _____. The hearing will take place in the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

**Front**

---

**Back**

This is a notice of settlement of a class action lawsuit. A federal court authorized this notice. This is <u>not</u> a notice of a lawsuit against you.

Dickens v. GC Services Limited Partnership, Case 8:16-cv-00803-JSM-TGW (M.D. Fla.)

A federal court authorized this notice. This is not a solicitation from a lawyer. Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**Dickens v. GC Services Limited Partnership**

c/o_____

_____

_____

Permit Info here

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**ADDRESS SERVICE REQUESTED**

CLASS MEMBER ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**Exhibit 2**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

```
_____ x
                                  :
                                  :   Civil Action No.: 8:16-cv-00803-JSM-TGW
TERRI E. DICKENS, on behalf of the estate of :
Ronnie E. Dickens and others similarly :
situated,                         :
                                  :
              Plaintiff,          :
                                  :
    v.                            :
                                  :
                                  :
GC SERVICES LIMITED PARTNERSHIP,  :
                                  :
              Defendant.          :
_____ x
```

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**You have been identified by GC Services Limited Partnership as a potential member of a class.**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer, and you are <u>not</u> being sued.*

**IF GC SERVICES LIMITED PARTNERSHIP SENT YOU AN INITIAL DEBT COLLECTION LETTER BETWEEN APRIL 4, 2015 AND APRIL 4, 2016, A CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

- A consumer sued GC Services Limited Partnership alleging that the company sent initial debt collection letters to Florida consumers that did not make certain disclosures mandated by the federal Fair Debt Collection Practices Act ("FDCPA").

- The Court certified a class of persons in Florida to whom GC Services Limited Partnership sent an initial written communication, between April 4, 2015 and April 4, 2016, in connection with the collection of a consumer debt, that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," and that was not returned as undeliverable to GC Services Limited Partnership (the "Class").

- A settlement will provide $99,220 (the "Fund") to fully settle and release claims of persons in the Class who participate in the settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **If you do nothing, you will not receive $10, but you will give up your rights to sue Defendant for the claims resolved in this case.** |
| **ASK TO BE EXCLUDED** | This is the only option that allows you to sue Defendant on your own regarding the legal claims in this case, but you will not receive a settlement payment.  The deadline for excluding yourself is _____. |

| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you do not like the settlement. The deadline for objecting is _____. |
| --- | --- |

- Your options are explained in this Notice.  To object or ask to be excluded, you must act before **[date], 2019**

- The Court in charge of this case still must decide whether to approve the settlement.  Settlement payments will be made if the Court approves the settlement, and after any appeals are resolved.  Please be patient.

- **Any questions?  Read on.**

### 1. Why should I read this Notice?

If GC Services Limited Partnership sent you an initial written communication in Florida between April 4, 2015 and April 4, 2016, in connection with the collection of a consumer debt, that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," and that was not returned as undeliverable to GC Services Limited Partnership, a class action settlement may affect you. The Honorable Judge James S. Moody, Jr. of the United States District Court for the Middle District of Florida is overseeing this class action. The lawsuit is known as Dickens v. GC Services Limited Partnership, Case No. 8:16-cv-00803-JSM-TGW.

### 2. What is this lawsuit about?

This lawsuit is about whether certain of the initial debt collection letters sent by GC Services Limited Partnership violate the FDCPA. GC Services Limited Partnership denies that it acted unlawfully.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representative" sue on behalf of other people who have similar claims. In this case, the Class Representative is Terri E. Dickens. The people who the Class Representative represents are a "Class" or "Class Members."  The entity that the Class Representative sued— GC Services Limited Partnership —is called the "Defendant" in this case.  One court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the class.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be certified as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- The class is so numerous that combining the claims of all class members in one case would be impracticable;
- There are legal questions and facts that are common to each of the members of the class;
- The Class Representatives' claims are typical of the claims of the members of the class;
- The Class Representatives and the lawyers representing the class will fairly and adequately represent the interests of all class members;
- The common legal questions and facts predominate over questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order on the Plaintiff's

Motion for Class Certification, which is available at _____.

## 5. What does the lawsuit complain about?

In the lawsuit, the Class Representative alleges that GC Services Limited Partnership sent initial debt collection letters that did not contain disclosures mandated by the FDCPA. You can read the Class Action Complaint at **www.gdrlawfirm.com.**

## 6. How does GC Services Limited Partnership answer the allegations?

GC Services Limited Partnership denies that it did anything wrong and asserts a number of defenses.

## 7. Why is there a settlement?

The Court did not decide in favor of the Class Representative or Defendant. The Class Representative thinks she could have won at a trial, and Defendant thinks that the Class Representative would not have won at a trial. But there was no trial. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the class members will receive compensation. The Class Representative and her attorneys think the settlement is best for all class members.

## 8. What does the settlement provide?

Defendant will create a fund of $99,220, which will cover payments of $10 to each of those class members who do not timely exclude themselves from the settlement. Defendant will separately pay: (1) the reasonable costs and expenses of administrating the class action settlement, (2) $2,500 for the Class Representative, and reasonable attorneys' fees and costs not to counsel for the Class Representative not to exceed $270,000, subject to the Court's approval. Defendant has also agreed to change some of the language in initial written communications it sends to persons in the future, in connection with the collection of a consumer debt.

## 9. Am I part of the Class?

GC Services Limited Partnership's records indicate that you *may* be a member of the class. You need to determine whether you are affected by this lawsuit. The Court certified the following class:

(1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client," (3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

## 10. What happens if I do nothing at all?

If you do nothing, and the settlement is approved, you will receive a check for $10, but you will give up your right to purse any claim(s) that you have against Defendant related to the claims in this case.

## 11. Why would I ask to be excluded?

If you already filed your own lawsuit against GC Services Limited Partnership regarding the debt collection practices at issue in this case and want to continue with it, you need to ask to be excluded from the class. You may also want to be excluded if you do not agree with the allegations raised by the Class Representative and do not wish to be part of this lawsuit. If you exclude yourself from the class—which also means to remove yourself from the class, and is sometimes called "opting-out" of the class—you will not get any money or benefits from this settlement of the lawsuit. However, you may then be able to sue or continue to sue GC Services Limited Partnership regarding their debt collection practices. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against GC Services Limited Partnership regarding their debt collection practices after you exclude yourself, you may have to hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If

you do exclude yourself so you can start or continue your own lawsuit against GC Services Limited Partnership, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

## 12.  How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Dickens v. GC Services Limited Partnership*, Case No. 8:16-cv-00803-JSM-TGW. You should keep a copy of this exclusion letter for your records. Be sure to include your name, address, and phone number, and sign the letter. You must mail your Exclusion Request postmarked by [**date**], 2019, to: First Class, Inc., _____.

## 13.  What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the settlement.  You can object only if you stay in the settlement. Excluding yourself means that you do not want to be part of the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## 14.  How do I tell the Court that I do not agree with the settlement?

If you are a Class Member, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views.

To object, you must send a letter saying that you object to the settlement in <u>Dickens v. GC Services Limited Partnership.</u> Be sure to include (a) your full name, address, telephone number and email address (if available); (b) state the grounds for objection, as well as identify any documents that you desire the Court to consider, and (c) state whether you intend to appear at the fairness hearing on your own or through counsel.  In order to be valid, objections must be mailed to both attorneys listed below, and to the Court, **postmarked no later than [date].**

James L. Davidson                                              Ryan K Hilton
Greenwald Davidson Radbil PLLC                Butler Weihmuller Katz Craig LLP
5550 Glades Road, Suite 500                          400 N. Ashley Drive, Suite 2300
Boca Raton, FL 33431                                       Tampa, Florida 33602

Clerk of the Court
United States District Court
Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, FL 33602

## 15.  Do I have a lawyer in this case?

The Court appointed the law firm of Greenwald Davidson Radbil PLLC ("GDR"), of Boca Raton, Florida, to represent all class members, including you if you qualify as a member of the class as defined in this Notice. The firm is called "Class Counsel."  GDR is experienced in handling similar class action cases.  More information about GDR, its practice, and its lawyers' experience, is available at **www.gdrlawfirm.com.** If you qualify as a class member as defined in this Notice, you do not have to pay GDR for representing you.  GDR will seek an award of attorneys' fees if the Class Representative is successful in this lawsuit.

## 16.  Should I get my own lawyer?

If you qualify as a class member as defined in this Notice, you do not need to hire your own lawyer because Class Counsel is working on your behalf.  But, if you want your own lawyer, you are free to hire one at your own expense.

**17. How will class counsel be paid?**

Class Counsel will ask the Court to approve the payment of their attorneys' fees, costs, and expenses up to $270,000. The fees will pay Class Counsel for investigating the facts, litigating the case, negotiating the settlement, and obtaining approval of the settlement. The Court may award less than the amount sought by Class Counsel. Any attorneys' fees and costs awarded to Class Counsel will be paid separate and apart from the Fund and thus will not diminish the Fund or Class Members' payments from the Fund.

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at _____ on [**date**], at the United States District Court for the United States District Court Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel.

You do not need to attend the final approval hearing. Class Counsel will appear on behalf of the Class. But, you are welcome to come, or have your own lawyer appear at your own expense.

**19. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 14 above. To speak at the Final Approval Hearing, you must also send a letter saying that it is your "Notice of Intention to Appear in Dickens v. GC Services Limited Partnership." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than_[**date**], 2019 and must be sent to all addresses in Question 14. You cannot speak at the hearing if you excluded yourself from the settlement.

**20. Is this the entire settlement?**

No. This notice is only a summary of the proposed settlement. More details are in the settlement agreement, which is available at _____.

All pleadings and documents filed with the Court may be reviewed or copied in the Clerk of Court, United States District Court for the Middle District of Florida.

DO NOT CALL OR WRITE THE COURT FOR INFORMATION OR ADVICE

DATED: [**date**], 2019                     BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA

**Exhibit 3**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ─────────────────────────── x | |
| : | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| TERRI E. DICKENS, on behalf of the estate of : | |
| Ronnie E. Dickens and others similarly : | |
| situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | |
| GC SERVICES LIMITED PARTNERSHIP, : | |
| : | |
| Defendant. : | |
| ─────────────────────────── x | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, this Court has been advised that the parties to this action, Terri E. Dickens ("Plaintiff" or "Class Representative"), and GC Services Limited Partnership ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, **2019**, after Notice to the Class Members, to confirm that the

1

proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through the Settlement Administrator defined below, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

The Court previously certified this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. ECF No. 96. The Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Defendant has identified a total of 9,992 potential Class Members.

The Court also previously appointed Terri E. Dickens as the Class Representative and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *Id.*

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class

Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members. The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the written notices of the class action settlement, attached to the Agreement as Exhibits 1 and 2. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice."). The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than**

_____, **2019**.  The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than** _____, **2019**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member.  Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Settlement Class Member and will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than** _____, **2019**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Ryan K. Hilton, Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602.

To be effective, a notice of intent to object to the Settlement must:

(a)     Contain a heading which includes the name of the case and case number;

(b)     Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

4

(c)     Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d)     Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e)     Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(f)     Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Western District of Kentucky;

(g)     Contain a statement of the specific basis for each objection;

(h)     Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

(i)     State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Settlement Class Member. Each Settlement Class Member will receive $10.00 from the Settlement Fund.

The Court will conduct a hearing ("Final Approval Hearing") on

_____, **2019** at the United States District Court for the Middle District of

Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602,

to review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action treatment

for settlement purposes under Rule 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and

in the best interest of the Class Members and should be approved by the Court;

C.    Whether a Final Order and Judgment, as provided under the Agreement, should be

entered, dismissing the Lawsuit with prejudice and releasing the Released Claims

against the Released Parties; and

D.    To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class

Members need not appear at the hearing or take any other action to indicate their approval of the

proposed class action settlement. Class Members wishing to be heard are, however, required to

appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned,

transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement must be filed with the Court no later than

30 days before the Final Approval Hearing *i.e.*, **no later than** _____, **2019**.

Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final

Approval Hearing, *i.e.*, **no later than** _____, **2019**. Reply memoranda in

support of the foregoing must be filed with the Court no later than 7 days before the Final Approval

6

Hearing, *i.e.*, **no later than _____, 2019**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days before the deadline for Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than _____, 2019**. Opposition briefs to any of the foregoing must be filed no later than 21 days thereafter, *i.e.*, **no later than _____, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days after the filing of any opposition brief.

The Agreement and this Order will be null and void if either of the Parties terminates the Agreement for any of the following reasons:

A.   Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B.   The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

C.   The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and

effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| | Preliminary Approval Order Entered |
| | Notice Sent (21 days after entry of Preliminary Approval Order) |
| | Attorneys' Fees Petition Filed (21 days before Exclusion and Objection Deadline) |
| | Deadline to Send Exclusion or File Objection (75 days after entry of Preliminary Approval Order) |
| | Motion for Final Approval Filed (30 days before final approval hearing) |
| | Opposition to Motion for Final Approval Due (14 days before final approval hearing) |
| | Reply in support of Motion for Final Approval (7 days before final approval hearing) |
| | Final Approval Hearing Held |

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT COURT JUDGE

8

# Exhibit 4

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

---

|  |  |  |
|---|---|---|
|  | : | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| TERRI E. DICKENS, on behalf of the estate of Ronnie E. Dickens and others similarly situated, | : | |
|  | : | |
|  | : | |
| Plaintiff, | : | |
|  | : | |
| v. | : | |
|  | : | |
|  | : | |
| GC SERVICES LIMITED PARTNERSHIP, | : | |
|  | : | |
| Defendant. | : | |

---

## FINAL ORDER AND JUDGMENT

On April 4, 2016, Ronnie E. Dickens ("Plaintiff" or "Class Representative")[1] filed a class action complaint (hereinafter referred to as the "Lawsuit") against GC Services Limited Partnership ("Defendant") in the United States District Court, Middle District of Florida, Case No. 8:16-cv-00803-JSM-TGW, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

Defendant has denied any and all liability alleged in the Lawsuit.

On _____, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On _____ the Parties filed the Agreement, along with Plaintiff's Unopposed Motion

---

[1] Mr. Dickens's widow later substituted into this case on behalf of Mr. Dickens's estate. ECF No. 60.

for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant, through the Settlement Administrator defined below, served written notice of the proposed class settlement as directed.

On _____, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the Final Approval Hearing.

On _____, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On _____, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**<u>CLASS MEMBERS</u>** – The Court previously certified this case as a class action pursuant

2

to Rule 23(b)(3) of the Federal Rules of Civil Procedure. ECF No. 36. The Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Defendant has identified a total of 9,992 potential Class Members.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Terri E. Dickens as the Class Representatives and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *See* ECF No. 96; *see also Johnson v. NPAS Solutions, LLC*, No.: 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. May 8, 2018); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

A.   The Class Members are so numerous and geographically dispersed that joinder of all of them in the Lawsuit is impracticable;

B.     There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.     The claims of the Plaintiff are typical of the claims of the Class Members;

D.     The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.     Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

1.     Settlement Fund – Defendant will establish a $99,920 settlement fund (the "Settlement Fund").

2.     Settlement Payment to Class Members – Each Class Member who has not excluded himself or herself from the Class with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement will receive a pro rata share of the Settlement Fund. Each settlement check will be void ninety days after mailing. To the extent that

4

any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be these funds will be distributed first to Defendant up to the amount of the Settlement Administration Costs with the remainder to Legal Aid Society of Louisville as the *cy pres* recipient.

3.      <u>Class Representative Settlement Amount</u> – Class Representative, on behalf of the estate of Ronnie Dickens, will each receive from Defendant the sum of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and Class Representative individually will receive $1,500.00 as an incentive award for her work on behalf of the Class Members ("Class Representative Settlement Amount"). These payments will be separate and apart from the Settlement Fund and their pro-rata share of the same.

4.      <u>Attorneys' Fees Expenses, and Costs of Class Counsel</u>:  Subject to this Court's approval, Defendant will pay Class Counsel the total sum of $270,000.00 for its reasonable attorneys' fees, costs and expenses ("Attorneys' Fees"), separate and apart from the Settlement Fund, the Class Representative Settlement Amount, and any Settlement Administration Costs; and

5.      <u>Settlement Notice and Administration</u>:  Separate from the Settlement Fund, the Class Representative Settlement Amount, and the Attorneys' Fees, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs"), which will be completed by First Class, Inc.

**<u>OBJECTIONS AND EXCLUSIONS</u>** – The Class Members were given an opportunity to object to the settlement.  ___ Class Members objected to the settlement.  ___ Class Members excluded themselves from the settlement.  This Order is binding on all Class Members who did not exclude themselves from the settlement.

**<u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>** – Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting,

intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is hereby dismissed with prejudice in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

———————————————————— x
                                 :

TERRI E. DICKENS, on behalf of the estate of :
Ronnie E. Dickens and others similarly     :
situated,                                  :

                Plaintiff,           :

           v.                        :

                                    :

GC SERVICES LIMITED PARTNERSHIP,   :

             Defendant.       :
———————————————————— x

**Civil Action No.: 8:16-cv-00803-JSM-TGW**

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, this Court has been advised that the parties to this action, Terri E. Dickens ("Plaintiff" or "Class Representative"), and GC Services Limited Partnership ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on

_____, **2019**, after Notice to the Class Members, to confirm that the

1

proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through the Settlement Administrator defined below, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any Class Member resides.

The Court previously certified this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. ECF No. 96. The Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Defendant has identified a total of 9,992 potential Class Members.

The Court also previously appointed Terri E. Dickens as the Class Representative and James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *Id.*

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class

Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members. The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the written notices of the class action settlement, attached to the Agreement as Exhibits 1 and 2. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice."). The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than**

_____, 2019.  The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than** _____, 2019. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member.  Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Settlement Class Member and will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than** _____, 2019. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Ryan K. Hilton, Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602.

To be effective, a notice of intent to object to the Settlement must:

(a)     Contain a heading which includes the name of the case and case number;

(b)     Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

4

(c)     Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d)     Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e)     Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(f)     Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Western District of Kentucky;

(g)     Contain a statement of the specific basis for each objection;

(h)     Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

(i)     State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Settlement Class Member. Each Settlement Class Member will receive $10.00 from the Settlement Fund.

The Court will conduct a hearing ("Final Approval Hearing") on _____, **2019** at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, to review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.    Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.    To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement must be filed with the Court no later than 30 days before the Final Approval Hearing *i.e.*, **no later than** _____**, 2019**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Approval Hearing, *i.e.*, **no later than** _____**, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Approval

Hearing, *i.e.*, **no later than _____, 2019**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days before the deadline for Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than _____, 2019**. Opposition briefs to any of the foregoing must be filed no later than 21 days thereafter, *i.e.*, **no later than _____, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days after the filing of any opposition brief.

The Agreement and this Order will be null and void if either of the Parties terminates the Agreement for any of the following reasons:

A.    Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B.    The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

C.    The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and

effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| Date | Event |
| --- | --- |
| | Preliminary Approval Order Entered |
| | Notice Sent (21 days after entry of Preliminary Approval Order) |
| | Attorneys' Fees Petition Filed (21 days before Exclusion and Objection Deadline) |
| | Deadline to Send Exclusion or File Objection (75 days after entry of Preliminary Approval Order) |
| | Motion for Final Approval Filed (30 days before final approval hearing) |
| | Opposition to Motion for Final Approval Due (14 days before final approval hearing) |
| | Reply in support of Motion for Final Approval (7 days before final approval hearing) |
| | Final Approval Hearing Held |

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT COURT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| ———————————————— x | |
| : | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| TERRI E. DICKENS, on behalf of the estate of : | |
| Ronnie E. Dickens and others similarly : | |
| situated, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| : | |
| GC SERVICES LIMITED PARTNERSHIP, : | |
| : | |
| Defendant. : | |
| ———————————————— x | |

## NOTICE OF FILING OF CORRECTED PROPOSED
## ORDER PRELIMINARILY APPROVING SETTLEMENT

On January 14, 2019, Terri E. Dickens ("Plaintiff") filed her unopposed motion for preliminary approval of class action settlement. ECF No. 111. The version of the proposed order preliminarily approving settlement that Plaintiff attached to her motion contained a scrivener's error. ECF No. 111-2 at 5. Attached hereto is a corrected version of the proposed order preliminarily approving settlement.

Dated: January 16, 2019

Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson
Jesse S. Johnson
Greenwald Davidson Radbil PLLC

1

5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2019, I electronically filed the foregoing with the Clerk of the Middle District of Florida using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ James L. Davidson*
James L. Davidson

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

---

|  |  |
|---|---|
| x |  |
| : | **Civil Action No.: 8:16-cv-00803-JSM-TGW** |
| TERRI E. DICKENS, on behalf of the estate of : |  |
| Ronnie E. Dickens and others similarly : |  |
| situated, : |  |
| : |  |
| Plaintiff, : |  |
| : |  |
| v. : |  |
| : |  |
| : |  |
| GC SERVICES LIMITED PARTNERSHIP, : |  |
| : |  |
| Defendant. : |  |
| x |  |

---

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, this Court has been advised that the parties to this action, Terri E. Dickens ("Plaintiff" or "Class Representative"), and GC Services Limited Partnership ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to this Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on _____, **2019**, after Notice to the Class Members, to confirm that the

1

proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and

Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling

parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453,

and 1711-1715, Defendant, through the Settlement Administrator defined below, will cause to be

served written notice of the proposed class settlement on the United States Attorney General and

the Attorneys General of each state in which any Class Member resides.

The Court previously certified this case as a class action pursuant to Rule 23(b)(3) of the

Federal Rules of Civil Procedure. ECF No. 96. The Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited
> Partnership mailed an initial communication that stated: (a) "if you do dispute all
> or any portion of this debt within 30 days of receiving this letter, we will obtain
> verification of the debt from our client and send it to you," and/or (b) "if within 30
> days of receiving this letter you request the name and address of the original
> creditor, we will provide it to you in the event it differs from our client, Synchrony
> Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the
> collection of a consumer debt, (5) that was not returned as undeliverable to GC
> Services Limited Partnership.

Defendant has identified a total of 9,992 potential Class Members.

The Court also previously appointed Terri E. Dickens as the Class Representative and

James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *Id.*

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and

conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate,

and in the best interest of the Class Members, especially in light of the benefits to the Class

2

Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members. The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the written notices of the class action settlement, attached to the Agreement as Exhibits 1 and 2. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 479 (D. Md. 2014) ("Under the circumstances of this case, when all class members are known in advance, the Court finds that the method of direct mail notice to each class member's last known address—and a second notice if the first was returned as undeliverable—was the best practicable notice."). The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than**

_____, 2019. The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days after the Court's entry of this order, *i.e.*, **no later than** _____, 2019. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Settlement Class Member and will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than** _____, 2019. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Ryan K. Hilton, Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602.

To be effective, a notice of intent to object to the Settlement must:

    (a)    Contain a heading which includes the name of the case and case number;

    (b)    Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c)     Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d)     Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e)     Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(f)     Contain the name, address, bar number, and telephone number of the objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of Florida;

(g)     Contain a statement of the specific basis for each objection;

(h)     Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

(i)     State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Settlement Class Member. Each Settlement Class Member will receive $10.00 from the Settlement Fund.

The Court will conduct a hearing ("Final Approval Hearing") on _____, **2019** at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, to review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C.    Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.    To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement must be filed with the Court no later than 30 days before the Final Approval Hearing *i.e.*, **no later than** _____, **2019**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Approval Hearing, *i.e.*, **no later than** _____, **2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Approval

Hearing, *i.e.*, **no later than** _____, 2019.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days before the deadline for Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than** _____, 2019. Opposition briefs to any of the foregoing must be filed no later than 21 days thereafter, *i.e.*, **no later than** _____, 2019. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days after the filing of any opposition brief.

The Agreement and this Order will be null and void if either of the Parties terminates the Agreement for any of the following reasons:

A.   Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B.   The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

C.   The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and

effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| | Preliminary Approval Order Entered |
| | Notice Sent (21 days after entry of Preliminary Approval Order) |
| | Attorneys' Fees Petition Filed (21 days before Exclusion and Objection Deadline) |
| | Deadline to Send Exclusion or File Objection (75 days after entry of Preliminary Approval Order) |
| | Motion for Final Approval Filed (30 days before final approval hearing) |
| | Opposition to Motion for Final Approval Due (14 days before final approval hearing) |
| | Reply in support of Motion for Final Approval (7 days before final approval hearing) |
| | Final Approval Hearing Held |

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Case No.: 8:16-cv-00803-JSM-TGW

TERRI E. DICKENS, on behalf of the estate of
Ronnie E. Dickens and others similarly
situated,

        Plaintiff,

v.

GC SERVICES LIMITED PARTNERSHIP,

        Defendant.

_____

## ORDER PRELIMINARILY APPROVING SETTLEMENT

THIS CAUSE comes before the Court upon Terri E. Dickens' ("Plaintiff" or "Class Representative") Motion for Preliminary Approval of Class Action Settlement. (Dkt. 111). Plaintiff and GC Services Limited Partnership ("Defendant"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

The Court, having reviewed the Motion and Agreement, and being otherwise advised in the premises, concludes that Plaintiff's Motion should be granted. Upon preliminary examination, the Court concludes that the proposed settlement appears fair, reasonable, and adequate, and that

1

a hearing shall be held on **THURSDAY, MAY 23, 2019, at 1:00 P.M. (EST)**, after Notice to

the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate,

and to determine whether a Final Order and Judgment should be entered in this Lawsuit.

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling

parties hereto.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453,

and 1711-1715, Defendant, through the Settlement Administrator defined below, will cause to be

served written notice of the proposed class settlement on the United States Attorney General and

the Attorneys General of each state in which any Class Member resides.

The Court previously certified this case as a class action pursuant to Rule 23(b)(3) of the

Federal Rules of Civil Procedure. Dkt. 96. The Class is defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited
> Partnership mailed an initial communication that stated: (a) "if you do dispute all
> or any portion of this debt within 30 days of receiving this letter, we will obtain
> verification of the debt from our client and send it to you," and/or (b) "if within 30
> days of receiving this letter you request the name and address of the original
> creditor, we will provide it to you in the event it differs from our client, Synchrony
> Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the
> collection of a consumer debt, (5) that was not returned as undeliverable to GC
> Services Limited Partnership.

Defendant has identified a total of 9,992 potential Class Members.

The Court also previously appointed Terri E. Dickens as the Class Representative and

James L. Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *Id.*

The Court preliminarily finds that the settlement of the Lawsuit, on the terms and

conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate,

and in the best interest of the Class Members, especially in light of the benefits to the Class

2

Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the amount of discovery engaged in by the parties; the risk and delay inherent in possible appeals; and, the opinions of Class Counsel. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

A third-party settlement administrator acceptable to the parties will administer the settlement and notification to Class Members. The Settlement Administrator will be responsible for mailing the approved class action notice and settlement checks to the Class Members. All reasonable costs of notice and administration will be paid by Defendant separate and apart from the Settlement Fund. Upon the recommendation of the parties, the Court appoints the following administrator: First Class, Inc.

The Court approves the form and substance of the written notices of the class action settlement, attached to the Agreement as Exhibits 1 and 2. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices are clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the Settlement Administrator will mail the notice to the Class Members as expeditiously as possible, but in no event later than 21 days after the Court's entry of this order, *i.e.*, **no later than February 13, 2019**. The Settlement Administrator will confirm, and if necessary, update the addresses for the Class Members through standard methodology that the Settlement Administrator currently uses to update addresses.

Any Class Member who desires to be excluded from the Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than 75 days after the

3

Court's entry of this order, *i.e.*, **no later than April 8, 2019**. To be effective, the written request for exclusion must state the Class Member's full name, address, telephone number, and email address (if available), along with a statement that the Class Member wishes to be excluded, and must be signed by the Class Member. Any Class Member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any Class Member who fails to submit a valid and timely request for exclusion will be considered a Settlement Class Member and will be bound by the terms of the Agreement.

Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court within 75 days after the Court's entry of this order, *i.e.*, **no later than April 8, 2019**. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, attention: James L. Davidson, Greenwald Davidson Radbil PLLC, 5550 Glades Road, Suite 500, Boca Raton, FL 33431; and Counsel for Defendant, Ryan K. Hilton, Butler Weihmuller Katz Craig LLP, 400 N. Ashley Drive, Suite 2300, Tampa, FL 33602.

To be effective, a notice of intent to object to the Settlement must:

(a)　　Contain a heading which includes the name of the case and case number;

(b)　　Provide the name, address, telephone number, and email address (if available) of the Class Member filing the objection;

(c)　　Be filed with the Clerk of the Court no later than 75 days after the Court preliminarily approves the settlement;

(d)　　Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Class Member;

(e)　　Be sent to Class Counsel and counsel for Defendant at the addresses above by first-class mail, postmarked no later than 75 days after the Court preliminarily approves the settlement;

(f)　　Contain the name, address, bar number, and telephone number of the

4

objecting Class Member's counsel, if represented by an attorney. If the Class Member is represented by an attorney, he/she must comply with all applicable laws and rules for filing pleadings and documents in the U.S. District Court for the Middle District of Florida;

(g)    Contain a statement of the specific basis for each objection;

(h)    Identify any documents which such objector desires the Court to consider, including all legal authorities the objector will present at the settlement approval hearing; and

(i)    State whether the objector intends to appear at the settlement approval hearing on his or her own behalf or through counsel.

Any Class Member who has timely filed an objection may appear at the settlement approval hearing, in person or by counsel, to be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion.

If the Court grants final approval of the settlement, the Settlement Administrator will mail a settlement check to each Settlement Class Member. Each Settlement Class Member will receive $10.00 from the Settlement Fund.

**United States District Court Judge Mary S. Scriven** will conduct the hearing ("Final Approval Hearing") on **THURSDAY, MAY 23, 2019 at 1:00 P.M. (EST)** at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 7A, to review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and

5

in the best interest of the Class Members and should be approved by the Court;

C.      Whether a Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.      To discuss and review other issues as the Court deems appropriate.

Attendance by Class Members at the Final Approval Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

Memoranda in support of the proposed settlement must be filed with the Court no later than 30 days before the Final Approval Hearing *i.e.*, **no later than April 23, 2019**. Opposition briefs to any of the foregoing must be filed no later than 14 days before the Final Approval Hearing, *i.e.*, **no later than May 8, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days before the Final Approval Hearing, *i.e.*, **no later than May 16, 2019**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by Class Counsel, must be filed with the Court no later than 21 days before the deadline for Class Members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than March 19, 2019**. Opposition briefs to any of the foregoing must be filed no later than 21 days thereafter, *i.e.*, **no later than April 9, 2019**. Reply memoranda in support of the foregoing must be filed with the Court no later than 7 days after the filing of any opposition brief.

The Agreement and this Order will be null and void if either of the Parties terminates the

6

Agreement for any of the following reasons:

A.    Any specified material condition to the settlement set forth in the Agreement is not satisfied, and the satisfaction of such condition is not waived in writing by the Parties;

B.    The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

C.    The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

The events described above, however, provide grounds for terminating the Agreement only after the Parties have attempted and completed good faith negotiations to salvage the settlement but were unable to salvage the settlement.

If the Agreement and/or this Order are voided, then the Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of January, 2019.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

7