UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TERRI E. DICKENS, on behalf of the estate of Ronnie E. Dickens and others similarly situated,**

v.   Case No: 8:16-cv-803-T-30TGW

**GC SERVICES LIMITED PARTNERSHIP,**

    Defendant.

## FINAL ORDER AND JUDGMENT

On April 4, 2016, Ronnie E. Dickens ("Plaintiff" or "Class Representative")[1] filed a class action complaint (hereinafter referred to as the "Lawsuit") against GC Services Limited Partnership ("Defendant") in the United States District Court, Middle District of Florida, Case No. 8:16-cv- 00803-JSM-TGW, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant has denied any and all liability alleged in the Lawsuit.

On January 14, 2019, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On January 14, 2019, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D),

---

[1] Mr. Dickens's widow later substituted into this case on behalf of Mr. Dickens's estate. (Dkt. 60)

1453, and 1711-1715, Defendant, through the Settlement Administrator defined below, served written notice of the proposed class settlement as directed.

On January 24, 2019, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the Final Approval Hearing.

On April 22, 2019, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion").

On May 23, 2019, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**CLASS MEMBERS** – The Court previously certified this case as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. (Dkt. 96) The Class is

defined as:

> (1) All persons with a Florida address, (2) to whom GC Services Limited Partnership mailed an initial communication that stated: (a) "if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you," and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank, "(3) between April 4, 2015 and April 4, 2016, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership.

Defendant has identified a total of 9,379 potential Class Members.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** –Pursuant to Fed. R. Civ. P. 23, the Court certifies Terri E. Dickens as the Class Representatives and James Davidson of Greenwald Davidson Radbil PLLC as Class Counsel. *See* ECF No. 96; *see also Johnson v. NPAS Solutions, LLC*, No.: 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. May 8, 2018); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

    A.    The Class Members are so numerous and geographically dispersed that joinder of all of them in the Lawsuit is impracticable;

    B.    There are questions of law and fact common to the Class Members, which predominate over any individual questions;

    C.    The claims of the Plaintiff are typical of the claims of the Class Members;

    D.    The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

    1.    <u>Settlement Fund</u> – Defendant will establish a $99,920 settlement fund

(the "Settlement Fund").

2. <u>Settlement Payment to Class Members</u> – Each Class Member who has not excluded himself or herself from the Class with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement will receive a settlement check for $10. Each settlement check will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be distributed first to Defendant up to the amount of the Settlement Administration Costs, in an amount not to exceed $30,000, with the remainder, if any, to Bay Area Legal Services Inc.—as the *cy pres* recipient.

3. <u>Class Representative Settlement Amount</u> – Class Representative, on behalf of the estate of Ronnie Dickens, will each receive from Defendant the sum of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and Class Representative individually will receive $1,500.00 as an incentive award for her work on behalf of the Class Members ("Class Representative Settlement Amount"). These payments will be separate and apart from the Settlement Fund and their pro-rata share of the same.

4. <u>Settlement Notice and Administration</u>: Separate from the Settlement Fund, the Class Representative Settlement Amount, and the attorneys' fees, costs and expenses previously awarded, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs"), which will be completed by First Class, Inc.

**OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the

settlement. No Class Members excluded themselves from the settlement. This Order is binding on all Class Members.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Lawsuit is hereby dismissed with prejudice in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of May, 2019.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person